David S. Musgrave (Bar No. 382428)
Gordon Feinblatt LLC
1001 Fleet Street, Suite 700
Baltimore, Maryland 21202
Phone No. (410) 576-4194
Email: dmusgrave@gfrlaw.com
*Attorneys for The State of Maryland*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | * | |
| ENOVATIONAL CORP., | * | Case No. 22-00055-ELG |
| Debtor. | * | (Chapter 11) |
| _____ / | * | |
| ENOVATIONAL CORP., | * | Adversary Proceeding: 22-10014-ELG |
| Plaintiff, | * | |
| V. | * | |
| THE STATE OF MARYLAND, | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ANSWER TO COMPLAINT

THE STATE OF MARYLAND ("Maryland") answers the Complaint filed by ENOVATIONAL CORP. ("Enovational") as follows:

### Background

1. With respect to the allegations of paragraph 1, Maryland admits that it engaged Enovational to perform certain work for Maryland with respect to contact tracing and vaccine registration, and either denies or is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1.

2. Maryland denies the allegations of paragraph 2.

3. With respect to the allegations of paragraph 3, Maryland admits it asked Enovational to develop, implement, and assist in the roll out of a vaccine registration system and either denies or is without knowledge of information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3.

4. With respect to the allegations of paragraph 4, Maryland admits that Enovational devoted time and effort to the project, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 4.

5. Maryland denies the allegations of paragraph 5.

6. Maryland denies the allegations of paragraph 6.

7. Maryland denies the allegations of paragraph 7.

8. Maryland denies the allegations of paragraph 8.

## Parties

9. Maryland admits the allegations of paragraph 9.

10. Maryland admits the allegations of paragraph 10.

## Jurisdiction and Venue

11. Maryland admits the allegations of paragraph 11.

12. Maryland admits the allegations of paragraph 12.

13. Maryland admits the allegations of paragraph 13.

## General Allegations: Relationship Between the Parties

14. Maryland is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14.

10291121.4 59387/148679 8/17/23

15. With respect to the allegations of paragraph 15, Maryland admits that Enovational indirectly, as a subcontractor, provided services to Maryland and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15.

16. With respect to the allegations of paragraph 16, Maryland admits that in June 2017, Enovational began working as a subcontractor on a Maryland project, and that Maryland subsequently engaged Enovational on an emergency contract, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 16.

17. Maryland denies the allegations of paragraph 17.

18. With respect to the allegations of paragraph 18, Maryland admits that in 2017, Maryland asked Enovational to create and internally market a web interface that could assist users in locating licenses, permits and registrations in a singular location, which would ultimately become known as "OneStop," and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 18.

19. Maryland admits the allegations of paragraph 19.

20. With respect to the allegations of paragraph 20, Maryland admits that it entered into the "CATS + Contract" with Enovational and denies the remaining allegations of paragraph 20.

21. With respect to the allegations of paragraph 21, Maryland admits that Enovational received a task order under the CATS+ Contract and denies the remaining allegations of paragraph 21.

22. Maryland is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22.

23. Maryland denies the allegations of paragraph 23.

24. Maryland denies the allegations of paragraph 24.

10291121.4 59387/148679 8/17/23

25. Maryland denies the allegations of paragraph 25.

26. With respect to the allegations of paragraph 26, Maryland admits that it delivered a work order to Enovational after closing on an asset sale, and denies the remaining allegations of paragraph 26.

### General Allegations: Maryland's Wasteful Ineptitude

27. Maryland denies the allegations of paragraph 27.

28. Maryland denies the allegations of paragraph 28.

29. Maryland denies the allegations of paragraph 29.

30. Maryland denies the allegations of paragraph 30.

31. Maryland denies the allegations of paragraph 31.

32. Maryland denies the allegations of paragraph 32.

33. Maryland denies the allegations of paragraph 33.

34. Maryland denies the allegations of paragraph 34.

### General Allegations: Vaccine Registration

35. Maryland admits the allegations of paragraph 35.

36. Maryland admits the allegations of paragraph 36.

37. With respect to the allegations of paragraph 37, Maryland admits that it created a vaccine registration system and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 37.

38. With respect to the allegations of paragraph 38, Maryland admits that it engaged Enovational to create a vaccine registration system and denies each and every other allegation of paragraph 38.

10291121.4 59387/148679 8/17/23

39. With respect to the allegations of paragraph 39, Maryland admits that it engaged Enovational for COVID-centric work and denies the remaining allegations of paragraph 39.

40. With respect to the allegations of paragraph 40, Maryland admits that the vaccine registration system was known as "GoVax" and that Enovational built the registration system, tested the system, worked with Maryland to roll out the product and had personnel on-site, and denies the remaining allegations of paragraph 40.

41. With respect to the allegations of paragraph 41, Maryland admits that it asked Enovational to build a vaccine registration system and either denies or is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 41.

42. With respect to the allegations of paragraph 42, Maryland admits that Enovational provided standby support and used system architects and quality assurance specialists, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 42.

43. Maryland admits the allegations of paragraph 43.

44. With respect to the allegations of paragraph 44, Maryland admits that it has not paid invoice no. 567, and denies the remaining allegations of paragraph 44.

45. Maryland denies or is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45.

46. With respect to the allegations of paragraph 46, Maryland admits that Enovational issued Invoice no. 567 and that Maryland has not paid Invoice no. 567, and denies the remaining allegations of paragraph 46.

Document     Page 6 of 19

## General Allegations: Work Order 22

47. Maryland admits the allegations of paragraph 47.

48. Maryland admits the allegations of paragraph 48.

49. Maryland denies the allegations of paragraph 49.

50. Maryland denies the allegations of paragraph 50.

51. With respect to the allegations of paragraph 51, Maryland admits that it directed Enovational to suspend work on the project and denies or is without sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 51.

52. Maryland denies the allegations of paragraph 52.

53. Maryland admits the allegations of paragraph 53.

54. Maryland admits the allegations of paragraph 54.

55. With respect to the allegations of paragraph 55, Maryland admits that it has not paid invoice nos. 570 and 602, and denies each and every other allegation of paragraph 55.

56. Maryland denies the allegations of paragraph 56.

## General Allegations: Work Order 7

57. With respect to the allegations of paragraph 57, Maryland admits that Maryland issued Work Order 7 and denies the remaining allegations of paragraph 57.

58. Maryland admits the allegations of paragraph 58.

59. With respect to the allegations of paragraph 59, Maryland admits that Enovational submitted invoice no. 571 and denies each and every other allegation of paragraph 59.

60. With respect to the allegations of paragraph 60, Maryland admits that it has not paid invoice no. 571, and denies each and every other allegation of paragraph 60.

**General Allegations: Work Order 17**

61.   With respect to the allegations of paragraph 61, Maryland admits that Maryland issued Work Order 17 and denies the remaining allegations of paragraph 61.

62.   With respect to the allegations of paragraph 62, Maryland admits that Maryland issued Work Order 17 in the amount of $621,000.00 and denies the remaining allegations of paragraph 62.

63.   Maryland denies the allegations of paragraph 63.

64.   With respect to the allegations of paragraph 64, Maryland admits that it cancelled the project and denies the remaining allegations of paragraph 64.

65.   With respect to the allegations of paragraph 65, Maryland admits that Enovational issued invoice nos. 587, 588, and 589, and denies each and every other allegation of paragraph 65.

66.   With respect to the allegations of paragraph 66, Maryland admits that Maryland has refused to pay invoice nos. 587, 588 and 589 and denies the remaining allegations of paragraph 66.

**General Allegations: Efforts beyond Scope of Work Order 3**

67.   With respect to the allegations of paragraph 67, Maryland admits that on April 22, 2020, it issued Work Order 3, and denies or is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 67.

68.   Maryland denies the allegations of paragraph 68.

69.   Maryland is without knowledge or information sufficient to form a belief as to the truth of allegations of paragraph 69.

70.   Maryland denies the allegations of paragraph 70.

10291121.4 59387/148679 8/17/23

71. With respect to the allegations of paragraph 71, Maryland admits that Enovational issued invoice nos. 569 and 617, and denies the remaining allegations of paragraph 71.

72. With respect to the allegations of paragraph 72, Maryland admits that Maryland has refused to pay invoice nos. 569 and 617 and denies the remaining allegations of paragraph 72.

**General Allegations: Office of Food Protection**

73. Maryland admits the allegations of paragraph 73.

74. Maryland denies the allegations of paragraph 74.

75. Maryland denies the allegations of paragraph 75.

76. Maryland denies the allegations of paragraph 76.

77. Maryland denies the allegations of paragraph 77.

78. With respect to the allegations of paragraph 78, Maryland admits that Enovational sent invoice no. 578 to Maryland and denies the remaining allegations of paragraph 78.

79. With respect to the allegations of paragraph 79, Maryland admits that it has refused to pay the balance of invoice no. 578, and denies each and every other allegation of paragraph 79.

80. Maryland denies the allegations of paragraph 80.

**General Allegations: Work Order 1**

81. With respect to the allegations of paragraph 81, Maryland admits that in January, 2021, it issued Work Order 1, and denies the remaining allegations of paragraph 81.

82. Maryland denies or is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82.

83. Maryland denies the allegations of paragraph 83.

84. With respect to the allegations of paragraph 84, Maryland admits that work terminated under Work Order 1 and denies the remaining allegations of paragraph 84.

10291121.4 59387/148679 8/17/23

85. With respect to the allegations of paragraph 85, Maryland admits that Enovational issued invoice no. 576 and denies the remaining allegations of paragraph 85.

86. With respect to the allegations of paragraph 86, Maryland admits that Maryland has refused to pay invoice no. 576 and denies the remaining allegations of paragraph 86.

### General Allegations: Work Order 18

87. With respect to the allegations of paragraph 87, Maryland admits that it issued Work Order 18, and denies the remaining allegations of paragraph 87.

88. Maryland admits the allegations of paragraph 88.

89. Maryland denies the allegations of paragraph 89.

90. With respect to the allegations of paragraph 90, Maryland admits that Enovational sent invoice no. 591 to Maryland on July 21, 2022, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 90.

91. With respect to the allegations of paragraph 91, Maryland admits that it has not paid invoice no. 591 and denies the remaining allegations of paragraph 91.

92. Maryland denies the allegations of paragraph 92.

### General Allegations: September 2022 Invoices

93. Maryland admits the allegations of paragraph 93.

94. Maryland denies the allegations of paragraph 94.

95. Maryland admits the allegations of paragraph 95.

96. With respect to the allegations of paragraph 96, Maryland admits that Enovational issued invoice no. 601 and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 96.

97. With respect to the allegations of paragraph 97, Maryland admits that it issued a work order for the work related to invoice no. 601, after closing on an asset sale, and denies the remaining allegations of paragraph 97.

98. With respect to the allegations of paragraph 98, Maryland admits that Enovational issued invoice nos. 602 and 609, and denies the remaining allegations of paragraph 98.

99. With respect to the allegations of paragraph 99, Maryland admits that Enovational issued invoice nos. 603 and 604, and denies the remaining allegations of paragraph 99.

100. With respect to the allegations of paragraph 100, Maryland admits that Enovational issued invoice nos. 605, 610, 611 and 615, and denies the remaining allegations of paragraph 100.

101. With respect to the allegations of paragraph 101, Maryland admits that Enovational issued invoice no. 606, and denies the remaining allegations of paragraph 101.

102. With respect to the allegations of paragraph 102, Maryland admits that Enovational issued invoice nos. 607 and 616, and denies the remaining allegations of paragraph 102.

103. With respect to the allegations of paragraph 103, Maryland admits that Enovational issued invoice no. 608, and denies the remaining allegations of paragraph 103.

104. With respect to the allegations of paragraph 104, Maryland admits that Enovational issued invoice no. 613, and denies the remaining allegations of paragraph 104.

105. With respect to the allegations of paragraph 105, Maryland admits that Enovational issued invoice no. 614, and denies the remaining allegations of paragraph 105.

106. With respect to the allegations of paragraph 106, Maryland admits that Enovational issued invoice no. 617, and denies the remaining allegations of paragraph 106.

### Count I: Quantum Meruit (Vaccine Registration – Invoice 567)

107. The allegations of paragraph 107 require no response.

10291121.4 59387/148679 8/17/23

108. With respect to the allegations of paragraph 108, Maryland admits that Enovational performed the services described in paragraph 108 and denies the remaining allegations of paragraph 108.

109. Maryland admits the allegations of paragraph 109.

110. Maryland is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 110.

111. Maryland denies the allegations of paragraph 111.

112. Maryland denies the allegations of paragraph 112.

### Count II: Unjust Enrichment (Vaccine Registration – Invoice 567)

113. The allegations of paragraph 113 require no response.

114. The allegations of paragraph 114 require no response.

115. Maryland admits the allegations of paragraph 115.

116. Maryland admits the allegations of paragraph 116.

117. Maryland denies the allegations of paragraph 117.

### Count III: Breach of Contract (ELMo — Invoice 570)

118. The allegations of paragraph 118 require no response.

119. Maryland admits the allegations of paragraph 119.

120. With respect to the allegations of paragraph 120, Maryland admits that it directed Enovational to cease work and denies the remaining allegations of paragraph 120.

121. Maryland denies the allegations of paragraph 121.

122. Maryland denies the allegations of paragraph 122.

### Count IV: Quantum Meruit (ELMo — Invoice 570)

123. The allegations of paragraph 123 require no response.

10291121.4 59387/148679 8/17/23

124. The allegations of paragraph 124 require no response.

125. With respect to the allegations of paragraph 125, Maryland admits that Enovational performed the services described in paragraph 125 and denies the remaining allegations of paragraph 125.

126. With respect to the allegations of paragraph 126, Maryland admits that it requested performance from Enovational and denies the remaining allegations of paragraph 126.

127. Maryland is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 127.

128. Maryland denies the allegations of paragraph 128.

129. Maryland denies the allegations of paragraph 129.

### Count V: Breach of Contract (Work Order 7 — Invoice 571)

130. The allegations of paragraph 130 require no response.

131. With respect to the allegations of paragraph 131, Maryland admits that it entered into Work Order 7 and denies the remaining allegations of paragraph 131.

132. Maryland denies the allegations of paragraph 132.

133. Maryland denies the allegations of paragraph 133.

134. Maryland denies the allegations of paragraph 134.

### Count VI: Quantum Meruit (Work Order 7 — Invoice 571)

135. The allegations of paragraph 135 require no response.

136. The allegations of paragraph 136 require no response.

137. With respect to the allegations of paragraph 137, Maryland admits that Enovational performed the services described in paragraph 137 and denies the remaining allegations of paragraph 137.

10291121.4 59387/148679 8/17/23

138. With respect to the allegations of paragraph 138, Maryland admits that it requested performance from Enovational and denies the remaining allegations of paragraph 138.

139. Maryland is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 139.

140. Maryland denies the allegations of paragraph 140.

141. Maryland denies the allegations of paragraph 141.

### Count VII: Breach of Contract (Work Order 3 — Invoice 569)

142. The allegations of paragraph 142 require no response.

143. With respect to the allegations of paragraph 143, Maryland admits that it entered into Work Order 3 and denies the remaining allegations of paragraph 143.

144. Maryland denies the allegations of paragraph 144.

145. Maryland denies the allegations of paragraph 145.

146. Maryland denies the allegations of paragraph 146.

### Count VIII: Quantum Meruit (Work Order 3 — Invoice 569)

147. The allegations of paragraph 147 require no response.

148. The allegations of paragraph 148 require no response.

149. With respect to the allegations of paragraph 149, Maryland admits that Enovational performed the services described in paragraph 149 and denies the remaining allegations of paragraph 149.

150. With respect to the allegations of paragraph 150, Maryland admits that it requested performance from Enovational and denies the remaining allegations of paragraph 150.

151. Maryland is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 151.

152. Maryland denies the allegations of paragraph 152.

153. Maryland denies the allegations of paragraph 153.

### **Count IX: Quantum Meruit (Office of Food Protection — Invoice 578)**

154. The allegations of paragraph 154 require no response.

155. Maryland denies the allegations of paragraph 155.

156. With respect to the allegations of paragraph 156, Maryland admits that it requested performance from Enovational and denies the remaining allegations of paragraph 156.

157. Maryland denies the allegations of paragraph 157.

158. Maryland denies the allegations of paragraph 158.

159. Maryland denies the allegations of paragraph 159.

### **Count X: Unjust Enrichment (Office of Food Protection — Invoice 578)**

160. The allegations of paragraph 160 require no response.

161. The allegations of paragraph 161 require no response.

162. Maryland admits the allegations of paragraph 162.

163. Maryland denies the allegations of paragraph 163.

164. Maryland denies the allegations of paragraph 164.

### **Count XI: Breach of Contract (Work Order 1 — Invoice 576)**

165. The allegations of paragraph 165 require no response.

166. With respect to the allegations of paragraph 166, Maryland admits that it entered into Work Order 1 and denies the remaining allegations of paragraph 166.

167. Maryland admits the allegations of paragraph 167.

168. Maryland denies the allegations of paragraph 168.

169. Maryland denies the allegations of paragraph 169.

### Count XII: Quantum Meruit (Work Order 1 — Invoice 576)

170. The allegations of paragraph 170 require no response.

171. The allegations of paragraph 171 require no response.

172. With respect to the allegations of paragraph 172, Maryland admits that Enovational performed the services described in paragraph 172 and denies the remaining allegations of paragraph 172.

173. With respect to the allegations of paragraph 173, Maryland admits that it requested performance from Enovational and denies the remaining allegations of paragraph 173.

174. Maryland is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 174.

175. Maryland denies the allegations of paragraph 175.

176. Maryland denies the allegations of paragraph 176.

### Count XIII: Breach of Contract (Work Order 18 — Invoice 591)

177. The allegations of paragraph 177 require no response.

178. With respect to the allegations of paragraph 178, Maryland admits that it entered into Work Order 18, and denies the remaining allegations of paragraph 178.

179. Maryland admits the allegations of paragraph 179.

180. Maryland denies the allegations of paragraph 180.

181. Maryland denies the allegations of paragraph 181.

### Count XIV: Quantum Meruit (Work Order 18 — Invoice 591)

182. The allegations of paragraph 182 require no response.

183. The allegations of paragraph 183 require no response.

184. Maryland denies the allegations of paragraph 184.

15

185. With respect to the allegations of paragraph 185, Maryland admits that it requested performance from Enovational and denies the remaining allegations of paragraph 185.

186. Maryland denies the allegations of paragraph 186.

187. Maryland denies the allegations of paragraph 187.

188. Maryland denies the allegations of paragraph 188.

### Count XV: Breach of Contract (Invoices 600-611, 613-617)

189. The allegations of paragraph 189 require no response.

190. Maryland denies the allegations of paragraph 190.

191. Maryland denies the allegations of paragraph 191.

192. Maryland denies the allegations of paragraph 192.

### Count XVI: Quantum Meruit (Invoices 600-611, 613-617)

193. The allegations of paragraph 193 require no response.

194. The allegations of paragraph 194 require no response.

195. With respect to the allegations of paragraph 195, Maryland admits that Enovational performed the services described in paragraph 195 and denies the remaining allegations of paragraph 195.

196. With respect to the allegations of paragraph 196, Maryland admits that it requested performance from Enovational and denies the remaining allegations of paragraph 196.

197. Maryland is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 197.

198. Maryland denies the allegations of paragraph 198.

199. Maryland denies the allegations of paragraph 199.

### Count XVII: Unjust Enrichment (Invoices 600-611, 613-617)

200. The allegations of paragraph 200 require no response.

201. The allegations of paragraph 201 require no response.

202. With respect to the allegations of paragraph 202, Maryland admits that Enovational performed the services described in paragraph 202 and denies the remaining allegations of paragraph 202.

203. With respect to the allegations of paragraph 203, Maryland admits that it requested performance from Enovational and denies the remaining allegations of paragraph 203.

204. Maryland is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 204.

205. Maryland denies the allegations of paragraph 205.

206. Maryland denies the allegations of paragraph 206.

### Count XVIII: Breach of Contract (Invoices 587-589)

207. The allegations of paragraph 207 require no response.

208. Maryland denies the allegations of paragraph 208.

209. Maryland denies the allegations of paragraph 209.

210. Maryland denies the allegations of paragraph 210.

### Count XIX: Quantum Meruit (Invoices 587-589)

211. The allegations of paragraph 211 require no response.

212. The allegations of paragraph 212 require no response.

213. With respect to the allegations of paragraph 213, Maryland admits that Enovational performed the services described in paragraph 213 and denies the remaining allegations of paragraph 213.

214. With respect to the allegations of paragraph 214, Maryland admits that it requested performance from Enovational and denies the remaining allegations of paragraph 214.

215. Maryland is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 215.

216. Maryland denies the allegations of paragraph 216.

217. Maryland denies the allegations of paragraph 217.

## **AFFIRMATIVE DEFENSES**

1. Enovational has failed to state a claim upon which relief may be granted.

2. Maryland reserves the right to amend and assert any additional affirmative defenses that may be discovered or developed during the proceedings concerning the Complaint.

Dated: August 17, 2023     s/ *David S. Musgrave*
                          David S. Musgrave (Bar No. 382428)
                          Gordon Feinblatt LLC
                          1001 Fleet Street, Suite 700
                          Baltimore, Maryland 21202
                          Phone/Fax No. (410) 576-4194
                          dmusgrave@gfrlaw.com

                          *Counsel for The State of Maryland*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2023, copies of the foregoing were sent by e-mail and by first-class mail, postage prepaid to:

> Maurice B. VerStandig, Esq.
> Bar No. MD18071
> The Belmont Firm
> 1050 Connecticut Avenue, NW, Suite 500
> Washington, DC 20036
> Phone: (202) 991-1101
> mac@dcbankruptcy.com
>
> *Counsel for the Plaintiff*

/s/ *David S. Musgrave*
David S. Musgrave (Bar No. 382428)

10291121.4 59387/148679 8/17/23