# Mac VerStandig

| | |
|---|---|
| **From:** | Musgrave, David S. <dmusgrave@gfrlaw.com> |
| **Sent:** | Tuesday, May 17, 2022 10:48 AM |
| **To:** | Mac VerStandig |
| **Subject:** | State of Maryland/Work Order #17 |

Mac,

Apologies for the delay in responding.

Actually, some of the work was done under work order no. 25 under which Enovational was a subcontractor to Dravida.  Work order no. 25 is no longer in effect.

With respect to work order no. 17, the State of Maryland will pay Enovational for work performed to date, regardless of the fact that payment under work order no. 17 is conditioned on completion.  Of course, Enovational must provide sufficient backup documentation of the work, but the State will not use the lack of completion as a reason for non-payment.  Also, Enovational must suspend work on work order no. 17 immediately.  The State will consider promptly any proposal as to the amount that Enovational claims it is due on work order no. 17.

Please confirm that the foregoing is agreeable as soon as possible.

DAVID S. MUSGRAVE
**Gordon Feinblatt LLC**
1001 Fleet Street, 7th Floor
Baltimore, MD 21202
410-576-4000 | 410-576-4194 (direct)
410-218-6340 (Cell)
dmusgrave@gfrlaw.com | www.gfrlaw.com
LinkedIn | Twitter | Bio



**From:** Mac VerStandig <mac@dcbankruptcy.com>
**Sent:** Friday, May 13, 2022 11:51 AM
**To:** Musgrave, David S. <dmusgrave@gfrlaw.com>
**Subject:** [EXTERNAL] Work Order #17

*Attention: This email was sent from someone outside of Gordon Feinblatt LLC. Always use caution when opening attachments or clicking links from unknown senders or when receiving unexpected emails.*

David,

To follow on our call, my understanding is that two issues permeate the termination of work order #17: (i) some of the work was done pursuant to work order #23 which is no longer active and, accordingly, no longer ripe for invoicing; and

(ii) payment on work order #17 is conditioned upon project completion, something the State of Maryland has pushed out multiple times and that presumably would not occur if the work order is terminated.

The foregoing notwithstanding, provided that Enovational can be paid for its efforts on work order #17 at the time of termination (subject, of course, to review of an invoice and any traditional attendant documentation), I do nor foresee a consent termination being an issue. And so long as the termination is by consent, as a reasonable exercise of my client's business judgment, as part of its ordinary operation of its business, I do not believe this would need to reach the docket (which, in turn, would hopefully avoid it spooking any potential suitors).

Thanks,

Maurice "Mac" VerStandig, Esq.
The Belmont Firm
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
Phone: (855) 987-DEBT
Local: (202) 991-1101
mac@dcbankruptcy.com
http://www.dcbankruptcy.com

**PRIVILEGED COMMUNICATION/PRIVACY NOTICE**
**I**nformation contained in this transmission is attorney-client privileged and confidential.  It is solely intended for use by the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone and delete this communication.

**TAX ADVICE NOTICE**
Any tax advice included in this communication may not contain a full description of all relevant facts or a complete analysis of all relevant tax issues or authorities.  This communication is solely for the intended recipient's benefit and may not be relied upon by any other person or entity.

---

The information supplied in this message may be legally privileged. If you are the intended recipient of this message, the sender does not intend delivery to you to waive any privilege or right pertaining to this message. If you have received this message in error, please immediately notify the sender by return e-mail, and delete the errant message. Thank you.