Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for Enovational Corp.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: | Case No. 22-55-ELG |
| ENOVATIONAL CORP. | (Chapter 11) |
| Debtor. | |
| _____/ | |
| ENOVATIONAL CORP. | Adversary Proceeding No. 22-10014-ELG |
| Plaintiff, | |
| v. | |
| THE STATE OF MARYLAND | |
| Defendant. | |

**MOTION FOR LEAVE TO FILE RECORDS RELATED TO
CITIZENS' USE OF MEDICAL MARIJUANA UNDER SEAL**

Comes now Enovational Corp. (the "Debtor" or "Enovational"), by and through undersigned counsel, pursuant Local Rule 5005-1(d)(1), and moves this Honorable Court to accept for filing, under seal, (i) certain records related to citizens' use of medical marijuana in the State of Maryland, being appended to a motion for partial summary judgment (the "Motion for Partial Summary Judgment") filed herewith, and, (ii) the Motion for Partial Summary Judgment, with a redacted copy filed on the public docket; and in support thereof states as follows:

1

I. **Introduction & Argument**

Amongst the various services for which the State of Maryland has refused to pay Enovational is the Debtor's answering of over 40,000 support tickets from citizens interfacing with the Maryland Medical Cannabis Commission (the "MMCC"). Each of these tickets identifies – by name – the correlative citizen, includes an e-mail address for the correlative citizen, and provides other data on the correlative citizen. From these records, one can easily ascertain the identities of Marylanders with prescriptions for medical marijuana, sometimes alongside a description of what issues those Marylanders are having receiving their cannabis.

There is no protective order that governs these records because Enovational possessed them pre-litigation. And, consistent with the issue that underlies so much of this litigation, there is no contractual framework that confers any confidentiality or secrecy requirements upon these records, because Maryland never entered into a contract with Enovational to respond to citizen inquiries. So Enovational and its counsel are in possession of literally more than 1,000 pages of sensitive citizen information, with absolutely no legal obligation to keep that information confidential.

Nonetheless, Enovational does not believe that governmental ineptitude should prejudice the citizenry – especially when it comes to the innately-personal and politically-charged universe of medical marijuana. So while these records are appended to the Motion for Partial Summary Judgment, as evidence of the labors expended by Enovational, their publication would risk any number of unintended collateral consequences, including (i) professionals having their licenses jeopardized by reason of their violation of federal law; (ii) individuals being harassed by anti-marijuana zealots; and (iii) consumers being inundated with e-mail solicitations from black market online drug dealers.

The rules of this Honorable Court expressly contemplate the acceptance of documents for filing under seal: "A motion to seal and/or a sealed document may be filed with the Court as: (1) an unsealed motion and a sealed document. . ." Local Rule 5005-1(d).

The United States Court of Appeals for the District of Columbia Circuit has promulgated a disjunctive six prong test for the acceptance of documents under seal: "The Need for Public Access to the Documents at Issue," "Public Use of the Documents," "Fact of Objection and Identity of Those Objecting to Disclosure," "Strength of the Generalized Property and Privacy Interests Asserted," "Possibility of Prejudice," and "The Purposes for Which the Documents Were Introduced." *United States v. Hubbard*, 650 F.2d 293, 317-321 (D.C. Cir. 1980). In applying this test, the United States District Court for the District of Columbia has recently found documents containing "confidential, personal information" to be within the ambit of the *Hubbard* test. *Schwartz v. Islamic Republic of Iran*, 2020 WL 7042842, at *3 (D.D.C. 2020).

The Motion for Partial Summary Judgment contains the names of three citizens and a description of how each interacted with Enovational in furtherance of marijuana-centric interests. This may be fairly categorized as "confidential, personal information" (if not *prima facie* evidence of a federal offense). Similarly, the records of roughly 40,000 Marylanders, identifying their use of medical marijuana, are appended as an exhibit, containing similar "confidential, personal information." There is not believed to be any historic "use" of these records, meaning there has not been any "previous access" that would warrant these records being made public. While Maryland was assuredly ill-advised in allowing these records to be disseminated to Enovational without any contractual framework in place – let alone any protective measures – the Debtor has, nonetheless, been discreet in its handling of this data, and has not taken any steps that would otherwise render the information susceptible to public scrutiny.

For these reasons, it is respectfully urged the filing be permitted under seal.

## II. Conclusion

WHEREFORE, the Debtor respectfully prays this Honorable Court (i) afford leave to file the Motion for Partial Summary Judgment under seal, with a redacted version filed on the public docket; (ii) afford leave to file Exhibit G to the Motion for Partial Summary Judgment under seal, without any iteration thereof being filed on the public docket; and (ii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: February 4, 2024    By:    /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for Enovational Corp.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of February, 2024, a copy of the foregoing was served electronically, upon all parties hereto, via this Honorable Court's CM/ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig