David S. Musgrave, Esquire
Bar No. 382428
Gordon Feinblatt LLC
1001 Fleet Street, Suite 700
Baltimore, Maryland 21202
Phone/Fax No.: (410) 576-4194
dmusgrave@gfrlaw.com
*Attorney for State of Maryland*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re: | * | |
| ENOVATIONAL CORP., | * | Case No. 22-00055-ELG |
| Debtor. | * | (Chapter 11) |

* * * * * * * * * * * * *

| | | |
|---|---|---|
| ENOVATIONAL CORP., | * | Adv. Pro. 22-10014-ELG |
| Plaintiff, | * | |
| v. | * | |
| THE STATE OF MARYLAND, | * | |
| Defendant. | * | |

* * * * * * * * * * * * *

**THE STATE OF MARYLAND'S MOTION TO MODIFY SCHEDULING ORDER**

Defendant the State of Maryland (the "State"), pursuant to Federal Rule of Civil Procedure 16(b)(4) and Bankruptcy Rule of Civil Procedure 7016(a) and for good cause shown, files this Motion to Modify Scheduling Order and in support thereof states as follows:

This Adversary Proceeding was initiated on December 6, 2022. Dkt. 1. This Court entered a Scheduling Order governing the timeline of this matter on October 20, 2023. Dkt. 20, and

1

attached hereto for the Court's convenience as **Exhibit A**. The Scheduling Order provided for the following deadlines for these proceedings:

| Event | Deadline |
|---|---|
| Plaintiff/Debtor's Expert Disclosure(s) | January 15, 2024 |
| Defendant's Rebuttal Expert Disclosure(s) | February 15, 2024 |
| Close of Discovery | March 15, 2024 |
| Settlement Conference | After Close of Discovery |
| Dispositive Motions Filed | April 15, 2024 |
| Hearing on Dispositive Motions | June 5, 2024 |
| Pretrial Conference | June 5, 2024 |

Since that time, the parties have engaged in discovery exchange. The State has diligently attempted to meet all discovery obligations but has met resistance from Plaintiff/Debtor in disclosure of the information the State has requested in discovery, creating delay.

Via a letter dated January 17, 2024 (attached as **Exhibit B**), the State highlighted the deficiencies in Plaintiff/Debtor's discovery efforts and sought the consent of Plaintiff/Debtor to file this Motion. Plaintiff/Debtor delayed in responding to the request, so on February 5, 2024 (attached as **Exhibit C**), the State sent a follow-up letter reiterating the need for supplemental discovery and requesting that Plaintiff/Debtor respond by no later than February 9, 2024. Plaintiff/Debtor declined to heed that request, and in a letter dated February 12, 2024 (attached as **Exhibit D**) indicated its refusal to consent to an extension. After further informal discussion regarding the impact of delayed discovery production on the case schedule, counsel for the State reiterated via email on February 16, 2024 its intention to file this Motion and, on the same day, Plaintiff/Debtor confirmed its refusal to join in seeking an extension. *See* Email exchange between D. Musgrave and M. VerStandig dated February 16, 2024, attached hereto as **Exhibit E**.

**Outstanding Discovery Issues**

    1.  **Document Production**

On or about November 25, 2023, Plaintiff/Debtor produced to the State a flash drive containing Plaintiff/Debtor's first production of 6,024 pages of documents, along with a personal note indicating that "[a] lot more [documents] will follow." *See* Note from M. VerStandig to D. Musgrave, attached as **Exhibit F**. Aside from one embedded video file, the production was as a single PDF file organized through bookmarks into documents Plaintiff/Debtor presumably believes support its claims with regard to each of the invoices it has submitted to the State and are at issue before this Court. Plaintiff/Debtor did not include a written response to the State's Document Requests, nor were additional documents produced despite being requested, including but not limited to any emails or other communications among and between representatives of Plaintiff/Debtor. No further production has been made.

On February 12, 2024, after the above-described exchange of communications regarding Plaintiff/Debtor's deficiencies in discovery, Plaintiff/Debtor did provide the State with written Responses to its Document Requests (attached as **Exhibit G**). These Responses indicate that Plaintiff/Debtor will, in the future, be producing additional documents. The State has yet to receive any additional production from Plaintiff/Debtor.

Additionally on February 12, 2024, Plaintiff/Debtor served on the State a Second Request for Production of Documents (attached as **Exhibit H**) seeking, *inter alia*, documents from as far back as 2014 (well before the State's involvement with Enovational). The State's deadline to respond to this Second Request is March 13, 2024 – two days before the current expiration of discovery. The State will be raising numerous objections to the Second Request.

### 2. Responses to Interrogatories and Requests for Admission

Plaintiff/Debtor indicated in its February 12, 2024 letter that intends to supplement its written discovery requests to address certain, but not all, of the concerns that the State raised in its January 17 letter. The State continues to wait for these supplemental responses and will need to determine whether it must continue to compel further information based on the supplement.

### 3. Witness Depositions

As a result of its failure to adequately respond to the State's discovery requests, Plaintiff/Debtor has been able to keep the State in the dark as to which representatives of Plaintiff/Debtor have information critical to the subject matter of this case. As a result, the State has been hindered from even identifying the parties it needs to depose in this case, let alone gathering the documents it would use as exhibits in such depositions.

Additionally, despite indicating that it intends to supplement its document production, counsel for Plaintiff/Debtor has communicated that it intends to start noting depositions of numerous State representatives in the near future. *See* Exh. E (February 16, 2024 Email Exchange). The State is reticent, at best, to expose its clients to deposition before receiving from Plaintiff/Debtor the full scope of its document production and other discovery responses. Plaintiff/Debtor's failure to timely produce these documents and responses has had a rippling effect on the delays in discovery.

### 4. Expert Witness Disclosures

Plaintiff/Debtor's expert disclosures were due, and were served, on January 15, 2024 (attached as **Exhibit I**). Plaintiff/Debtor identified two "hybrid fact/expert witnesses" that were and/or are employed by Plaintiff/Debtor who will testify on its behalf but did not submit any further expert reports or other expert materials. For the reasons explained above, the State has not been

4

able to depose any of Plaintiff/Debtor's fact witnesses, including the two Plaintiff/Debtor representatives identified in the January 15, 2024 disclosure. Without additional information regarding their expert testimonies, these parties' depositions are also necessary in order to furnish the State's expert with sufficient information to issue a rebuttal report. Accordingly, the State's expert cannot finish his expert report until the above discovery deficiencies have been cured. Regardless, the State has, on its February 15, 2024 deadline, disclosed to Plaintiff/Debtor the identity of their expert and the subjects of his forthcoming report and expected testimony.

**Additional Considerations**

Although Defendant does not desire to trouble this Court further with discovery disputes, a Motion to Compel is likely forthcoming.

This is the first request to modify the Scheduling Order to be made in this adversary proceeding.

WHEREFORE, premises considered and for good cause shown, the State requests that this Court enter an order extending all deadlines in the Scheduling Order by three (3) months as follows:

| Event | Original Deadline | New Deadline |
|---|---|---|
| Defendant's Expert Report | February 15, 2024 | May 15, 2024 |
| Close of Discovery | March 15, 2024 | June 15, 2023 |
| Settlement Conference | After Close of Discovery | After Close of Discovery |
| Dispositive Motions Filed | April 15, 2024 | May 14, 2024 |
| Hearing on Dispositive Motions | June 5, 2024 | September 5, 2024 |
| Pretrial Conference | June 5, 2024 | September 5, 2024 |

and further granting the State any such further relief as this honorable Court deems necessary and just.

|  |  |
|---|---|
| Dated: February 20, 2024 | /s/ *David S. Musgrave* <br> David S. Musgrave (D.C. Bar No. 382428) <br> Gordon Feinblatt LLC <br> 1001 Fleet Street, Suite 700 <br> Baltimore, Maryland 21202 <br> Telephone/Fax No. (410) 576-4194 <br> E-mail: dmusgrave@gfrlaw.com <br><br> *Counsel for the State of Maryland* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of February, 2024, a copy of the foregoing Motion was served on all counsel of record through the Court's electronic filing system.

/s/ *David S. Musgrave*
David S. Musgrave