Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for Enovational Corp.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: | Case No. 22-55-ELG |
| ENOVATIONAL CORP. | (Chapter 11) |
| Debtor. | |
| _____/ | |
| ENOVATIONAL CORP. | Adversary Proceeding No. 22-10014-ELG |
| Plaintiff, | |
| v. | |
| THE STATE OF MARYLAND | |
| Defendant. | |

**ENOVATIONAL CORP'S SECOND REQUESTS
FOR PRODUCTION TO THE STATE OF MARYLAND**

Comes now Enovational Corp. ("Enovational"), by and through undersigned counsel, by and through undersigned counsel, pursuant Federal Rule of Bankruptcy Procedure 7034 and Federal Rule of Civil Procedure 34, and propounds these requests for production (the "Requests," with each such item being a "Request") upon the State of Maryland ("Maryland" or the "State"):

1

# DEFINITIONS

For purposes of responding to the Requests contained herein, the following definitions shall apply:

1. The term "**Action**" shall mean the above-captioned adversary proceeding.

2. The terms "**You**" or "**Your**" shall refer to the State, the agencies of the State, the political and non-political employees of the State, and third parties or other persons or legal entities acting, or purporting to act, on behalf of the State, in concert with the State, or under the State's control.

3. The term "**Debtor**" shall mean Enovational.

4. The terms "**Document**" or "**Documents**" as used herein, mean all graphic and audio or visually recorded matter of every kind and description, however produced or reproduced, whether draft or final, original or reproduction, in your actual or constructive possession, custody or control, including but not limited to deeds, title policies, commitments or abstracts, writings, letters, e-mails, correspondence, memoranda, notes, films, photographs, audio recordings, transcripts, contracts, agreements, covenants, permits, licenses, memoranda of telephone or personal conversations or communications, microfilm, microfiche, telegrams, books, magazines, advertisements, periodicals, bulletins, circulars, pamphlets, statements, notices, reports, rules, regulations, directives, teletype messages, written communications, minutes or notes of meetings, interoffice communications, reports, financial statements, ledgers, books of account, proposals, prospectuses, offers, receipts, working papers, desk calendars, appointment books, diaries, time sheets, logs, movies, tapes for visual or audio reproduction, recordings, or materials similar to any of the foregoing, however denominated. The terms **"Document"** or **"Documents"** shall also include any and all files from any personal computer, notebook, laptop computer, tablet,

smartphone, personal device, file server, minicomputer, main-frame computer, or other storage device, including but not limited to hard drive disk drives or backup or retrieved electronic information, including but not limited to e-mail. Further, all relevant files that are still on a storage media device, but which are identified as "erased but recoverable" are included within the meaning of "**Document**" or "**Documents**". Any comment or notation appearing on any document, and not a part of the original text, is to be considered a separate "document." Any draft or preliminary form of any document is also to be considered a separate "document." Specific reference to any other type of document in the ensuing interrogatories shall not be construed as in any respect limiting the generality of the foregoing definition.

5.    The term **"Communication"** shall mean any Document, in any of the forms described above, which was transmitted, or a copy of which was transmitted, by any Person to any other Person.

6.    The term "**Person**" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal entity, whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government owned or controlled.

7.    The terms **"relating to" "related to"** or **"regarding"** shall mean containing, constituting, showing, mentioning, reflecting, or pertaining or referring to in any way, directly or indirectly to the subject matter indicated by the interrogatory and, with regard to documents is meant to include, among other documents, those underlying, supporting or previously attached or appended to, or used in the preparation of any document requested.

8.    The terms "**describe**," "**discuss**," "**analyze**," "**describing**," **discussion**," or "**analyzing,**" mean any document that, in whole or in part, characterizes, delineates, explicates,

3

deliberates, evaluates, appraises, assesses or provides a general explanation of the specified subject.

9. The term **"between"** means among, involving, concerning, and connecting.

10. "**Correspondence between**" means any correspondence to or from either or any of the parties to the other party.

11. The terms "**and**" and "**or**" as used herein are terms of inclusion and not of exclusion, and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the interrogatory any document or information that might otherwise be construed to be outside its scope.

12. The term "**any**" means one or more.

13. The term "**including**" shall be used in the sense of the specification, and is not to be construed as a word of limitation.

## **INSTRUCTIONS**

1. These requests are continuing in nature, and include all documents and information prepared or received by You. Your responses to these requests should be supplemented upon your receipt of any new records, documents, electronic information, or other things responsive to these Requests.

2. If any document requested was formerly in the possession, custody or control of the recipient of these Requests for production and has been lost or destroyed, the recipient is requested to submit in lieu of each document a written statement that:

    a. Describes in detail the nature of the document and its contents;

    b. Identifies the person who prepared or authorized the document and, if applicable, the person to whom the document was sent;

  c.  Specifies the date upon which the document was prepared or transmitted or both; and,

  d.  Specifies, to the extent possible, the date upon which the document was lost or destroyed, and if destroyed, the conditions of or reasons for such destruction and the persons requesting and performing the destruction.

3. If an objection is made to any Request herein, all documents covered by the Request not subject to the objection should be produced. Similarly, if an objection is made to production of any portion of a document, the portion(s) subject to objection should be produced with the portion(s) objected to deleted and indicated clearly.

4. Except for where indicated otherwise, all items responsive to these Requests may be produced as copies, in PDF format. Where a Request expressly seeks "original" items, or items in "native format," the same should be produced (i) if a physical, written document, in original form, with "wet" ink; (ii) if a computer file, the original computer file, in whatever format it was originally created, without alteration or photostatic duplication. Where an item is sought in "native format," and one or more computer files are responsive to said Request, the files may be produced without the impression of Bates stamps thereupon; at Your option, you may designate such file(s) as bearing one or more Bates stamps, for organizational purposes, without actually imprinting said stamps upon said files.

5. All items responsive to these Requests shall be produced via electronic mail to mac@dcbankruptcy.com, not later than the close of the 30th day following the date of these Requests. Should any responsive item not be producible through electronic means, notice of such should be transmitted via electronic mail to mac@dcbankruptcy.com not later than the time for

5

production of documents via electronic mail, and such item(s) can be produced at the United States Bankruptcy Court, 333 Constitutional Avenue, NW, Courtroom 1, Washington, District of Columbia at 1:00 pm prevailing Eastern Time on first business day following the 32nd day following the date of these Requests.

**INDIVIDUAL REQUESTS**

Request 1.    All written agreements to which Dravida Consulting, LLC ("Dravida") is a party, and Maryland is a party (with Maryland being expressly inclusive of any agency or subdivision thereof, but being expressly exclusive of any county, city or municipal government), entered into between January 1, 2014 and the present.

Request 2.    All documents evidencing the payment of any monies by Maryland (with Maryland being expressly inclusive of any agency or subdivision thereof, but being expressly exclusive of any county, city or municipal government), to Dravida, between January 1, 2018 and the present.

Request 3.    All documents evidencing the payment of any monies by Maryland (with Maryland being expressly inclusive of any agency or subdivision thereof, but being expressly exclusive of any county, city or municipal government), to Ernst & Young U.S. LLP ("EY"), between January 1, 2020 and the present.

Request 4.    All documents evidencing the payment of any monies by Maryland (with Maryland being expressly inclusive of any agency or subdivision thereof, but being expressly exclusive of any county, city or municipal government), to any legal entity Maryland knows to be under common control with EY, between January 1, 2020 and the present.

Request 5.    All invoices submitted by any legal entity Maryland knows to be under common control with EY, to Maryland, from January 1, 2020 through February 11, 2024, for

6

which payment either (i) has not been tendered; or (ii) was not tendered, in full, within sixty (60) days.

Request 6.    All invoices submitted by EY, to Maryland, from January 1, 2020 through February 11, 2024, for which payment either (i) has not been tendered; or (ii) was not tendered, in full, within sixty (60) days

Request 7.    Each information technology project request ("ITPR") issued by Maryland, between January 1, 2018 and the present.

Request 8.    All e-mails sent from any address ending in "maryland.gov," to any address ending in "enovational.com," between January 1, 2020 and the present, in which the phrase "ITPR" is used, without regard to the capitalization of letters.

Request 9.    All e-mails sent from any address ending in "maryland.gov," to any address ending in "enovational.com," between January 1, 2020 and the present, in which the phrase "Information Technology Proposal Request" is used, without regard to the capitalization of letters.

Request 10.   All e-mails sent from Thor Gibbons, using any e-mail address owned, maintained or used by Thor Gibbons, between January 1, 2020 and the present, in which any of the following words or phrases are used:

    a. Enovational;

    b. "Test Environment;"

    c. "Work Order 18;"

    d. "Task 9;"

    e. "Task 10;"

    f. "Milestone 1;"

    g. "Milestone 2;"

      h. "Production level;"

      i. "Production data;"

      j. "Data environment;" and/or

      k. "Production environment;"

without regard to the capitalization of letters, *except*, this Request expressly excludes (i) all communications subject to the attorney/client privilege; and (ii) all communications sent by any person named "Thor Gibbons" who was not, at the time, an employee of the State of Maryland working in, for or with the Maryland State Department of Assessments and Taxation.

    Request 11.    All e-mails sent from Ashley Laymon, using any e-mail address owned, maintained or used by Ashley Layom, between January 1, 2020 and the present, in which any of the following words or phrases are used:

      a. Enovational;

      b. Invoice;

      c. Payment;

      d. "Out of scope;"

      e. Withhold;

      f. "Not pay;" and/or

      g. "Milestone 1."

without regard to the capitalization of letters, *except*, this Request expressly excludes (i) all communications subject to the attorney/client privilege; and (ii) all communications sent by any person named "Ashley Laymon" who was not, at the time, an employee or contractor of the State of Maryland working in, for or with the Maryland Department of Information Technology.

8

|  |  |  |
|---|---|---|
|  |  | Respectfully submitted, |
| Dated: February 11, 2024 | By: | /s/ Maurice B. VerStandig<br>Maurice B. VerStandig, Esq.<br>Bar No. MD18071<br>The Belmont Firm<br>1050 Connecticut Avenue, NW, Suite 500<br>Washington, DC 20036<br>Phone: (202) 991-1101<br>mac@dcbankruptcy.com<br>*Counsel for Enovational Corp.* |

9