Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for Enovational Corp.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: | Case No. 22-55-ELG |
| ENOVATIONAL CORP. | (Chapter 11) |
| Debtor. | |
| _____/ | |
| ENOVATIONAL CORP. | Adversary Proceeding No. 22-10014-ELG |
| Plaintiff, | |
| v. | |
| THE STATE OF MARYLAND | |
| Defendant. | |

**MOTION TO STRIKE STATE OF MARYLAND'S
<u>DESIGNATION OF WILLIAM A. SEYMOUR AS EXPERT WITNESS</u>**

Comes now Enovational Corp. ("Enovational"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 7037 and Federal Rule of Civil Procedure 37, and moves to strike the designation of the State of Maryland ("Maryland" or the "Defendant") of William A. Seymour ("Mr. Seymour") as an expert witness herein, and in support thereof states as follows:

1

## I. Introduction

This case emanates from Maryland's unwillingness to pay its debts as they come due. It now seems the state also does not believe in tendering proper expert witness designations when they come due. The Defendant may be a sovereign but Maryland is still subject to the rules of this Honorable Court. Where, as here, there is a blatant disregard for those rules, the Federal Rules of Civil Procedure clearly and expressly set forth a remedy: the offending party may not use the testimony or report of the improperly-disclosed expert witness.

## II. Standard and Background

Federal Rule of Civil Procedure 26 – made applicable by Federal Rule of Bankruptcy Procedure 7026 – requires, *inter alia*:

> (A) In General. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
>
> (B) Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report— prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
>> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>>
>> (ii) the facts or data considered by the witness in forming them;
>>
>> (iii) any exhibits that will be used to summarize or support them;
>>
>> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>>
>> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>>
>> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2).

Per this Honorable Court's scheduling order, Maryland's expert disclosures were due on January 15, 2024, with any rebuttal disclosures then coming due on February 15, 2024. *See* Scheduling Order, DE #20, at ¶ 1. The 31 day gap between these deadlines is actually one day more generous than what is provided for in the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(a)(2)(D)(ii).

Maryland did not designate any expert witnesses on or before January 15, 2024 but, rather, elected to solely designate a rebuttal expert – Mr. Seymour – as is very much the state's prerogative. And the state did then designate Mr. Seymour on February 15, 2024, putatively as a rebuttal expert. In so doing, however, the Defendant did not furnish an expert report, a list of Mr. Seymour's qualifications, a list of cases in which Mr. Seymour has testified, or anything else beyond a barebones designation. *See* Expert Designation, attached hereto as Exhibit A. Whether or not Mr. Seymour is truly a rebuttal expert – and, thusly, whether or not his designation was timely – is a separate question. But, for reasons expounded upon *infra*, that is a question that cannot currently be answered because of Maryland's refusal to comply with the rigors attendant to properly disclosing an expert witness.

### III.   Argument: The Designation Should be Stricken

An expert designation without a report – and the other accompanying disclosures mandated by Rule 26(a)(2)(B) – is not, as a matter of law, an expert designation at all. Maryland has not complied with longstanding and well-settled law on what is required of a party in federal court; the state has, instead, seemingly tendered a designation that *might* comply with the rules of its own state courts, Md. Rule 2-402(g)(1), but that comes woefully shy of what is required in this Honorable Court.

Non-compliant expert designations are governed by Federal Rule of Civil Procedure 37, made applicable by Federal Rule of Bankruptcy Procedure 7037, which allows, *inter alia*, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

As noted by the United States District Court for the District of Columbia, in connection with the untimely disclosure of an expert report:

> Federal Rule of Civil Procedure 26 requires parties to disclose the identity their expert witnesses, as well as provide, for each expert, an expert report containing "a complete statement of all opinions the witness will express and the basis and reasons for them; the facts or data considered by the witness in forming them; [and] any exhibits that will be used to summarize or support [the opinions]." And under Rule 26(a)(2)(D), such a report must be disclosed "at the times and in the sequence that the court orders." Pursuant to Rule 37(c), failure to disclose information as required by Rule 26(a) results in the party not being allowed to use that information, "unless the failure was substantially justified or is harmless." "Rule 37(c)(1) is a self-executing sanction[.]" "The proponent of the evidence bears the burden of showing that the failure to disclose the evidence 'was substantially justified or is harmless.'"

*Atlanta Channel, Inc. v. Solomon*, 2019 WL 4394837, at *2 (D.D.C. Sept. 13, 2019) (citing see Fed. R. Civ. P. 26(2)(A); quoting Fed. R. Civ. P. 26(a)(2)(B); Fed. R. Civ. P. 37(c)(1); *Norden v. Samper*, 544 F. Supp. 2d 43, 49 (D.D.C. 2008); *Moore v. Napolitano*, 926 F. Supp. 2d 8, 25 n.12 (D.D.C. 2013) (quoting Fed. R. Civ. P. 37(c))).

The Federal Rules of Civil Procedure even go a step further, expressly contemplating that if an expert cannot opine on one or more matters at the time a report is due, a supplemental report may then be later submitted. *See, e.g., Estate of Gaither ex rel. Gaither v. Dist. of Columbia*, 2008 WL 5869876, at *2 (D.D.C. Oct. 23, 2008) ("Rule 26(e) provides a limited exception to the deadlines provided under Rule 26(a)(2) by requiring an expert witness to supplement his report if the report is 'incomplete or incorrect and if the additional or corrective information has not been

4

made known to the other parties during the discovery process or in writing.'") (quoting Fed. R. Civ. P. 26(e)).

Since Enovational timely disclosed its expert witnesses in this case, there is no reason to believe Maryland would need additional time to make a rebuttal designation – especially with the scheduling order already providing a longer duration than what is contemplated by the Federal Rules of Civil Procedure. Maryland, for reasons unknown, elected to not depose either of Enovational's experts during the period between their designation and the state's rebuttal designation. Such may well be a point of strategy, a cost-saving measure, or motivated by other means. But, in any event, such was the Defendant's election. And such certainly does not subsequently invite the state to submit a rebuttal expert designation that is wholly deficient in nature.

This is not a particularly nuanced point of civil practice; federal courts routinely strike the reports – and prohibit the testimony – of expert witnesses, when those reports are untimely in nature. *See, e.g. Bell v. Progressive Select Ins. Co.*, 116 Fed. R. Serv. 3d 1260 (M.D. Fla. 2023) ("Susan Kaufman's testimony is excluded at trial because her expert report was untimely."); *Miller v. Sawant*, 660 F. Supp. 3d 1015, 1036 (W.D. Wash. 2023) ("Sawant asks the Court to strike as untimely the expert reports of John A. Hawkins, Plaintiffs' expert. The Court finds merit in this argument and GRANTS the request because Plaintiffs failed to timely provide either of Hawkins' reports and the failure to do so was neither justifiable nor harmless."); *Breaux v. Stonebridge Life Ins. Co.*, 859 F. Supp. 2d 819, 823 (M.D. La. 2012) ("Plaintiff has provided this court with no explanation as to his noncompliance of the deadlines for expert reports that the parties agreed on in the Rule 26(f) report. The court finds that the expert report is untimely and will not consider the report. Furthermore, the court will strike the expert report of Dr. George from the record.").

Again, there is a theme in this case: Maryland is being sued because Maryland does not believe in adhering to timelines – whether they be the due dates of invoices or the deadlines established by this Honorable Court. The state has a now-established pattern and practice of dilatory tactics; these maneuvers initially resulted in a proud, diverse, incredibly creative company being forced into bankruptcy, and they now continue to the detriment of that company's creditors.

When Maryland moved to dismiss this case, the briefing was premised on the idea that the state should be allowed to follow its own procedures, in its own administrative courts, in accord with its own desires. But by forcing Enovational into Chapter 11, the state subjected itself to the jurisdiction of this Honorable Court. And when Maryland fails to adhere to the attendant procedural rigors, there are – as a matter of law – self-executing consequences. In this instance, those consequences are the striking of Maryland's rebuttal expert designation.

## IV.   Conclusion

WHEREFORE, Enovational respectfully prays this Honorable Court (i) strike the designation of Mr. Seymour; (ii) prohibit Mr. Seymour from testifying at trial; and (iii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: February 21, 2024        By:    /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for Enovational Corp.*

*[Certificate of Service on Following Page]*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of February, 2024, a copy of the foregoing was served electronically, upon all parties hereto, via this Honorable Court's CM/ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig