Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for Enovational Corp.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: | Case No. 22-55-ELG |
| ENOVATIONAL CORP. | (Chapter 11) |
| Debtor. | |
| _____/ | |
| ENOVATIONAL CORP. | Adversary Proceeding No. 22-10014-ELG |
| Plaintiff, | |
| v. | |
| THE STATE OF MARYLAND | |
| Defendant. | |

**JOINT MOTION FOR MEDIATION**

Come now Enovational Corp. ("Enovational") and the State of Maryland ("Maryland"), by and through respective undersigned counsel, pursuant to Local Rule 9019-2 and this Honorable Court's scheduling order herein (DE #20), and jointly move for judicial mediation of the above-captioned matter, and in support thereof state as follows:

1.  The background of this case is familiar to this Honorable Court and has been set forth in the matter of *In re Enovational Corp.*, 2023 WL 4828481 (Bankr. D.D.C. July 27, 2023).

1

At core, Enovational insists it is owed over $18 million by Maryland and Maryland, in turn, insists it has a claim against Enovational for over $2.5 million.

2. While neither party has the ability to enter mediation with absolute settlement authority (Enovational would require leave of this Honorable Court to consummate a compromise and Maryland would require the approval of its Board of Public Works), the parties do believe that judicial mediation would be beneficial in endeavoring to foment an amicable resolution of this case.

3. Following consultation between counsel, the parties agree that judicial mediation – by a bankruptcy judge in active duty – would be most beneficial, insofar as the ethos and insight of a sitting judge are likely to be intangibly persuasive to both parties, especially in light of the relatively-significant monies at issue *sub judice*.

4. While the parties lack the ability to privately retain a sitting judge, they are hopeful this Honorable Court may facilitate the appointment of either the Hon. Michelle M. Harner, the Hon. Brian F. Kenney, or the Hon. Shon K. Hastings to mediate this matter. Should such not prove feasible, the parties are amenable to the services of any active duty United States Bankruptcy Judge, without regard to the judicial circuit in which said judge serves. (The parties anticipate mediation would likely be conducted via Zoom, insofar as the principal of Enovational is located in Romania.)

5. Pursuant to Local Rule 9019-2(c)(1)(ii), the parties note that they are hopeful mediation can be undertaken at no cost (excepting the expense of each party compensating its respective counsel).

6. Pursuant to Local Rule 9019-2(c)(1)(iv), the parties would propose to submit confidential memoranda to the mediator not later than ten (10) calendar days prior to the date of mediation.

7. Pursuant to Local Rule 9019-2(c)(1)(v), the parties note that they do not wish to have the mediator conferred with any actual settlement authority beyond the powers of persuasion.

Respectfully submitted,

Dated: February 21, 2024        By:    /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for Enovational Corp.*

/s/ David S. Musgrave (signed w/ express permission)
David S. Musgrave, Esq.
Bar No. 382428
Gordon Feinblatt LLC
1001 Fleet Street, Suite 700
Baltimore, Maryland 21202
Phone No. (410) 576-4194
Email: dmusgrave@gfrlaw.com
*Counsel for The State of Maryland*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of February, 2024, a copy of the foregoing was served electronically, upon all parties hereto, via this Honorable Court's CM/ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig