David S. Musgrave, Esquire
Bar No. 382428
Gordon Feinblatt LLC
1001 Fleet Street, Suite 700
Baltimore, Maryland 21202
Phone/Fax No.: (410) 576-4194
dmusgrave@gfrlaw.com
*Attorney for State of Maryland*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re: | * | |
| ENOVATIONAL CORP., | * | Case No. 22-00055-ELG |
| Debtor. | * | (Chapter 11) |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| ENOVATIONAL CORP., | * | Adv. Pro. 22-10014-ELG |
| Plaintiff, | * | |
| v. | * | |
| THE STATE OF MARYLAND, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**THE STATE OF MARYLAND'S RESPONSE TO ENOVATIONAL CORP.'S
<u>MOTION FOR LEAVE TO FILE RECORDS UNDER SEAL</u>**

Defendant the State of Maryland (the "State") submits this Response to Plaintiff/Debtor Enovational Corp.'s ("Enovational") Motion for Leave to File Records Under Seal ("Motion") (Doc 32).

1. The State does not oppose the relief that Enovational seeks in the Motion and, in fact, agrees with Enovational that the documents it described in the Motion should be filed under

1

seal with public copies redacted if those documents will be used as evidence in this lawsuit. The State *does*, however, object to the inaccurate statements in the Motion regarding the State.

2. Enovational states that there is "no contractual framework that confers any confidentiality or secrecy requirements upon these records." Motion at page 2. That is not correct.

3. Enovational and the State are parties to a Consulting and Technical Services + Contract dated July 17, 2019 (the "CATS+ Contract"). Pursuant, and subject to, the CATS+ Contract, Enovational and the State are parties to a Task Order Agreement dated as of January 6, 2020 under Task Order Request for Proposal F50B0600028 (the "TORFP"). The TORFP is incorporated by reference into the Task Order Agreement.

4. Section 4.12.1 of the TORFP contains non-disclosure requirements:

Non-Disclosure Agreement (TO Contractor)

All Offerors are advised that this solicitation and any TO Agreement(s) are subject to the terms of the Non-Disclosure Agreement (NDA) contained in this solicitation as Attachment I. This Agreement must be provided within five (5) Business Days of notification of recommended award; however, to expedite processing, it is suggested that this document be completed and submitted with the TO Proposal.

5. That Non-Disclosure Agreement provides, among other things, that:

1. Regardless of the form, format, or media on or in which the Confidential Information is provided and regardless of whether any such Confidential Information is marked as such, "Confidential Information" means (1) any and all information provided by or made available by the State to the TO Contractor in connection with the TO Agreement and (2) any and all personally identifiable information (PII) (including but not limited to personal information as defined in Md. Ann. Code, General Provisions §4-101(h)) and protected health information (PHI) that is provided by a person or entity to the TO Contractor in connection with this TO Agreement. Confidential Information includes, by way of example only, information that the TO Contractor views, takes notes from, copies (if the State agrees in writing to permit copying), possesses or is otherwise provided access to and use of by the State in relation to the TO Agreement.

2. The TO Contractor shall not, without the State's prior written consent, copy, disclose, publish, release, transfer, disseminate, use, or allow access

for any purpose or in any form, any Confidential Information except for the sole and exclusive purpose of performing under the TO Agreement. The TO Contractor shall limit access to the Confidential Information to the TO Contractor's Personnel who have a demonstrable need to know such Confidential Information in order to perform under TO Agreement and who have agreed in writing to be bound by the disclosure and use limitations pertaining to the Confidential Information. The names of the TO Contractor's Personnel are attached hereto and made a part hereof as **Attachment I-2**. TO Contractor shall update **Attachment I-2** by adding additional names (whether TO Contractor's Personnel or a subcontractor's personnel) as needed, from time to time.

3. If the TO Contractor intends to disseminate any portion of the Confidential Information to non-employee agents who are assisting in the TO Contractor's performance of the TO Agreement or will otherwise have a role in performing any aspect of the TO Agreement, the TO Contractor shall first obtain the written consent of the State to any such dissemination. The State may grant, deny, or condition any such consent, as it may deem appropriate in its sole and absolute subjective discretion.

4. The TO Contractor hereby agrees to hold the Confidential Information in trust and in strictest confidence, adopt or establish operating procedures and physical security measures, and take all other measures necessary to protect the Confidential Information from inadvertent release or disclosure to unauthorized third parties and to prevent all or any portion of the Confidential Information from falling into the public domain or into the possession of persons not bound to maintain the confidentiality of the Confidential Information.

6. Moreover, Section 4.13 of the TORFP contains explicit confidentiality

requirements with respect to medical records:

The TO Contractor agrees to keep information obtained in the course of this TO Agreement confidential in compliance with any applicable State and federal regulation. The TO Contractor agrees further to comply with any applicable State and federal confidentiality and privacy requirements regarding collection, maintenance, and use of health and financial information. This includes, where appropriate, the federal Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. §§ 1320d et seq., and implementing regulations at 45 C.F.R. Parts 160 and 164, and the Maryland Confidentiality of Medical Records Act (MCMRA), Md. Code Ann. Health-General §§ 4-301 et seq. This obligation includes providing training and information to Contractor Personnel regarding confidentiality obligations as to health and financial information and securing acknowledgement of these obligations from Contractor Personnel to be involved in the TO Agreement. This obligation further includes restricting

3

use and disclosure of the records, generally providing safeguards against misuse of information, keeping a record of any disclosures of information, providing all necessary procedural and legal protection for any disclosures of information, promptly responding to any requests by the State for information about its privacy practices in general or with respect to a particular individual, modifying such information as may be required by good professional practice as authorized by law, and otherwise providing good information management practices regarding all health and financial information.

7. Thus, contrary to Enovational's statement in its Motion, that is, that it has "absolutely no legal obligation to keep that information confidential" (Motion at 2), it does absolutely have a legal obligation to keep the records which are the subject of the Motion confidential.

8. Indeed, the CATS+ Contract itself contains a confidentiality provision:

**16. Confidentiality**

Subject to the Maryland Public Information Act and any other applicable laws, all confidential or proprietary information and documentation relating to either party (including without limitation, any information or data stored within the Contractor's computer systems) shall be held in absolute confidence by the other party. Each party shall, however, be permitted to disclose relevant confidential information to its officers, agents and employees to the extent that such disclosure is necessary for the performance of their duties under this Contract, provided the data may be collected, used, disclosed, stored and disseminated only as provided by and consistent with the law. The provisions of this section shall not apply to information that (a) is lawfully in the public domain; (b) has been independently developed by the other party without violation of this Contract; (c) was already in the possession of such party; (d) was supplied to such party by a third party lawfully in possession thereof and legally permitted to further disclose the information; or (e) which such party is required to disclose by law. This Section shall survive expiration or termination of the Contract.

9. Moreover, the CATS+ Contract sets forth further confidentiality requirements in Section 18.17 regarding "Sensitive Data," defined as "any personally [sic] addenda, attachments, and identifiable information (PII), protected health information (PHI) or other private/confidential data." See Section 1.14 of the CATS+ Contract. Section 18.17 is set forth below:

4

**18.17. Security Requirements and Incident Response**

The Contractor agrees to abide by all applicable federal, State and local laws concerning information security and comply with current State and Department of Information Technology information security policy, currently found at http://doit.maryland.gov/Publications/DoITSecurityPolicy.pdf. Contractor shall limit access to and possession of Sensitive Data to *only* employees whose responsibilities reasonably require such access or possession and shall train such employees on the Confidentiality obligations set forth herein.

10. The State Department of Information Technology ("DoIT") security manual, incorporated into the CATS+ Contract by reference in the above provision 18.17, is a 219-page document. Relevant provisions of the security manual are attached as **Exhibit No. 1** to this response. These provisions set forth further confidentiality requirements for State contractors.

11. Further, the Request for Proposals ("RFP") for the CATS+ Contract, which is expressly incorporated into the CATS+ Contract at § 2.1, described in Enovational's Motion for Partial Summary Judgment at ¶¶ 5 as "control[ling] over all other documents," and attached thereto as Exhibit 3, also requires all applicants to be aware of the above Security Policy:

> 2.2.2 Required Project Policies, Guidelines and Methodologies
>
> A) The Master Contractor shall keep itself informed of and comply with all applicable Federal, State and local laws, regulations, ordinances, policies, standards and guidelines affecting information technology projects applicable to its activities and obligations under this Contract, as those laws, policies, standards and guidelines may be amended from time to time, and it shall obtain and maintain, at its expense, all licenses, permits, insurance, and governmental approvals, if any, necessary to the performance of its obligations under this Contract. It is the responsibility of the Master Contractor to ensure adherence and to remain abreast of new or revised laws, regulations, policies, standards and guidelines affecting project execution. The following policies, guidelines and methodologies can be found at http://doit.maryland.gov/policies/Pages/ContractPolicies.aspx under "Policies and Guidance." These may include:
>
> …
>
> 2. The State of Maryland Information Technology Security Policy and Standards at: www.DoIT.maryland.gov - keyword: Security Policy.

12. Thus, Enovational was -- and is -- under numerous express contractual obligations to keep sensitive information such as the records at issue here strictly confidential.

13. Rather than simply acknowledge its obvious contractual obligation to keep the relevant records confidential and base its Motion on such obligation, Enovational disingenuously, and with unnecessary hostility, blames "governmental ineptitude" for the need to seek leave to file under seal. The State vehemently objects to such ad hominem attacks and mischaracterizations. The State takes seriously its obligation to maintain the confidentiality of its citizens' private records, health or otherwise, and takes care to ensure such records remain confidential when provided to or accessible by government contractors such as Enovational. According to this commitment to its citizens, but without waiving its objection to Enovational's distortion of the facts, the State joins Enovational in requesting that the records subject to the Motion be filed under seal, with redacted versions filed on the public docket.

Dated: February 22, 2024

/s/ *David S. Musgrave*
David S. Musgrave (D.C. Bar No. 382428)
Gordon Feinblatt LLC
1001 Fleet Street, Suite 700
Baltimore, Maryland 21202
Tel./Fax: (410) 576-4194
E-mail: dmusgrave@gfrlaw.com

*Counsel for the State of Maryland*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of February, 2024, a copy of the foregoing Response was served on all counsel of record through the court's electronic filing system.

/s/ *David S. Musgrave*
David S. Musgrave

6