EXHIBIT A

# GORDON·FEINBLATT LLC
### ATTORNEYS AT LAW

DAVID S. MUSGRAVE
PHONE/FAX 410.576.4194
dmusgrave@gfrlaw.com

1001 FLEET STREET
SUITE 700
BALTIMORE, MD 21202-4346
410.576.4000
www.gfrlaw.com

January 17, 2024

BY FIRST CLASS MAIL
AND EMAIL: mac@dcbankruptcy.com

Maurice VerStandig, Esquire
The Belmont Firm
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036

    Re:    *Enovational Corp.*, Case No. 22-00055-ELG
             *Enovational Corp. v. State of Maryland*, Adversary No. 22-10014-ELG

            **Deficiencies in Responses to Discovery Requests**
            *This is an attempt to resolve a discovery dispute.*

Dear Mac:

    I write to address certain inadequacies in the discovery responses that the State of Maryland (the "State") has received from Enovational Corp. ("Enovational"). I will address each response.

**Enovational's Answers to the State's Interrogatories, Dated November 26, 2023**

    The primary deficiency in Enovational's Answers to Interrogatories is Enovational's failure to provide any specific response to the State's Interrogatory Nos. 7 through 25. In each of these Interrogatories, the State identifies a specific invoice or work order and requests that Enovational provide the following information with regard to that invoice or work order:

    a. Describe in complete detail all documents concerning the services rendered and the work performed by Enovational as reflected on the invoice;

    b. Identify the person(s) who prepared or created the invoice;

    c. Describe how the invoice was created, prepared, and constructed;



Maurice VerStandig, Esquire
January 17, 2024
Page 2

    d. Identify all documents that Enovational reviewed in creating, preparing, and constructing the invoice;

    e. Identify all backup or supporting documentation, including time records and timesheets, concerning the invoice;

    f. Identify all documents, including work orders, correspondence, e-mails, agreements, contracts, and similar documents reflecting the work requested by Maryland, the request(s) by Maryland of Enovational to perform such work, the terms and conditions of such work, and Maryland's requirements for such work, as reflected on the invoice; and

    g. Identify all persons with personal knowledge of such documents, the work evidenced by the invoice and the creation of the invoice.

    For each of these 19 Interrogatories, Enovational simply responds that "[p]ursuant to Federal Rule of Civil Procedure 33(d), Enovational is producing all responsive documents. Equally, Enovational has identified all persons it believes to be knowledgeable about the facts of this case, excepting those holding such knowledge through solely-privileged means." In no way does Enovational's response provide the *specific* information requested by the State in these Interrogatories. Considering that this case focuses on the State's alleged non-payment of invoices due to Enovational's failure to demonstrate the validity of those invoices, this information is critical to the case and these Interrogatories require a thorough response. Moreover, Enovational cannot rely on Rule 33(d) in its response because that Rule only applies to an interrogatory to which the answer is contained within a document. Here, that is not the case; the State is requesting additional information about certain documents that cannot be ascertained simply by examining the identified document. The State requests that Enovational amend its Answers to Interrogatories to properly respond to Interrogatories 7-25 and each subpart thereunder.

    With regard to Interrogatory No. 4, the State requests that Enovational provide "a brief description, by category and location, of all [] documents and other tangible things, [that Enovational intends to rely upon in the case] and identify all persons having possession, custody or control of them." Once again, Enovational simply replies that it will produce such documents, and reserves the right to rely upon documents produced by the State. This answer is not responsive to the Interrogatory. The State requests that Enovational identify the documents it intends to rely upon (whether produced by Enovational or the State) and provide the information about each of those documents as previously requested in Interrogatory No. 4.

    Similarly, the State requests in Interrogatory No. 6 that, with respect to the allegations in paragraph 41 of the Complaint, Enovational identify all documents concerning such allegations and persons with personal knowledge of the same. Enovational again responds that it is producing documents and has identified persons with knowledge about the facts of the case. Enovational



Maurice VerStandig, Esquire
January 17, 2024
Page 3

again fails to provide the specific information the State has requested. The State requests that Enovational provide a thorough response to Interrogatory No. 6.

Finally, with regard to Interrogatory Nos. 2 and 3, Enovational objects to these Interrogatories on the basis that the requests are "premature." The State reminds Enovational that its discovery obligations are continuing. Having disclosed its expert witnesses, Enovational must now respond to these interrogatories.

**Enovational's Responses to the State's Requests for Admission**

With regard to Request for Admission 23, requesting confirmation that the CATS+ Contract stated that the Contractor would be required to provide time records or similar documentation, Enovational responded in denial but further stated that it would amend its answer if the State directed Enovational to the express language in the Contract. The State directs Enovational to the bottom of page 6 of the RFP to the CATS+ Contract, which is expressly incorporated into the Contract and attached thereto. The language in Request 23 is quoted directly therein.

With regard to Requests for Admission 31 through 44, requesting that Enovational admit that it did not provide accompanying approved timesheets with the submission of various invoices to the State, Enovational objects to these Requests on the basis that they are supposedly "vague and ambiguous" as to what the term "approved timesheets" means. Enovational notes that it "is aware that the Emergency Procurement Contract attached to the Requests as Exhibit No. 12 makes reference to 'approved timesheets,'" but claims that the reference in the Emergency Procurement Contract is equally ambiguous.

The State directs Enovational to the same contract language Enovational references in its objections, namely, Section 3(d) of the Emergency Procurement Contract, which states: "[s]ervices … shall be invoiced monthly at the hourly labor rate for actual hours worked, as documented in approved timesheets. At the end of each month prior to submission of any invoice, the Contractor shall submit timesheets to the Contract Manager for review. Approved timesheets will be returned to the Contractor and a copy of the approved timesheets must be included with the Contractor's invoice[.]" The provision is not ambiguous. Approved timesheets are those timesheets submitted by Enovational and then reviewed and approved by the Contract Manager. Requests for Admission 31 through 44 require Enovational to admit or deny whether timesheets approved via the above-described procedure were included in the submission of each invoice identified. The State requests that Enovational respond as required.

Further with regard to Requests for Admission 31 through 44, Enovational objects on the basis that the Requests "seek a legal conclusion." They do not. They simply ask whether approved timesheets were included in invoice submissions which is a question of fact, not law. The State thus reiterates its request for admission or denial of Requests 31 through 44.



Maurice VerStandig, Esquire
January 17, 2024
Page 4

### Enovational's Response to the State's Requests for Production of Documents

While the State is in possession of certain documents that Enovational has produced in response to its Requests for Production of Documents, it has not received any written response from Enovational. Without a written response, the State is unable to determine what documents Enovational has chosen to withhold (if any) and its rationale for doing so. The State cannot prepare a defense to any objection that Enovational may have had to any specific Request. Accordingly, the State requires that Enovational provide it with written responses to its Requests for Production of Documents.

The State similarly requests that Enovational supplement its document production with a privilege log adequately identifying any documents that were withheld on the basis of privilege.

### Additional Discovery Considerations

Additionally, you received from me last week the State's First Amended Responses to Plaintiff's First Requests for Production of Documents (the "Amended Responses"). These Amended Responses are a first attempt to properly narrow the scope of potential documents the State must review for production to Enovational. As you well know, the e-discovery in this case is incredibly voluminous. It would be a wise use of both parties' time to arrange a meeting to determine a mutually acceptable strategy for identifying custodians and search terms to enable the parties to meet their discovery obligations with reasonable efficiency. Please contact me at your convenience to discuss further.

Finally, considering the scope of this case and the current status of the exchange of discovery between the parties, along with requesting that your client cure its above-described discovery deficiencies, I also propose that Enovational join the State in a mutual consent motion to modify the scheduling order to permit more time for the completion of discovery. Specifically, I propose that we jointly request the Court to modify the scheduling order as follows, to allow for an additional 3 months for discovery:

| Milestone | Current Deadline | Proposed Modified Deadline |
|---|---|---|
| Expert Disclosures | January 15, 2024 | April 15, 2024 |
| Rebuttal Expert Disclosures | February 15, 2024 | May 15, 2024 |
| Completion of Discovery | March 15, 2024 | June 15, 2024 |
| Filing of Dispositive Motions | April 15, 2024 | July 15, 2024 |

*Hearings on dispositive motions and pretrial conference to be scheduled thereafter as convenient to the Court.*



Maurice VerStandig, Esquire
January 17, 2024
Page 5

    I appreciate your consideration of all of the above and look forward to hearing from you as soon as possible in response to my requests and proposals.

Sincerely yours,

David S. Musgrave

Case 22-10014-ELG    Doc 50-1    Filed 03/01/24    Entered 03/01/24 15:55:26    Desc
Exhibit Ex. A - January 17    2024 Deficiency Letter    Page 6 of 6



Maurice VerStandig, Esquire
January 17, 2024
Page 6

bcc:   Howard Barr, Esquire (via e-mail)

59387\148679\10609198.v2-1/18/24