# Mac VerStandig

| | |
|---|---|
| **From:** | Mac VerStandig |
| **Sent:** | Wednesday, March 6, 2024 6:52 AM |
| **To:** | Musgrave, David S. |
| **Cc:** | Paige, Amanda R. |
| **Subject:** | RE: Enovational Corp. v State of Maryland |

David,

To follow up on this, I would be remiss to not reiterate my client's previous offer: in accord with Federal Rule of Civil Procedure 34(b)(2)(E)(i), my client remains prepared to produce to Maryland the entirety of my client's e-mail and digital communication records (comprised, when not in the form of e-mail, of Slack communications), for Maryland's review. The only condition we would place on such is a minimalistic protective order whereby Maryland would agree, upon reviewing such records, to not read any item that is readily discernable as being subsumed within the attorney/client privilege.

For purposes of clarity, Enovational has only communicated with four attorneys where such communications would be embraced within the attorney/client privilege: Alec Rosenberg at Clinton Peed, Robert Henley at Hirschler, Mahlon Mowrer at my firm, and myself. No attorney/client privilege was maintained with Mr. Rosenberg post-petition, insofar as Enovational actually consented to his representation of a third party in the lead up to the 363 sale. And anyone reviewing communications for Maryland would thusly need only agree to disregard communications with four persons.

I believe the proposed limitation is consistent with Federal Rule of Civil Procedure 26(b)(5)(B). I am equally cognizant that (i) the privileged communications, through the date on which suit was brought, are not of a nature or variety that would lend insight into Enovational's litigation strategy; and (ii) despite the increasingly-heated disputes at the heart of this litigation, Enovational has an abiding faith that a sovereign state is unlikely to intentionally exploit access to privileged material for nefarious strategic gain.

As we proceed toward next week's hearings, and with more than six weeks having now passed since this offer was first made, I would respectfully urge the State of Maryland to reconsider its position.

Regards,

Maurice "Mac" VerStandig, Esq.
The Belmont Firm
[1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036](#)
Phone: (855) 987-DEBT
Local: (202) 991-1101
[mac@dcbankruptcy.com](mailto:mac@dcbankruptcy.com)
[http://www.dcbankruptcy.com](http://www.dcbankruptcy.com)

PRIVILEGED COMMUNICATION/PRIVACY NOTICE
Information contained in this transmission is attorney-client privileged and confidential.  It is solely intended for

use by the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone and delete this communication.

TAX ADVICE NOTICE
Any tax advice included in this communication may not contain a full description of all relevant facts or a complete analysis of all relevant tax issues or authorities.  This communication is solely for the intended recipient's benefit and may not be relied upon by any other person or entity.

**From:** Musgrave, David S. <dmusgrave@gfrlaw.com>
**Sent:** Tuesday, January 30, 2024 6:59 PM
**To:** Mac VerStandig <mac@dcbankruptcy.com>
**Cc:** Paige, Amanda R. <apaige@gfrlaw.com>
**Subject:** Enovational Corp. v State of Maryland

Mac,

To follow up on our phone conversation last Friday, January 26, 2024, during which you proposed entering into a protective order in connection with document production by Enovational, the State of Maryland is not agreeable to entering into the protective order that you proposed.

DAVID S. MUSGRAVE
**Gordon Feinblatt LLC**
1001 Fleet Street, 7th Floor
Baltimore, MD 21202
410-576-4000 | 410-576-4194 (direct)
410-218-6340 (Cell)
dmusgrave@gfrlaw.com | www.gfrlaw.com
LinkedIn | Twitter | Bio



The information supplied in this message may be legally privileged. If you are the intended recipient of this message, the sender does not intend delivery to you to waive any privilege or right pertaining to this message. If you have received this message in error, please immediately notify the sender by return e-mail, and delete the errant message. Thank you.