David S. Musgrave, Esquire
Bar No. 382428
Gordon Feinblatt LLC
1001 Fleet Street, Suite 700
Baltimore, Maryland 21202
Phone/Fax No.: (410) 576-4194
dmusgrave@gfrlaw.com
*Attorney for State of Maryland*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | * | |
| ENOVATIONAL CORP., | * | Case No. 22-00055-ELG |
| Debtor. | * | (Chapter 11) |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| ENOVATIONAL CORP., | * | Adv. Pro. 22-10014-ELG |
| Plaintiff, | * | |
| v. | * | |
| THE STATE OF MARYLAND, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### THE STATE OF MARYLAND'S MOTION TO COMPEL DISCOVERY

Defendant the State of Maryland (the "State") files this Motion to Compel Discovery from Plaintiff Enovational Corp. and in support thereof states as follows:

1. On October 11, 2023, the State served on Debtor its first Requests for Production of Documents ("RPDs") and Interrogatories, attached as **Exhibits A** and **B**, respectively.

2. On or about November 25, 2023, Debtor produced to the State a flash drive containing Debtor's first production of documents, along with a personal note indicating that "[a]

1

lot more [documents] will follow." *See* Note from M. VerStandig to D. Musgrave (attached as **Exhibit C**).

3. Aside from one embedded video file, the production was as a single PDF file organized through bookmarks into documents Debtor presumably believes support its claims with regard to each of the invoices it has submitted to the State and are at issue before this Court.

4. Debtor did not include a written response to the State's RPDs, nor were additional documents produced despite being requested, including but not limited to any emails or other communications among and between representatives of Debtor.

5. Despite the promise of more documents to follow, no further production has since been made.

6. On November 16, 2023, Debtor served on the State its Answers to Interrogatories (attached as **Exhibit D**).

7. Via a letter dated January 17, 2024 (attached as **Exhibit E**), the State highlighted the deficiencies in Plaintiff/Debtor's discovery efforts, including its document production and Answers to Interrogatories.

8. Plaintiff/Debtor did not respond to the request, so on February 5, 2024 (attached as **Exhibit F**), the State sent a follow-up letter reiterating the need for supplemental discovery and requesting that Plaintiff/Debtor respond by no later than February 9, 2024.

9. Debtor, once again, did not heed that request.

10. Finally, on February 12, 2024 – just three days before the State's expert report was due – Debtor provided the State with a response letter (attached as **Exhibit G**).

11. None of the additional discoverable information that the State had requested was concurrently produced. Instead, Debtor served its Second Requests for Production of Documents on the State.

12. Also on February 12, 2024, a full four months after the State served the State RPDs on Debtor, Debtor provided the State with formal written Objections and Responses to its Document Requests (attached as **Exhibit H**).

13. These Responses further indicated that Debtor will, in the future, be producing additional documents. However, the State has yet to receive any additional production from Debtor.

14. Troublingly, Debtor states in multiple instances throughout its written Responses that, rather than meeting its legal obligation to produce "any nonprivileged matter that is relevant to any party's claim *or defense* and proportional to the needs of the case" pursuant to Fed. R. Civ. P. 26 (emphasis added), it has instead produced, and will continue to produce, only the documents in its possession that it "plans to rely upon in proving [the allegations it has made] through this case," (Responses to Request Nos. 15, 16, 17) or "may rely upon to prove entitlement to payment of [] invoices," (Responses to Request Nos. 18-31, 33-37, 39-49).

15. In other words, Debtor believes it may limit its production only to those documents that benefit its case, and not those that may benefit the State's defenses. This is *expressly* not the standard upon which documents must be produced, is facially self-serving, and is actively prejudicing the State.

16. Additionally, Debtor has withheld internal communications between potential fact witnesses. Once again, without these communications the State is prejudiced in pursuing a defense of this case.

3

17. Rather than produce the documents it is obligated to produce, Debtor has, on multiple occasions, proposed that Enovational produce to Maryland "the entirety of [Enovational's] emails and digital communication records." *See* Email from counsel for Enovational to Counsel for the State dated March 6, 2024, attached hereto as **Exhibit I**.

18. The State has refused to agree to this proposal on the basis that it is *Debtor's obligation* to identify and produce only those documents relevant to the case. *See* Fed. R. Civ. P. 26(b)(1); *see also In re Clinton*, 973 F.3d 106 (D.C. Cir. 2020) (*quoting Food Lion, Inc. v. United Food & Com. Workers Int'l Union, AFL-CIO-CLC*, 103 F.3d 1007, 1012 (D.C. Cir. 1997) for the proposition that "[n]o one would suggest that discovery should be allowed of information that has no conceivable bearing on the case.").

19. As a result of Debtor's continued failure to produce relevant documents in its possession and fully respond to the State's Interrogatories, the State's expert has been unable to conduct a review of all of the documents necessary to complete his report.

20. Consequently, the parties have engaged in discovery motions practice, including the State's Motion to Modify Scheduling Order in order to allow for more time to complete discovery (to which Debtor refused to consent), and Debtor's Motion to Strike Expert Designation.

21. Under Federal Rule of Civil Procedure 37, a party may move to compel discovery responses where the responding party fails to answer interrogatories or respond to document requests. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).

WHEREFORE, premises considered, Defendant the State of Maryland requests that this honorable Court enter an Order compelling Plaintiff Enovational Corp. to produce to the State all discoverable information heretofore withheld from production.

Dated: March 14, 2024                /s/ *David S. Musgrave*
                David S. Musgrave (D.C. Bar No. 382428)
                Gordon Feinblatt LLC
                1001 Fleet Street, Suite 700
                Baltimore, Maryland 21202
                Telephone/Fax No. (410) 576-4194
                E-mail: dmusgrave@gfrlaw.com

*Counsel for the State of Maryland*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of March, 2024, a copy of the foregoing Motion was served on all counsel of record through the Court's electronic filing system.

                /s/ *David S. Musgrave*
                David S. Musgrave

5