Case 22-10014-ELG    Doc 56-1    Filed 03/14/24    Entered 03/14/24 09:53:38    Desc
Exhibit Ex. A - Request for Production of Documents    Page 1 of 8

Exhibit A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re: | * | |
| ENOVATIONAL CORP., | * | Case No. 22-00055-ELG |
| Debtor. | * | (Chapter 11) |
| * * * * * * | * * * * * | |
| ENOVATIONAL CORP., | * | Adv. Pro. 22-10014-ELG |
| Plaintiff, | * | |
| v. | * | |
| THE STATE OF MARYLAND, | * | |
| Defendant. | * | |
| * * * * * * * | * * * * * | |

**REQUEST FOR PRODUCTION OF DOCUMENTS**

TO:   Enovational Corp., Plaintiff

FROM:   The State of Maryland, Defendant

Pursuant to Federal Rule of Civil Procedure 34, applicable to this adversary proceeding by Bankruptcy Rule 7034, the State of Maryland ("Maryland") requests that Enovational Corp. ("Enovational") produce the documents described below at the offices of Gordon Feinblatt LLC, 1001 Fleet Street, Suite 700, Baltimore, Maryland 21202 within the time required by Federal Rule of Civil Procedure 34.

**DEFINITIONS AND INSTRUCTIONS**

1.   "Document" shall mean any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including, but not limited to correspondence, messages, contracts, checks, memoranda or notes of telephone or other oral conversations, studies, surveys, charts, reports, minutes, notes, diaries, logs, schedules, cancelled checks, graphs, invoices, bills,

computer reports, photographs, videotapes, releases, newspaper or magazine articles, books, financial statements, ledgers, transcripts, affidavits, tapes, tape recordings, phonograph recordings, e-mails, electronic files, electronically stored data, whether originals, copies, or drafts, however produced or reproduced. If any of the data or information requested below is stored in such a way as to be retrieved by computer, then in respect to such data or information, the term "document" shall also include the physical medium in which such data or information is stored, or a copy thereof, together with a copy of the software which will enable the data or information to be retrieved and reviewed.

      2.      "Person" means any natural person, corporation, partnership or other private organization or governmental or legal entity.

      3.      The terms "you," "your," and "Enovational" shall refer to Enovational, together with its officers, directors, employees, representatives, attorneys, accountants, or any other person acting or purporting to act on its behalf.

      4.      The term "Maryland" shall refer to the State of Maryland, together with its agents, representatives, or any other person acting on its behalf.

      5.      The term "Complaint" means the Complaint filed by Enovational in the above-captioned case and any subsequent amended pleading.

      6.      The phrase "subject matter of this litigation" includes any and all matters and information which in any way pertain, refer or relate, address or mention any and all of the persons or matters, facts, circumstances, allegations, and occurrences set forth or referred to in the Complaint and any and all responses filed thereto.

      7.      The terms "relating to," "referring to," or "evidencing" mean constituting, containing, embodying, identifying, incorporating, summarizing, mentioning, dealing with or pertaining to.

      8.      This request includes the production of all non-identical copies of requested documents, including drafts and copies upon which notes or comments have been made.

      9.      If any document responsive to this request is not produced due to a claim of privilege to a part or parts of the document (including a claim that all or a portion of the document constitutes work product), describe each such document and the factual basis for the claim of privilege. Documents shall be deemed to have been adequately listed and described for the purpose of this instruction when the following information has been provided:

          a.      The place, approximate date and manner of preparation of the document;

          b.      The basis on which the privilege is claimed;

          c.      The name of each person who participated in the preparation of the document;

59387\148679\10302458.v2-10/11/23

   d.  The name and corporate position, if any, of each person other than attorneys representing you to whom the content of the document has been communicated in the past whether by copy, exhibition, reading or substantial summarization;

   e.  The nature of the document and a brief description of its subject matter; and

   f.  Each addressee, recipient or possessor of the document.

  10.  To the extent that any request is objected to on grounds other than privilege, set forth the factual and legal basis for the objection. If you object in part to any request, produce all documents responsive to the remainder of that request.

  11.  Documents required to be produced are not limited to "paper" documents, but also include electronic data and electronic media and all forms of documents listed in the documents definition above.

  12.  In seeking information to respond to this document production request, you are required to examine all possible forms of storing textual, verbal or numerical information, and your examination may not be limited to paper or other forms of "hard copy" records. In searching for non-paper sources of information, you are required to search all computer or other electronic or optical forms of information storing formats, including:

   a.  so-called floppy disks;

   b.  removable drive media, of all kinds;

   c.  hard drives used by individuals;

   d.  hard drives shared by multiple users;

   e.  storage media used by network systems;

   f.  storage media not maintained on-line, including but not limited to backup tapes or similar archival storage media, wherever and by whomever stored or retained;

   g.  file servers;

   h.  optical media, including "write-once-read-many" ("WORM") media or other optical formats, including rewritable optical formats;

   i.  portable computers, included but not limited to, "notebook" computers, "laptop" computers, or other similar portable devices;

  j. palmtop, pocket size or similar portable information devices on which information is stored in digital form;

  k. systems that preserve "voice mail" or similar messages in analog or digital form; and

  l. all systems, whether included in (a)-(k) above, that preserve electronic mail or similar messages in any form, including, but not limited to, systems on the desktop of electronic mail users, systems on servers, and systems that are "offline" methods of preservation of such messages, whether tape, optical or otherwise.

## DOCUMENT REQUESTS

**REQUEST 1:** Any statements recorded or written in any manner by any party relating to the allegations contained in the Complaint.

**REQUEST 2:** Any physical evidence, documents or tangible objects which you intend to offer into evidence at the trial, or hearing, of this case.

**REQUEST 3:** Any Documents which relate to, describe, summarize, or memorialize any communication between you and Maryland concerning the subject matter of this litigation.

**REQUEST 4:** Any Documents which relate to, describe, summarize, or memorialize any communication between you and any other third party concerning the subject matter of this litigation.

**REQUEST 5:** All Documents written by you concerning the subject matter of this litigation.

**REQUEST 6:** The CATS+ Contract described in paragraph 20 of the Complaint.

**REQUEST 7:** The OneStop – centric task order described in paragraph 21 of the Complaint.

**REQUEST 8:** All Documents referred to or identified in your Answers to Interrogatories in this case.

**REQUEST 9:** All Documents you reviewed or consulted in drafting your Answers to Interrogatories in this case.

**REQUEST 10:** All Documents which support any factual allegations made in your Answers to Interrogatories in this case.

**REQUEST 11:** Any reports, and any drafts thereof, prepared by any expert witness you intend to call at the trial in this matter.

**REQUEST 12:** The current resume and/or curriculum vitae of any expert witness you intend to call at the trial in this matter.

**REQUEST 13:** All Documents you provided to any expert you expect to testify in this lawsuit.

**REQUEST 14:** All Documents you receive in response to any subpoena you issue in this lawsuit.

**REQUEST 15:** All Documents relating to the allegations of paragraph 38 of the Complaint.

**REQUEST 16:** All documents relating to the allegations of paragraph 42 of the Complaint.

**REQUEST 17:** All Documents relating to the allegations of paragraph 45 of the Complaint, including the backup documentation.

**REQUEST 18:** All Documents relating to Invoice 567.

**REQUEST 19:** All Documents relating to Work Order 22, including the work order.

5

**REQUEST 20:** All Documents relating to the full completion of milestones 7, 8, and 10, and partial completion of milestones 11 and 12, as described in paragraphs 49 and 50 of the Complaint.

**REQUEST 21:** All Documents relating to Invoice 602.

**REQUEST 22:** All Documents relating to Work Order 7.

**REQUEST 23:** All Documents relating to Invoice 571.

**REQUEST 24:** All Documents relating to Work Order 17.

**REQUEST 25:** All Documents relating to the allegations of paragraph 62 of the Complaint.

**REQUEST 26:** All Documents relating to Invoice nos. 587, 588 and 589.

**REQUEST 27:** All Documents relating to Work Order 3, invoices rendered with respect to Work Order 3 and payments under Work Order 3.

**REQUEST 28:** All Documents relating to the allegations of paragraph 68 of the Complaint, including Maryland's request for ongoing support.

**REQUEST 29:** All Documents relating to Invoices 569 and 617.

**REQUEST 30:** All Documents relating to the allegations of paragraph 73 of the Complaint.

**REQUEST 31:** All Documents relating to the allegations of paragraph 74 of the Complaint.

**REQUEST 32:** All Documents relating to the work done by Enovational for the Office of Food Protection, as described in paragraphs 75 and 77 of the Complaint.

**REQUEST 33:** All Documents relating to Invoice 578, including backup documentation.

**REQUEST 34:**   All Documents relating to Work Order 1 and the work performed by Enovational under Work Order 1.

**REQUEST 35:**   All Documents relating to Invoice 576, including supporting documentation.

**REQUEST 36:**   All Documents relating to Work Order 18, including Invoices rendered under Work Order 18 and payments made under Work Order 18.

**REQUEST 37:**   All Documents relating to Invoice 591, including supporting documentation.

**REQUEST 38:**   All Documents relating to Maryland's refusal to pay Invoice 591, as described in paragraph 91 of the Complaint.

**REQUEST 39:**   All Documents relating to Invoice 600, including backup documentation and time records.

**REQUEST 40:**   All Documents relating to Invoice 601, including backup documentation and time records.

**REQUEST 41:**   All Documents relating to Invoices 602 and 609, including backup documentation and time records.

**REQUEST 42:**   All Documents relating to Invoices 603 and 604, including backup documentation and time records.

**REQUEST 43:**   All Documents relating to Invoices 605, 610, 611 and 615, including backup documentation and time records.

**REQUEST 44:**   All Documents relating to Invoice 606, including backup documentation and time records.

59387\148679\10302458.v2-10/11/23

**REQUEST 45:** All Documents relating to Invoices 607 and 616, including backup documentation and time records.

**REQUEST 46:** All Documents relating to Invoice 608, including backup documentation and time records.

**REQUEST 47:** All Documents relating to Invoice 613, including backup documentation, time records and third party expenses.

**REQUEST 48:** All Documents relating to Invoice 614, including backup documentation, time records and third party expenses.

**REQUEST 49:** All Documents relating to Invoice 617, including backup documentation and time records.

Dated: October 11, 2023

/s/ *David S. Musgrave*
David S. Musgrave (Bar No. 382428)
Gordon Feinblatt LLC
1001 Fleet Street, Suite 700
Baltimore, Maryland 21202
Phone/Fax No. (410) 576-4194
E-mail: dmusgrave@gfrlaw.com

*Counsel for the State of Maryland*

## CERTIFICATE OF SERVICE

I certify that on this 11th day of October 2023, a copy of the foregoing was sent by first-class mail, postage prepaid to:

Maurice B. VerStandig, Esq.
The Belmont Firm
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com

*Counsel for the Plaintiff*

/s/ *David S. Musgrave*
David S. Musgrave

8