## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

In re:                                    *

ENOVATIONAL CORP.,                        *        Case No. 22-00055-ELG

            Debtor.                       *        (Chapter 11)

*    *    *    *    *    *    *    *    *    *    *    *

ENOVATIONAL CORP.,                        *        Adv. Pro. 22-10014-ELG

            Plaintiff,                    *

            v.                            *

THE STATE OF MARYLAND,                    *

            Defendant.                    *

*    *    *    *    *    *    *    *    *    *    *    *

## ANSWERS AND OBJECTIONS TO FIRST SET OF
## INTERROGATORIES TO ENOVATIONAL CORP.

Comes now Enovational Corp. ("Enovational"), by and through undersigned counsel, by and through undersigned counsel, pursuant Federal Rule of Bankruptcy Procedure 7033 and Federal Rule of Civil Procedure 33, and in response to the Interrogatories (the "Interrogatories," with each such item being an "Interrogatory") issued by the State of Maryland ("Maryland" or the "State") states as follows:

## INTERROGATORIES

**INTERROGATORY NO. 1:**            Identify all persons having discoverable information related to the Complaint, or the subject matter of this litigation including, but not limited to, any person that you intend to call as a witness at the trial in this matter.

Objection:    Enovational objects to this Interrogatory on the basis that it is overly broad, seeks the production of privileged information, and seeks the production of information protected by the attorney work product doctrine. Specifically, to the extent that Maryland seeks a list of *all* persons who have discoverable information (as opposed to those with personal knowledge of salient information), such necessarily includes Enovational's counsel, laypersons working with Enovational's counsel, and other information protected by the attorney/client privilege and the attorney work product doctrine. Enovational will not respond with such information and will not delineate its counsel – together with its counsel's staff and consultants – in response to this Interrogatory.

Answer:    Subject to, and without waiving, the foregoing objection, Enovational observes the following persons are believed to have discoverable information about this case:

1.    Current and Former Employees of Enovational

    1.1.    Abou Chabke, Rouba

    1.2.    Akula, Simon

    1.3.    Albo, River

    1.4.    Alfonso, Leonor

    1.5.    Amaya, Elvis

    1.6.    Anderson, John

    1.7.    Aposporos, Caroline

    1.8.    Ashby, Kyle

    1.9.    Auchter, Robert

    1.10.   Belli, Peter

    1.11.   Berman, Jacob

1.12.    Berman, Jesse

1.13.    Bhushan, Himanshu

1.14.    Bolanos, Carlos

1.15.    Boruk, Natalie

1.16.    Bos, Chloe

1.17.    Brown, Eboni

1.18.    Butler, Taylor

1.19.    Caluag, Christine

1.20.    Casey, Rebecca

1.21.    Chancharadeth, Chum

1.22.    Cicchino, Charles

1.23.    Cooper, Dylan

1.24.    Danielyan, Kristina

1.25.    David, Ryan

1.26.    de St. Aubin, Joseph

1.27.    DelVillan, Ashley

1.28.    DeVito, Mark

1.29.    Diaz, Michael

1.30.    Ding, Xueyi

1.31.    Dyer, Matthew

1.32.    Egan, Lauren

1.33.    Elwell, Bryon

1.34.    Emeritz, Phillip

1.35.   Enache, Vlad

1.36.   Enix, Kelsea

1.37.   Evans, Skyler

1.38.   Fix, Elizabeth

1.39.   Fritz, Jack

1.40.   Garcia, Kristine Marie

1.41.   Gavrilov, Evgueni

1.42.   Gern, Stephen

1.43.   Gilberry, Alyah

1.44.   Golos, Cindy

1.45.   Gross, Matthew

1.46.   Gunnala, Vamshidhar Reddy

1.47.   Hall, Jacob

1.48.   Hall, Max

1.49.   Hawkins, Pierre

1.50.   Headen, Phillip

1.51.   Henegar, Alex

1.52.   Hernandez, Mikala

1.53.   Hernandez, Molly

1.54.   Hilbrecht, Kyle

1.55.   Hoang, Tram

1.56.   Jackson, Lindsey

1.57.   Jackson, Tatiana

1.58.    Jawad, Iman

1.59.    Jiang, Qian

1.60.    Karpuram, Babysiva

1.61.    Kasian, Genna

1.62.    Kawecki, Benjamin

1.63.    Keusch, Jonathan

1.64.    Khatib, Carma

1.65.    Kishore, Anita

1.66.    Kozhevnikova, Roksolana

1.67.    Kushnir, Svitlana

1.68.    Kuttab, Yasmine

1.69.    Lee, Minhwan

1.70.    Levin, Adam

1.71.    Levinson, Melissa

1.72.    Lim, Phanith

1.73.    Lizza, Anthony

1.74.    Lourens, Charles

1.75.    Malaugh, Ciara

1.76.    Markaj, Martin

1.77.    Marney, Robert

1.78.    Mendelin, Oliver

1.79.    Michaels, Rachel

1.80.    Miller, Christopher Lane

1.81.  Mohammad Abuajjuir, Mahmoud Hussien

1.82.  Moullette, Jason

1.83.  Nabi, Bizin

1.84.  Orochena, Marcus

1.85.  Orochena, Nicholas

1.86.  Oyetunde, Oluwasinmi

1.87.  Palaniappa, Krithiga Devi

1.88.  Parks, Chelseay

1.89.  Paul, Casey

1.90.  Paul, Samantha

1.91.  Penamon, Timothy

1.92.  Pestana, Juan

1.93.  Phouthakoun, Davina

1.94.  Popescu, Alina

1.95.  Powell, Kristen

1.96.  Prince, Eitan

1.97.  Puckett, Megan

1.98.  Raville, Madelyn

1.99.  Raybon, Eli

1.100.  Read, Hannah

1.101.  Reyes, George

1.102.  Romano, Mitchell

1.103.  Salad, Amina

1.104.  Sath, Vuth

1.105.  Schnepfe, Ryan

1.106.  Schwarting, Emily

1.107.  Schwartz, Cooper

1.108.  Scott, Stephanie

1.109.  Sharp, Cayna

1.110.  Shutt, Kyle

1.111.  Sobat, Nazanin

1.112.  Solano, Dana

1.113.  Stone, Tetyana

1.114.  Tamariz, Julio

1.115.  Thapa, Sushil

1.116.  Thomas, Joel

1.117.  Thweatt, Morgan

1.118.  Toledo, Lisa

1.119.  Tonelson, Elise

1.120.  Ubaldi, Medina

1.121.  Valle Garcia, Julian

1.122.  van der Veen, William

1.123.  Walker, Allison

1.124.  Welliver, Megan

1.125.  Xu, Chenxi

1.126.  Yarrington, William

   1.127. Yaylagul, Omer

   1.128. Zhigalin, Petr

2.  The persons and entities identified in documents Enovational000045-
Enovational000101, with such production satisfying the rigors of Federal Rule of Civil Procedure
33(d).

  3.  Maryland Persons

   3.1. Lance Shine

   3.2. Michael G. Leahy

   3.3. Larry Hogan

   3.4. Howard Barr

   3.5. Ashley Laymon

   3.6. Kimberly Ringold

   3.7. Kumar Meka

   3.8. Tanya Williams

4.  All employees and contractors of the State of Maryland identified in Enovational's
production of documents, with such production satisfying the rigors of Federal Rule of Civil
Procedure 33(d).

5.  All residents of the State of Maryland who electronically registered to receive a
COVID-19 vaccine.

6.  All residents of the State of Maryland who submitted tickets through the interface
built for the Maryland Medical Cannabis Commission.

7.  All residents of the State of Maryland who submitted help tickets through the One
Stop interface.

8.    One or more corporate designees of the entitiy(ies) commonly known as Ernst &
Young and EY.

**INTERROGATORY NO. 2:**    Identify each person whom you expect to call as
an expert witness at trial, state the subject matter on which the expert is expected to testify, state
the substance of the findings and opinions to which the expert is expected to testify and a summary
of the grounds for each opinion, and, with respect to an expert whose findings and opinions were
acquired in anticipation of litigation or for trial, summarize the qualifications of the expert, state
the terms of the expert's compensation, and attach to your answers any available list of publications
written by the expert and any written report made by the expert concerning the expert's findings
and opinions.

Objection:    Enovational objects to this Interrogatory on the basis that it seeks the
production of information governed by the scheduling order herein and, further, that it seeks such
information prematurely. Enovational will make appropriate expert designations, if any, in accord
with the scheduling order.

**INTERROGATORY NO. 3:**    Identify all reports, memoranda, letters, working
papers, and other writings of all experts with whom you have consulted in connection with the
subject matter of the litigation.

Objection:    Enovational objects to this Interrogatory on the basis that it seeks the
production of information governed by the scheduling order herein and, further, that it seeks such
information prematurely. Enovational will make appropriate expert designations, if any, in accord
with the scheduling order

**INTERROGATORY NO. 4:**    If you intend to rely upon any documents or other
tangible things to support a position that you have taken or intend to take in this action, including

9

any claim for damages, provide a brief description, by category and location, of all such documents and other tangible things, and identify all persons having possession, custody or control of them.

Answer:    Pursuant to Federal Rule of Civil Procedure 33(d), Enovational will produce any such documents, *except* Enovational may also rely on any documents produced by Maryland herein and, for purposes of this Interrogatory, identifies all documents produced by Maryland as being responsive in nature, without undertaking the formality of reproducing such items to Maryland.

**INTERROGATORY NO. 5:**    Describe all instances where Maryland failed to abide by the strict terms of its own policies and procedures (Complaint, ¶23) with respect to Enovational, and set forth in your answer all documents and other materials setting forth such policies and procedures, and identify all persons with personal knowledge of such instances, policies and procedures.

Answer:    There appear to be numerous instances where Maryland failed to abide by the strict terms of its own policies and procedures. What is delineated herein is a good faith description of various such occasions, but Enovational anticipates learning of additional such instances during the discovery process and, as with all Interrogatories, reserves its right to amend or supplement its answer hereto.

Initially, it appears Maryland maintains that there exists a policy of not paying invoices unaccompanied by approved timesheets. Enovational is not certain of the codification, *vel non*, of this policy, and appreciates the policy may actually have been an ad hoc pretext to deny Enovational payment of various invoices. But, assuming *arguendo* such a policy exists, Maryland paid myriad Enovational invoices without approved timesheets. Anecdotally, this would include ITRP and the PRISM project, where invoices were paid without approved timesheets. And these

invoices were paid by DoIT – not some other department that may feign ignorance of DoIT policies and procedures.

Second, Maryland has expressed – on numerous occasions – that Enovational (and other contractors) ought not perform work without an NTP or Work Order. Yet on numerous occasions, DoIT asked Enovational to perform work without either document in place – often to the point of the work being near-completed, or even completed, without such a document ever being executed. A particularly acute example of this is found in a slide presentation commencing at page Enovational004616. Commencing on page Enovational004621, Maryland scolds Enovational – and threatens to withhold sign offs (and, ergo, payment) – because Enovational has approximately "50% of the scope" of the project "outstanding," with a Maryland agency reporting "a decrease in force/work stoppages December '21 through March of '22." The document goes on to bemoan that DoIT "did not receive written notice of a work stoppage from Enovational." Yet these concerns – and the pressure being applied by Maryland – relate to an MDA project where there was no work order in place. In fact, the document itself notes, *inter alia*, "An executed WO for MDA does not exist for FY22."

The foregoing bears some emphasis: DoIT breached its policy of having work orders in place (something that appears to be a routine violation on DoIT's part), directed Enovational to do work without a work order, then chided Enovational for not working sufficiently hard on the project – and threatened to withhold payment from Enovational on the project – all while there was still no work order in place. And this was not a unique occurrence; as it perhaps too prominently noted in this litigation, Maryland seemed content allowing projects to reach completion (or near completion) without a work order in place, seemingly with designs of then using the absence of a work order as a pretense to withhold payment for Enovational's services.

Present on the call, when this document was shared, were numerous DoIT officials, including Lance Shine, Ashley Laymon, Kimberly Ringold, Kumar Meka, and Tanya Williams.

Third, SDAT has refused to pay for tasks 9 and 10 completed by Enovational, indicating that it will not permit the subject project to move to the next milestone until Enovational honored a change order directing production data be moved to a lower environment where the data could be tested. This goes against the state's own express policies.

Cecily Morgan, from SDAT, stated on September 8, 2022: "Thanks Matt. Kim does DoIT have an issue with the placement of all data for RTC in the Test Environment. Thor indicated during our Oversight meeting this morning that he expects it all to be there. Kumar (DoIT) further indicated in his comments for the Data Conversion Plan that he wanted to understand how the complete data set would be tested. We haven't received a response to this inquiry submitted several weeks ago. Please advise and we can send these notes on all concerns to Thor for a formal written request if that's what the Team is asking for. Thor is happy to provide this request in writing. He has mentioned this several times over the last few months as his expectation to move to Milestone 2 during both demos for Milestone 1."

Cecily Morgan, also from SDAT, added on September 8, 2022: ""Thor did indicate during a meeting with DoIT Oversight this morning that ALL RTC data will have to be made available in Test to conduct UAT/Milestone 2. The subset was to complete Milestone 1 for sign- off and payment processing. DoIT is in agreement with all data being available so that data can also be spot checked by TCP and Kumar during UAT - a concern raised by DoIT in the Data Conversion Plan. Additionally, Thor would like the date all data will be transferred by to conduct UAT - submitted to me and Kim by Monday, September 12, 2022, COB."

Yet the State of Maryland Information Technology Security Manual, Version 1.2, dated June 28, 2019, provides (on page 198 thereof): "Data Restrictions – The organization is restricted from transmitting and/or using state production-level data within the development environment. The organization must notify the state of data restriction violations within (1) hour of discovery."

There are other occurrences that appear to violate Maryland rules (or, at minimum, that *should* violate Maryland rules). DoIT allowed Enovational to both provide analysis for ITPRs (scoping a project for purposes of developing a budget) and then provided the subject work to Enovational. This has occurred on at least five occasions, with it appearing that DoIT feigned to offer its own ITRP services to agencies but, in reality, outsources those efforts to the vendor being hired to perform the subject work,

There are, too, questions about why Maryland cancelled projects after having them near the point of substantial completion and thereby incurring the liability of payment on the projects (even if Maryland seems to not often regard such liability as binding).

And, finally, it bears notation that Maryland has repeatedly lied about having funding certifications completed, checks ready, or approvals in hand. This happened on numerous occasions with Enovational, including on one occasion where Vlad Enache was told point-blank by Ashley Laymon that a funding certification had been obtained only to later learn that payment was delayed because a funding certification had to be obtained.

**INTERROGATORY NO. 6:**    With respect to the allegations of ¶41 of the Complaint, identify all documents concerning such allegations and identify all persons with personal knowledge of such documents and allegations.

Answer:    Pursuant to Federal Rule of Civil Procedure 33(d), Enovational is producing all responsive documents. Equally, Enovational has identified all persons it believes to be

knowledgeable about the facts of this case, excepting those holding such knowledge through solely-privileged means.

**INTERROGATORY NO. 7:**    With respect to invoice no. 567 (Exhibit A),

a.    Describe in complete detail all documents concerning the services rendered and the work performed by Enovational as reflected on the invoice;

b.    Identify the person(s) who prepared or created the invoice;

c.    Describe how the invoice was created, prepared and constructed;

d.    Identify all documents that Enovational reviewed in creating, preparing and constructing the invoice;

e.    Identify all backup or supporting documentation, including time records and timesheets, concerning the invoice;

f.    Identify all documents, including work orders, correspondence, e-mails, agreements, contracts and similar documents, reflecting the work requested by Maryland, the terms and conditions of such work, and Maryland's requirements for such work, as reflected on the invoice; and

g.    Identify all persons with personal knowledge of such documents, the work evidenced by the invoice and the creation of the invoice.

Answer:    Pursuant to Federal Rule of Civil Procedure 33(d), Enovational is producing all responsive documents. Equally, Enovational has identified all persons it believes to be knowledgeable about the facts of this case, excepting those holding such knowledge through solely-privileged means.

**INTERROGATORY NO. 8:**    With respect to invoice no. 570 (Exhibit B) and Work Order 22,

a.    Describe in complete detail all documents concerning the services rendered and the work performed by Enovational as reflected on the invoice;

b.    Identify the person(s) who prepared or created the invoice;

c.    Describe how the invoice was created, prepared and constructed;

d.    Identify all documents that Enovational reviewed in creating, preparing and constructing the invoice;

e.    Identify all backup or supporting documentation, including time records and timesheets, concerning the invoice;

f.    Identify all documents, including work orders, correspondence, e-mails, agreements, contracts and similar documents reflecting the work requested by Maryland, the terms and conditions of such work, and Maryland's requirements for such work, as reflected on the invoice; and

g.    Identify all persons with personal knowledge of such documents, the work evidenced by the invoice and the creation of the invoice.

Answer:    Pursuant to Federal Rule of Civil Procedure 33(d), Enovational is producing all responsive documents. Equally, Enovational has identified all persons it believes to be knowledgeable about the facts of this case, excepting those holding such knowledge through solely-privileged means.

**INTERROGATORY NO. 9:**    With respect to invoice no. 602 (Exhibit C),

a.    Describe in complete detail all documents concerning the services rendered and the work performed by Enovational as reflected on the invoice;

b.    Identify the person(s) who prepared or created the invoice;

c.    Describe how the invoice was created, prepared and constructed;

d.     Identify all documents that Enovational reviewed in creating, preparing and constructing the invoice;

e.     Identify all backup or supporting documentation, including time records and timesheets, concerning the invoice;

f.     Identify all documents, including work orders, correspondence, e-mails, agreements, contracts and similar documents, reflecting the work requested by Maryland, the request(s) by Maryland of Enovational to perform such work, the terms and conditions of such work, and Maryland's requirements for such work, as reflected on the invoice; and

g.     Identify all persons with personal knowledge of such documents, the work evidenced by the invoice and the creation of the invoice.

Answer:     Pursuant to Federal Rule of Civil Procedure 33(d), Enovational is producing all responsive documents. Equally, Enovational has identified all persons it believes to be knowledgeable about the facts of this case, excepting those holding such knowledge through solely-privileged means.

**INTERROGATORY NO. 10:**   With respect to invoice no. 571 (Exhibit D) and work order 7,

a.     Describe in complete detail all documents concerning the services rendered and the work performed by Enovational as reflected on the invoice;

b.     Identify the person(s) who prepared or created the invoice;

c.     Describe how the invoice was created, prepared and constructed;

d.     Identify all documents that Enovational reviewed in creating, preparing and constructing the invoice;

e.      Identify all backup or supporting documentation, including time records and timesheets, concerning the invoice;

f.      Identify all documents, including work orders, correspondence, e-mails, agreements, contracts and similar documents reflecting the work requested by Maryland, the terms and conditions of such work, and Maryland's requirements for such work, as reflected on the invoice; and

g.      Identify all persons with personal knowledge of such documents, the work evidenced by the invoice and the creation of the invoice.

Answer:      Pursuant to Federal Rule of Civil Procedure 33(d), Enovational is producing all responsive documents. Equally, Enovational has identified all persons it believes to be knowledgeable about the facts of this case, excepting those holding such knowledge through solely-privileged means.

**INTERROGATORY NO. 11:**   With respect and invoice nos. 587 (Exhibit E), 588 (Exhibit F) and 589 (Exhibit G), and work order 17,

a.      Describe in complete detail all documents concerning the services rendered and the work performed by Enovational as reflected on such invoices;

b.      Identify the person(s) who prepared or created the invoices;

c.      Describe how the invoices were created, prepared and constructed;

d.      Identify all documents that Enovational reviewed in creating, preparing and constructing the invoices;

e.      Identify all backup or supporting documentation, including time records and timesheets, concerning the invoices;

17

f.      Identify all documents, including work orders, correspondence, e-mails, agreements, contracts and similar documents, reflecting the work requested by Maryland, the request(s) by Maryland of Enovational to perform such work, the terms and conditions of such work, and Maryland's requirements for such work, as reflected on the invoices; and

g.      Identify all persons with personal knowledge of such documents, the work evidenced by the invoices and the creation of the invoices.

Answer:      Pursuant to Federal Rule of Civil Procedure 33(d), Enovational is producing all responsive documents. Equally, Enovational has identified all persons it believes to be knowledgeable about the facts of this case, excepting those holding such knowledge through solely-privileged means.

**INTERROGATORY NO. 12:**   With respect to invoice nos. 569 (Exhibit H) and 617 (Exhibit I),

a.      Describe in complete detail all documents concerning the services rendered and the work performed by Enovational as reflected on such invoices;

b.      Identify the person(s) who prepared or created the invoices;

c.      Describe how the invoices were created, prepared and constructed;

d.      Identify all documents that Enovational reviewed in creating, preparing and constructing the invoices;

e.      Identify all backup or supporting documentation, including time records and timesheets, concerning the invoices;

f.      Identify all documents, including work orders, correspondence, e-mails, agreements, contracts and similar documents reflecting the work requested by Maryland,

the request(s) by Maryland of Enovational to perform such work, the terms and conditions of such work, and Maryland's requirements for such work, as reflected on the invoices; and

g.      Identify all persons with personal knowledge of such documents, the work evidenced by the invoice and the creation of the invoices.

Answer:      Pursuant to Federal Rule of Civil Procedure 33(d), Enovational is producing all responsive documents. Equally, Enovational has identified all persons it believes to be knowledgeable about the facts of this case, excepting those holding such knowledge through solely-privileged means.

**INTERROGATORY NO. 13:**   With respect to the Maryland Office of Food Protection and invoice no. 578 (Exhibit J),

a.      Describe in complete detail all documents concerning the services rendered and the work performed by Enovational as reflected on the invoice;

b.      Identify the person(s) who prepared or created the invoice;

c.      Describe how the invoice was created, prepared and constructed;

d.      Identify all documents that Enovational reviewed in creating, preparing and constructing the invoice;

e.      Identify all backup or supporting documentation, including time records and timesheets, concerning the invoice;

f.      Identify all documents, including work orders, correspondence, e-mails, agreements, contracts and similar documents reflecting the work requested by Maryland, the request(s) by Maryland of Enovational to perform such work, the terms and conditions of such work, and Maryland's requirements for such work, as reflected on the invoice; and

g.       Identify all persons with personal knowledge of such documents, the work evidenced by the invoice and the creation of the invoice.

Answer:       Pursuant to Federal Rule of Civil Procedure 33(d), Enovational is producing all responsive documents. Equally, Enovational has identified all persons it believes to be knowledgeable about the facts of this case, excepting those holding such knowledge through solely-privileged means.

**INTERROGATORY NO. 14:**   With respect to invoice no. 576 (Exhibit K) and work order 1,

a.       Describe in complete detail all documents concerning the services rendered and the work performed by Enovational as reflected on the invoice;

b.       Identify the person(s) who prepared or created the invoice;

c.       Describe how the invoice was created, prepared and constructed;

d.       Identify all documents that Enovational reviewed in creating, preparing and constructing the invoice;

e.       Identify all backup or supporting documentation, including time records and timesheets, concerning the invoice;

f.       Identify all documents, including work orders, correspondence, e-mails, agreements, contracts and similar documents reflecting the work requested by Maryland, the terms and conditions of such work, and Maryland's requirements for such work, as reflected on the invoice; and

g.       Identify all persons with personal knowledge of such documents, the work evidenced by the invoice and the creation of the invoice.

Answer:         Pursuant to Federal Rule of Civil Procedure 33(d), Enovational is producing all responsive documents. Equally, Enovational has identified all persons it believes to be knowledgeable about the facts of this case, excepting those holding such knowledge through solely-privileged means.

**INTERROGATORY NO. 15:**   With respect to invoice no. 591 (Exhibit L) and work order 18,

a.         Describe in complete detail all documents concerning the services rendered and the work performed by Enovational as reflected on the invoice;

b.         Identify the person(s) who prepared or created the invoice;

c.         Describe how the invoice was created, prepared and constructed;

d.         Identify all documents that Enovational reviewed in creating, preparing and constructing the invoice;

e.         Identify all backup or supporting documentation, including time records and timesheets concerning the invoice;

f.         Identify all documents, including work orders, correspondence, e-mails, agreements, contracts and similar documents reflecting the work requested by Maryland, the terms and conditions of such work, and Maryland's requirements for such work, as reflected on the invoice; and

g.         Identify all persons with personal knowledge of such documents, the work evidenced by the invoice and the creation of the invoice.

Answer:         Pursuant to Federal Rule of Civil Procedure 33(d), Enovational is producing all responsive documents. Equally, Enovational has identified all persons it believes to be

knowledgeable about the facts of this case, excepting those holding such knowledge through solely-privileged means.

INTERROGATORY NO. 16:   With respect to invoice no. 600 (Exhibit M),

a.    Describe in complete detail all documents concerning the services rendered and the work performed by Enovational as reflected on the invoice;

b.    Identify the person(s) who prepared or created the invoice;

c.    Describe how the invoice was created, prepared and constructed;

d.    Identify all documents that Enovational reviewed in creating, preparing and constructing the invoice;

e.    Identify all backup or supporting documentation, including time records and timesheets, concerning the invoice;

f.    Identify all documents, including work orders, correspondence, e-mails, agreements, contracts and similar documents reflecting the work requested by Maryland, the request(s) by Maryland of Enovational to perform such work, the terms and conditions of such work, and Maryland's requirements for such work, as reflected on the invoice; and

g.    Identify all persons with personal knowledge of such documents, the work evidenced by the invoice and the creation of the invoice.

Answer:    Pursuant to Federal Rule of Civil Procedure 33(d), Enovational is producing all responsive documents. Equally, Enovational has identified all persons it believes to be knowledgeable about the facts of this case, excepting those holding such knowledge through solely-privileged means.

INTERROGATORY NO. 17:   With respect to invoice no. 601 (Exhibit N),

a.      Describe in complete detail all documents concerning the services rendered and the work performed by Enovational as reflected on the invoice;

b.      Identify the person(s) who prepared or created the invoice;

c.      Describe how the invoice was created, prepared and constructed;

d.      Identify all documents that Enovational reviewed in creating, preparing and constructing the invoice;

e.      Identify all backup or supporting documentation, including time records and timesheets, concerning the invoice;

f.      Identify all documents, including work orders, correspondence, e-mails, agreements, contracts and similar documents reflecting the work requested by Maryland, the request(s) by Maryland of Enovational to perform such work, the terms and conditions of such work, and Maryland's requirements for such work, as reflected on the invoice; and

g.      Identify all persons with personal knowledge of such documents, the work evidenced by the invoice and the creation of the invoice.

Answer:      Pursuant to Federal Rule of Civil Procedure 33(d), Enovational is producing all responsive documents. Equally, Enovational has identified all persons it believes to be knowledgeable about the facts of this case, excepting those holding such knowledge through solely-privileged means.

**INTERROGATORY NO. 18:**   With respect to invoice no. 609 (Exhibit O),

a.      Describe in complete detail all documents concerning the services rendered and the work performed by Enovational as reflected on the invoice;

b.      Identify the person(s) who prepared or created the invoice;

c.      Describe how the invoice was created, prepared and constructed;

d.      Identify all documents that Enovational reviewed in creating, preparing and constructing the invoice;

e.      Identify all backup or supporting documentation, including time records and timesheets, concerning the invoice;

f.      Identify all documents, including work orders, correspondence, e-mails, agreements, contracts and similar documents reflecting the work requested by Maryland, the request(s) by Maryland of Enovational to perform such work, the terms and conditions of such work, and Maryland's requirements for such work, as reflected on the invoice; and

g.      Identify all persons with personal knowledge of such documents, the work evidenced by the invoice and the creation of the invoice.

Answer:      Pursuant to Federal Rule of Civil Procedure 33(d), Enovational is producing all responsive documents. Equally, Enovational has identified all persons it believes to be knowledgeable about the facts of this case, excepting those holding such knowledge through solely-privileged means.

**INTERROGATORY NO. 19:**   With respect to invoice nos. 603 (Exhibit P) and 604 (Exhibit Q),

a.      Describe in complete detail all documents concerning the services rendered and the work performed by Enovational as reflected on the invoices;

b.      Identify the person(s) who prepared or created the invoices;

c.      Describe how the invoices were created, prepared and constructed;

d.      Identify all documents that Enovational reviewed in creating, preparing and constructing the invoices;

e.      Identify all backup or supporting documentation, including time records and timesheets, concerning the invoices;

f.      Identify all documents, including work orders, correspondence, e-mails, agreements, contracts and similar documents reflecting the work requested by Maryland, the request(s) by Maryland of Enovational to perform such work, the terms and conditions of such work, and Maryland's requirements for such work, as reflected on the invoices; and

g.      Identify all persons with personal knowledge of such documents, the work evidenced by the invoices and the creation of the invoices.

Answer:      Pursuant to Federal Rule of Civil Procedure 33(d), Enovational is producing all responsive documents. Equally, Enovational has identified all persons it believes to be knowledgeable about the facts of this case, excepting those holding such knowledge through solely-privileged means.

**INTERROGATORY NO. 20:**   With respect to invoices nos. 605 (Exhibit R), 610 (Exhibit S), 611 (Exhibit T), and 615 (Exhibit U),

a.      Describe in complete detail all documents concerning the services rendered and the work performed by Enovational as reflected on such invoices;

b.      Identify the person(s) who prepared or created the invoices;

c.      Describe how the invoices were created, prepared and constructed;

d.      Identify all documents that Enovational reviewed in creating, preparing and constructing the invoices;

e.      Identify all backup or supporting documentation, including time records and timesheets, concerning the invoices;

f.      Identify all documents, including work orders, correspondence, e-mails, agreements, contracts and similar documents reflecting the work requested by Maryland, the request(s) by Maryland of Enovational to perform such work, the terms and conditions of such work, and Maryland's requirements for such work, as reflected on the invoices; and

g.      Identify all persons with personal knowledge of such documents, the work evidenced by the invoices and the creation of the invoices.

Answer:      Pursuant to Federal Rule of Civil Procedure 33(d), Enovational is producing all responsive documents. Equally, Enovational has identified all persons it believes to be knowledgeable about the facts of this case, excepting those holding such knowledge through solely-privileged means.

**INTERROGATORY NO. 21:**   With respect to invoice no. 606 (Exhibit V),

a.      Describe in complete detail all documents concerning the services rendered and the work performed by Enovational as reflected on the invoice;

b.      Identify the person(s) who prepared or created the invoice;

c.      Describe how the invoice was created, prepared and constructed;

d.      Identify all documents that Enovational reviewed in creating, preparing and constructing the invoice;

e.      Identify all backup or supporting documentation, including time records and timesheets, concerning the invoice;

f.      Identify all documents, including work orders, correspondence, e-mails, agreements, contracts and similar documents reflecting the work requested by Maryland, the request(s) by Maryland of Enovational to perform such work, the terms and conditions of such work, and Maryland's requirements for such work, as reflected on the invoice; and

26

g.      Identify all persons with personal knowledge of such documents, the work evidenced by the invoice and the creation of the invoice.

Answer:      Pursuant to Federal Rule of Civil Procedure 33(d), Enovational is producing all responsive documents. Equally, Enovational has identified all persons it believes to be knowledgeable about the facts of this case, excepting those holding such knowledge through solely-privileged means.

**INTERROGATORY NO. 22:**    With respect to invoices no. 607 (Exhibit W) and 616 (Exhibit X),

a.      Describe in complete detail all documents concerning the services rendered and the work performed by Enovational as reflected on such invoices;

b.      Identify the person(s) who prepared or created invoices;

c.      Describe how the invoices were created, prepared and constructed;

d.      Identify all documents that Enovational reviewed in creating, preparing and constructing the invoices;

e.      Identify all backup or supporting documentation, including time records and timesheets, concerning the invoices;

f.      Identify all documents, including work orders, correspondence, e-mails, agreements, contracts and similar documents reflecting the work requested by Maryland, the request(s) by Maryland of Enovational to perform such work, the terms and conditions of such work, and Maryland's requirements for such work, as reflected on the invoices; and

g.      Identify all persons with personal knowledge of such documents, the work evidenced by the invoices and the creation of the invoices.

Answer:        Pursuant to Federal Rule of Civil Procedure 33(d), Enovational is producing all responsive documents. Equally, Enovational has identified all persons it believes to be knowledgeable about the facts of this case, excepting those holding such knowledge through solely-privileged means.

**INTERROGATORY NO. 23:**   With respect to invoice no. 608 (Exhibit Y),

a.        Describe in complete detail all documents concerning the services rendered and the work performed by Enovational as reflected on the invoice;

b.        Identify the person(s) who prepared or created the invoice;

c.        Describe how the invoice was created, prepared and constructed;

d.        Identify all documents that Enovational reviewed in creating, preparing and constructing the invoice;

e.        Identify all backup or supporting documentation, including time records and timesheets, concerning the invoice;

f.        Identify all documents, including work orders, correspondence, e-mails, agreements, contracts and similar documents reflecting the work requested by Maryland, the request(s) by Maryland of Enovational to perform such work, the terms and conditions of such work, and Maryland's requirements for such work, as reflected on the invoice; and

g.        Identify all persons with personal knowledge of such documents, the work evidenced by the invoice and the creation of the invoice.

Answer:        Pursuant to Federal Rule of Civil Procedure 33(d), Enovational is producing all responsive documents. Equally, Enovational has identified all persons it believes to be knowledgeable about the facts of this case, excepting those holding such knowledge through solely-privileged means.

**INTERROGATORY NO. 24:**  With respect to invoice no. 613 (Exhibit Z),

a.      Describe in complete detail all documents concerning the services rendered and the work performed by Enovational as reflected on the invoice;

b.      Identify the person(s) who prepared or created the invoice;

c.      Describe how the invoice was created, prepared and constructed;

d.      Identify all documents that Enovational reviewed in creating, preparing and constructing the invoice;

e.      Identify all backup or supporting documentation, including time records and timesheets, concerning the invoice;

f.      Identify all documents, including work orders, correspondence, e-mails, agreements, contracts and similar documents reflecting the work requested by Maryland, the request(s) by Maryland of Enovational to perform such work, the terms and conditions of such work, and Maryland's requirements for such work, as reflected on the invoice; and

g.      Identify all persons with personal knowledge of such documents, the work evidenced by the invoice and the creation of the invoice.

Answer:      Pursuant to Federal Rule of Civil Procedure 33(d), Enovational is producing all responsive documents. Equally, Enovational has identified all persons it believes to be knowledgeable about the facts of this case, excepting those holding such knowledge through solely-privileged means.

**INTERROGATORY NO. 25:**  With respect to invoice no. 614 (Exhibit AA),

a.      Describe in complete detail all documents concerning the services rendered and the work performed by Enovational as reflected on the invoice;

b.      Identify the person(s) who prepared or created the invoice;

c.      Describe how the invoice was created, prepared and constructed;

d.      Identify all documents that Enovational reviewed in creating, preparing and constructing the invoice;

e.      Identify all backup or supporting documentation, including time records and timesheets, concerning the invoice;

f.      Identify all documents, including work orders, correspondence, e-mails, agreements, contracts and similar documents reflecting the work requested by Maryland, the request(s) by Maryland of Enovational to perform such work, the terms and conditions of such work, and Maryland's requirements for such work, as reflected on the invoice; and

g.      Identify all persons with personal knowledge of such documents, the work evidenced by the invoice and the creation of the invoice.

Answer:      Pursuant to Federal Rule of Civil Procedure 33(d), Enovational is producing all responsive documents. Equally, Enovational has identified all persons it believes to be knowledgeable about the facts of this case, excepting those holding such knowledge through solely-privileged means.

Respectfully submitted,

Dated: November 26, 2023      By:      /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for Enovational Corp.*