Case 22-10014-ELG   Doc 56-8   Filed 03/14/24   Entered 03/14/24 09:53:38   Desc
Exhibit Ex. H - Responses to Request for Production of Documents   Page 1 of 11

Exhibit H

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re: | * | |
| ENOVATIONAL CORP., | * | Case No. 22-00055-ELG |
| Debtor. | * | (Chapter 11) |
| * * * * * * | * | * * * * * |
| ENOVATIONAL CORP., | * | Adv. Pro. 22-10014-ELG |
| Plaintiff, | * | |
| v. | * | |
| THE STATE OF MARYLAND, | * | |
| Defendant. | * | |
| * * * * * * | * | * * * * * |

**RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**

Comes now Enovational Corp. ("Enovational" or the "Plaintiff" or the "Debtor"), pursuant to Federal Rule of Civil Procedure 34, and responds to the document requests (the "Requests," and each a "Request") of the State of Maryland ("Maryland") as follows:

**DOCUMENT REQUESTS**

**REQUEST 1:** Any statements recorded or written in any manner by any party relating to the allegations contained in the Complaint.

Objection: Enovational objects to this Request to the extent it seeks information protected by the attorney/client privilege. Specifically, statements made by Enovational, or the various agents of Enovational, to counsel, are privileged in nature and outside the permissible scope of discovery. Enovational also objects to this Request on the basis that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, this

Request seeks *any* statements made by *any* party relating to *any* of the allegations in the Complaint. Amongst the allegations in the Complaint are that Enovational is a corporation (¶ 9) that filed for bankruptcy protection (¶9), that Maryland is a member of the union (¶ 10), and that Enovational did work for Maryland "on various governmental projects" (¶ 15). Literally every e-mail ever sent by any employee of Enovational, relating even vaguely to a Maryland project, would be subsumed within this Request. Maryland has not furnished search terms or Boolean indicators. And this Request is thusly overly broad in nature.

  **Response:** Subject to, and without waiving, the foregoing objection, Enovational will produce any written statements it may obtain from witnesses in connection with this litigation. As of present, no such statements have been obtained; though Enovational is in the midst of conducting a series of informal witness interviews, no person has been asked – as of yet – to produce a formal statement. Enovational will also produce the various documents it believes relevant to this matter, most of which have already been produced.

  **REQUEST 2:** Any physical evidence, documents or tangible objects which you intend to offer into evidence at the trial, or hearing, of this case.

  Response: Enovational has already produced several thousand pages of documents. To the extent additional responsive documents are located, they will be produced.

  **REQUEST 3:** Any Documents which relate to, describe, summarize, or memorialize any communication between you and Maryland concerning the subject matter of this litigation.

  Objection: Enovational objects to this Request to the extent it seeks information protected by the attorney/client privilege and the attorney work product doctrine. Specifically, statements made by Enovational, or the various agents of Enovational, to counsel, are privileged in nature and outside the permissible scope of discovery. Similarly, the notes of counsel

collected in furtherance of this case are covered by the work product doctrine and not subject to production. Enovational also objects to this Request on the basis that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, this Request seeks *any* document that relates, in any way, to this case. Amongst the allegations in the Complaint are that Enovational is a corporation (¶ 9) that filed for bankruptcy protection (¶9), that Maryland is a member of the union (¶ 10), and that Enovational did work for Maryland "on various governmental projects" (¶ 15). Literally every e-mail ever sent by any employee of Enovational, relating even vaguely to a Maryland project, would be subsumed within this Request. Maryland has not furnished search terms or Boolean indicators. And this Request is thusly overly broad in nature.

Response:   Subject to, and without waiving, the foregoing objection, Enovational will produce the various documents it believes relevant to this matter, most of which have already been produced.

**REQUEST 4:**   Any Documents which relate to, describe, summarize, or memorialize any communication between you and any other third party concerning the subject matter of this litigation.

Objection:   Enovational objects to this Request to the extent it seeks information protected by the attorney/client privilege and the attorney work product doctrine. Specifically, statements made by Enovational, or the various agents of Enovational, to counsel, are privileged in nature and outside the permissible scope of discovery. Similarly, the notes of counsel collected in furtherance of this case are covered by the work product doctrine and not subject to production. Enovational also objects to this Request on the basis that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, this

3

Request seeks *any* document that relates, in any way, to this case. Amongst the allegations in the Complaint are that Enovational is a corporation (¶ 9) that filed for bankruptcy protection (¶9), that Maryland is a member of the union (¶ 10), and that Enovational did work for Maryland "on various governmental projects" (¶ 15). Literally every e-mail ever sent by any employee of Enovational, relating even vaguely to a Maryland project, would be subsumed within this Request. Maryland has not furnished search terms or Boolean indicators. And this Request is thusly overly broad in nature.

Response: Subject to, and without waiving, the foregoing objection, Enovational will produce the various documents it believes relevant to this matter, most of which have already been produced.

**REQUEST 5:** All Documents written by you concerning the subject matter of this litigation.

Objection: Enovational objects to this Request to the extent it seeks information protected by the attorney/client privilege. Specifically, statements made by Enovational, or the various agents of Enovational, to counsel, are privileged in nature and outside the permissible scope of discovery. Enovational also objects to this Request on the basis that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, this Request seeks *any* document written by Enovational that relates, in any way, to this case. Amongst the allegations in the Complaint are that Enovational is a corporation (¶ 9) that filed for bankruptcy protection (¶9), that Maryland is a member of the union (¶ 10), and that Enovational did work for Maryland "on various governmental projects" (¶ 15). Literally every e-mail ever sent by any employee of Enovational, relating even vaguely to a Maryland project,

would be subsumed within this Request. Maryland has not furnished search terms or Boolean indicators. And this Request is thusly overly broad in nature.

Response: Subject to, and without waiving, the foregoing objection, Enovational will produce the various documents it believes relevant to this matter, most of which have already been produced.

**REQUEST 6:** The CATS+ Contract described in paragraph 20 of the Complaint.

Response: The subject document is appended to Enovational's motion for partial summary judgment. If Maryland wishes to have Enovational additionally produce the subject document, Enovational will be happy to do so.

**REQUEST 7:** The OneStop – centric task order described in paragraph 21 of the Complaint.

Response: The subject document will be produced.

**REQUEST 8:** All Documents referred to or identified in your Answers to Interrogatories in this case.

Response: Responsive documents will be produced to the extent they have not already.

**REQUEST 9:** All Documents you reviewed or consulted in drafting your Answers to Interrogatories in this case.

Objection: Enovational objects to this Request on the basis that it seeks information protected by the attorney/client privilege and the attorney work product doctrine. Specifically, to the extent communications with counsel were reviewed or consulted in preparing interrogatory answers, and to the extent counsel prepared drafts of such answers, the documents are beyond the permissible scope of discovery.

5

Response: Subject to, and without waiving, the foregoing objection, responsive documents have been produced.

**REQUEST 10:** All Documents which support any factual allegations made in your Answers to Interrogatories in this case.

Objection: Enovational objects to this Request on the basis that it seeks information protected by the attorney/client privilege and the attorney work product doctrine. Specifically, to the extent communications with counsel support interrogatory answers, and to the extent counsel prepared drafts of such answers, the documents are beyond the permissible scope of discovery. Enovational also objects to this Request on the basis that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, this Request seeks *any* document that supports *any* interrogatory answers. Amongst the answers to interrogatories is a list of all witnesses with knowledge of the facts relevant to this case, including, *inter alia*, "All residents of the State of Maryland who electronically registered to receive a COVID-19 vaccine." Literally every e-mail ever sent by any employee of Enovational, relating even vaguely to the vaccine registration project, would be subsumed within this Request. Maryland has not furnished search terms or Boolean indicators. And this Request is thusly overly broad in nature.

Response: Subject to, and without waiving, the foregoing objection, responsive documents have been produced.

**REQUEST 11:** Any reports, and any drafts thereof, prepared by any expert witness you intend to call at the trial in this matter.

Response: Enovational has not designated any experts who are required to prepare a report and, as such, no responsive documents exist.

**REQUEST 12:** The current resume and/or curriculum vitae of any expert witness you intend to call at the trial in this matter.

Response: It is not clear if either of Enovational's designated experts maintain a current resume or CV. If they do, such will be produced.

**REQUEST 13:** All Documents you provided to any expert you expect to testify in this lawsuit.

Objection: One of Enovational's expert witnesses is Vlad Enache, the principal of the company and the Debtor's designee for the duration of the bankruptcy proceeding. This creates a paradigm whereby documents furnished to him include both (i) items protected by the attorney/client privilege; and (ii) items beyond the reasonable scope of relevance. Mr. Enache possesses *every* document in Enovational's possession, since he is Enovational's last remaining representative. Thusly, as it relates to Mr. Enache, this Request is not reasonably calculated to lead to the discovery of admissible evidence.

Insofar as Enovational's other expert is concerned, there is no objection as to documents furnished *after* litigation commenced. However, to the extent Maryland seeks documents from Jack Fritz's employment with Enovational, the same objections would apply given that (i) Mr. Fritz was party to attorney/client communications; and (ii) a large swath of the materials made available to Mr. Fritz, as an employee, are not relevant to this case.

Response: Subject to, and without waiving, the foregoing objection, all documents furnished to Mr. Fritz, to refresh his recollection in advance of furnishing testimony herein, have been provided to Maryland.

**REQUEST 14:** All Documents you receive in response to any subpoena you issue in this lawsuit.

7

Response:        Enovational will produce all responsive documents.

**REQUEST 15:**    All Documents relating to the allegations of paragraph 38 of the Complaint.

Objection:        Paragraph 38 of the Complaint broadly relates to Maryland asking Enovational to develop a vaccine registration system. Enovational had over 100 employees at all times relevant, many of whom worked on this project directly or indirectly. At bottom, this Request would include *every* e-mail sent by *every* employee, of *any* relevance to this project. Yet Maryland has not furnished search terms or proposed Boolean connectors. As such, this Request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

Additionally, since this Request seeks *all* documents *relating* to the subject work, such also includes items protected by the attorney/client privilege and the attorney work product doctrine, all of which is outside the permissible scope of discovery.

Response: Subject to, and without waiving, the foregoing objection, Enovational has produced – and/or will produce – all documents it plans to rely upon in proving this allegation through this case.

**REQUEST 16:**    All documents relating to the allegations of paragraph 42 of the Complaint.

Objection:        Paragraph 42 of the Complaint broadly relates to the work Enovational did on a vaccine registration project for Maryland. At bottom, this Request would include *every* e-mail sent by *every* employee, of *any* relevance to this project. Yet Maryland has not furnished search terms or proposed Boolean connectors. As such, this Request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

Additionally, since this Request seeks *all* documents *relating* to the subject work, such also includes items protected by the attorney/client privilege and the attorney work product doctrine, all of which is outside the permissible scope of discovery.

Response: Subject to, and without waiving, the foregoing objection, Enovational has produced – and/or will produce – all documents it plans to rely upon in proving this allegation through this case.

**REQUEST 17:** All Documents relating to the allegations of paragraph 45 of the Complaint, including the backup documentation.

Objection: Paragraph 42 of the Complaint addresses how time was memorialized for Enovational's work on a large and far-reaching vaccine registration project unmoored to any contractual framework. Yet Maryland has not furnished search terms or proposed Boolean connectors. As such, this Request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

Additionally, since this Request seeks *all* documents *relating* to the subject paragraph, such also includes items protected by the attorney/client privilege and the attorney work product doctrine, all of which is outside the permissible scope of discovery.

Response: Subject to, and without waiving, the foregoing objection, Enovational has produced – and/or will produce – all documents it plans to rely upon in proving this allegation through this case.

**REQUESTS 18-24, 26-27, 29, 33-37, 39-49**

Objection: Each of these Requests relate to an invoice, work order, or milestone, seeking *all documents* related thereto. Enovational objects to each such request on two grounds: (i) *all* documents of relation would necessarily include items covered by the attorney/client

9

privilege and the attorney work product doctrine, neither of which are subject to discovery; and (ii) *all* documents would necessarily include e-mails, Slack communications, and other internal communications, yet Maryland has not furnished any proposed search terms of Boolean connectors. Such an unrefined series of Requests necessarily lacks reasonable calculation to lead to the discovery of admissible evidence, places an undue burden upon Enovational, and departs from the contours of a reasonable discovery request in a document-rich case such as this.

Response:    Subject to, and without waiving, the foregoing objection, Enovational has produced documents – arranged by invoice – to support each and every one of the subject invoices, work orders and milestones. Enovational will produce any additional documents it may rely upon to prove its entitlement to payment of these invoices.

**REQUESTS 25, 28, 30-31**

Each of these Requests seek *all documents* relating to the allegations of a given paragraph of the Complaint. Enovational objects to each such request on two grounds: (i) *all* documents of relation would necessarily include items covered by the attorney/client privilege and the attorney work product doctrine, neither of which are subject to discovery; and (ii) *all* documents would necessarily include e-mails, Slack communications, and other internal communications, yet Maryland has not furnished any proposed search terms of Boolean connectors. Such an unrefined series of Requests necessarily lacks reasonable calculation to lead to the discovery of admissible evidence, places an undue burden upon Enovational, and departs from the contours of a reasonable discovery request in a document-rich case such as this.

Response:    Subject to, and without waiving, the foregoing objection, Enovational has produced documents – arranged by invoice – to support each and every one of the subject

10

invoices, work orders and milestones. Enovational will produce any additional documents it may rely upon to prove its entitlement to payment of these invoices.

                                                  Respectfully submitted,

Dated: February 11, 2024      By:    /s/ Maurice B. VerStandig
                                                 Maurice B. VerStandig, Esq.
                                                 Bar No. MD18071
                                                 The Belmont Firm
                                                 1050 Connecticut Avenue, NW, Suite 500
                                                 Washington, DC 20036
                                                 Phone: (202) 991-1101
                                                 mac@dcbankruptcy.com
                                                 *Counsel for Enovational Corp.*