Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for Enovational Corp.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: | Case No. 22-55-ELG |
| ENOVATIONAL CORP. | (Chapter 11) |
| Debtor. | |
| _____/ | |
| ENOVATIONAL CORP. | Adversary Proceeding No. 22-10014-ELG |
| Plaintiff, | |
| v. | |
| THE STATE OF MARYLAND | |
| Defendant. | |
| _____/ | |

### **SUPPLEMENTAL BRIEF OF ENOVATIONAL CORP.**

Comes now Enovational Corp. ("Enovational" or the "Debtor"), by and through undersigned counsel, pursuant to the stipulation of Enovational and the State of Maryland ("Maryland" or the "Defendant," with the stipulation being found at DE #70), and furnishes this supplemental brief in support of Enovational's motion for partial summary judgment (DE #31):

1

**I.    Introduction**

When Maryland refused to pay Enovational several million dollars in non-contractual work, the Debtor was forced into Chapter 11, compelled to downsize, and eventually left with no responsible choice but to sell substantially all of its assets to a third party that, in turn, hired almost the whole of Enovational's now-former workforce. All of which creates a paradigm where the Debtor is not only owed significant monies for the aforementioned non-contractual work but, too, owed significant monies for contractual work that was substantially completed pre-confirmation. The issue now raised by Maryland is whether Enovational's alleged failure to comply with the state's oft-dizzying and enigmatic administrative procedures for obtaining payment may constitute, in turn, a defense to claims for breach of contract.

This issue is a herring as red as Maryland's tape. Maryland law – buttressed by analogous holdings from myriad bankruptcy court – makes clear that a party substantially performing under a contract is entitled to payment thereunder, even if technical non-compliance is found to be afoot. Governing law does, however, provide that where payment is sought for substantial (as opposed to complete) performance, the counterparty is permitted to assert the affirmative defense of setoff for any damages occasioned by the non-complete performance. Maryland has not, however, asserted any such setoff defense in this case.[1]

It does not appear Maryland can, in good faith, assert any monetary damages to have been occasioned by Enovational's alleged post-petition non-compliance with administrative payment rigors. The record is clear that the Debtor delivered its products to the state, serviced those

---

[1] For the avoidance of ambiguity, Maryland *has* filed a claim against Enovational, asserting a claim to recover certain monies, with it being understood that the subject claim (to which Enovational has objected) would be a setoff if successful. That claim is not, however, one for setoff occasioned by alleged non-compliance with administrative payment rigors.

2

products, and even performed user-facing support for those products. All Maryland pertinently alleges is that Enovational did not comply with a dizzying, ever-changing, byzantine set of sign-off rigors. The summary judgment record actually shows such sign-offs were often obtained (and that most such sign-offs were not contractually required). But if Maryland believes it can allege, in good faith, that the failure to obtain sign-offs occasioned monetary damages, then the question necessarily becomes why the affirmative defense of setoff has not been pleaded by Maryland in its answer (the "Answer," as found at DE #16).

## II.     Substantial Performance

The law has long recognized that not all contracts can be completed. Whether by reason of impossibility, force majeure, labor disruption, material shortages, interparty hostilities, or bankruptcy, contracting parties have for centuries been compelled to reckon with the appropriate compensatory measures and standards where a job is mostly completed – and a recipient largely enriched – but finality proves elusive. It is from this construct that the doctrine of substantial performance was born, and it is that doctrine that would control if Enovational is found to have undertaken the work called for in contracts with Maryland but also found to have not precisely or fully complied with procedural payment requirements of those same contracts.

As far back as 1929, the Maryland Court of Appeals (now the Supreme Court of Maryland) explained of the doctrine of substantial performance:

> While the weight of authority permits a recovery upon the contract on proof of a substantial performance, the full contract price cannot be recovered, unless the owner has accepted the work done as a complete performance. The mode of ascertaining the real benefit derived by the owner from the substantial performance of the contract where there has been no willful breach going to the essence of the contract, but comparatively slight omissions and defects in performance which can be readily ascertained, measured, and compensated in damages, is ordinarily to estimate the whole work at the price fixed by the contract and to deduct from that amount whatever sum would be required to complete the part of the work left unfinished through the default of the contractor.

3

*Hammaker v. Schleigh*, 147 A. 790, 797 (Md. 1929) (citing 2 Williston on Contracts, § 724; *Speed v. Bailey*, 153 Md. 655, 659 (Md. 1927); *Robinson Con. Co. v. Barry*, 135 Md. 275, 278 (Md. 1919); *McEvoy v. Harn*, 129 Md. 93, 94-95 (Md. 1916); *Iron Clad Mfg. Co. v. Stanfield*, 112 Md. 360, 383 (Md. 1910); *Cent. Tr. Co. of New York v. Arctic Ice-Mach. Mfg. Co*, 77 Md. 202, 238 (Md. 1893); *Presbyterian Church v. Hoopes Artificial Stone Co.*, 66 Md. 598 (Md. 1887); *Dakin & Co. v. Lee, L. R.*, 1 K. B. 566 (King's Bench 1916); 10 British Ruling Cases 700–775;[2] 23 A. L. R. 1429–1442; 38 A. L. R. 1377–1384; 6 R. C. L. §§ 343, 344, pp. 967, 972; Williston on Contracts §§ 805, 842; Sutherland on Damages (14th Ed.) § 711, pp. 2678, 2679; Woodward on Law of Quasi Contract, § 175).

With time, this doctrine has been refined into more modern verbiage, addressing the contemporary law of substantial performance.

> Certainly, Maryland law does not require a plaintiff to allege perfect performance to sue for breach of contract. Like most jurisdictions, Maryland recognizes the doctrine of substantial performance, which "allows a party that has substantially complied with a contract to recover for its performance despite the fact that it has breached the contract by failing to comply fully with its terms." The capacity of a breaching plaintiff to sue on the contract it breached necessarily implies that perfect performance is not required.

*TBC, Inc. v. DEI Holdings, Inc.*, 2015 WL 1396120, at *6 (D. Md. Mar. 24, 2015) (quoting 15 Williston on Contracts § 44:58 (4th ed.2014); citing *Dep't of Hous. & Cmty. Dev. v. Mullen*, 886 A.2d 900, 919–20 (Md. App. 2005)). *See also*, *Ballou v. Basic Const. Co*., 407 F.2d 1137, 1140 (4th Cir. 1969) ("The court stated that substantial performance is an equitable doctrine, intended to prevent unjust enrichment, which allows a contractor who has not complied with a contract in every detail to recover for work done which enriches the other contracting party.").

---

[2] It appears this may be a reference to "Annotation 10" in a former court reporter known as "British Ruling Cases," at pages 700 through 775. Undersigned counsel has been unable to locate a copy of the publication, however.

*TBC* is instructive *sub judice*. Enovational has sued Maryland for breach of contract, alleging that Enovational complied with all of the substantive terms of various agreements by delivering the goods and services ordered by the state. In some circumstances, Enovational was unable to finish work on the projects because Maryland cancelled the project. In some circumstances, Enovational finished a delineated portion of the work (a so-called "milestone") before passing the remaining work off to a successor. And, Maryland alleges, in some circumstances, Enovational completed all of the substantive work on a project but did not then fully satisfy the state's administrative payment rigors.

In each of these constructs, Enovational is still permitted to sue Maryland for breach of contract. Once such a suit has been filed (as here), the burden shifts to Maryland to plead the affirmative defense of setoff (which Maryland has not done) and show economic damages were suffered by virtue of alleged incomplete performance. *See, e.g.*, *Dep't of Hous. & Cmty. Dev. v. Mullen*, 886 A.2d 900, 920 (Md. App. 2005) ("The hardship of the rule requiring strict performance when applied to a contractor who, in good faith, has substantially performed compared to the inequitable advantage that it gives to an owner who receives and retains the benefit of the contractor's labor and material, has led to a qualification that the contract price, less allowance to the owner for deviations, may be recovered.") (quoting *Evergreen Amusement Corp. v. Milstead*, 206 Md. 610, 621 (Md. 1955)).

Since the theory in this case is not that Enovational failed to finish the substantive work (which would invite setoff damages) but, rather, merely failed that Enovational to comply with administrative payments rigors (which almost assuredly does not invite setoff damages), it is little wonder that Maryland has declined to plead or otherwise assert this affirmative defense. Maryland did not need to pay some other vendor to complete the work Enovational began (except where the

5

contract was assumed and assigned) and Maryland thusly did not suffer any economic harm to be setoff against the breach of contract claims of Enovational. *See, e.g.*, *In re Res. Tech. Corp.*, 254 B.R. 215, 223 (Bankr. N.D. Ill. 2000) ("Conversely, if the debtor has substantially performed its obligations under a contract, so that the estate is entitled to the benefits of the contract without further performance (i.e., if any further performance required by the debtor is so insignificant that failure to perform would be a nonmaterial breach), then the right to the nondebtor's performance is simply an asset of the estate, and again, the contract is not executory.") (citing *In re Columbia Gas System Inc.*), 50 F.3d 233, 239–40 (3d Cir. 1995)).

By way of analogy, the United States District Court for the Eastern District of Pennsylvania has reviewed a bankruptcy court's application of the doctrine of substantial performance where there were actual setoff damages incurred by the defendant:

> The Bankruptcy Court found that Fairfax had completed 81% of the work required under the contract. Despite its finding that much of the debtor's work was substandard, the Bankruptcy Court ruled that Fairfax had performed substantially all of the work required and was entitled to payment for the work it had completed. Since 81% of the contract price came to $26,082.00, and Fairfax had already received payment of $15,000.00, Cox owed Fairfax $11,082.00.
>
> . . .
>
> My independent review of the record leads me to conclude that the Bankruptcy Judge did not err in his application of the doctrine of substantial performance to the facts of this case.

*In re Stein*, 57 B.R. 1016, 1018-1022 (E.D. Pa. 1986).

As noted *passim*, however, there are no setoff damages here because even if, *arguendo*, Enovational did not satisfy the administrative payment rigors of its contracts with Maryland, Enovational most certainly did deliver the products and services called for in those agreements. And this is accordingly a relatively straightforward application of the substantial compliance doctrine – something that dates back more than 100 years in Maryland law, that is regularly utilized

in bankruptcy cases, and that does not nearly give Maryland the right to continue avoiding the payment of its debts.

### III.     Conclusion

There is an increasingly-uncomfortable quality to the positions Maryland has assumed in this case. It is not merely that the state essentially forced Enovational into bankruptcy but, too, that the state – years after receiving arguably the finest vaccine registration system in America – still refuses to remit payment. There is a distinctly uneasy aura of "gotcha" gamesmanship, with Maryland positing Enovational ought not be paid for work since Maryland never issued a contract or work order. And there is an equally distinctly uneasy aura of "gotcha" gamesmanship when Maryland posits that even though a contractor did all of the substantive work provided for in a contract, payment is being withheld, *en toto*, because that contractor ended up in bankruptcy before authorizing payment signatures could be gathered.

These notions, if accepted, would foment a cruel legal regime, wherein parties without contracts could never be paid for their services and parties with contracts would, too, go sans payment if their performance is anything less than subjectively perfect in the eyes of the sovereign. Fortunately, however, these notions have been long rejected by the very legal system of Maryland itself; the state's courts well recognize the doctrine of unjust enrichment and they do, too, recognize the doctrine of substantial performance.

*[Signature on Following Page]*

|  |  |  |
|---|---|---|
|  |  | Respectfully submitted, |
| Dated: April 19, 2024 | By: | /s/ Maurice B. VerStandig<br>Maurice B. VerStandig, Esq.<br>Bar No. MD18071<br>The Belmont Firm<br>1050 Connecticut Avenue, NW, Suite 500<br>Washington, DC 20036<br>Phone: (202) 991-1101<br>mac@dcbankruptcy.com<br>*Counsel for Enovational Corp.* |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of April, 2024, a copy of the foregoing was served electronically, upon all parties hereto, via this Honorable Court's CM/ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig