The order below is hereby signed.

Signed: April 30 2024

*Elizabeth L. Gunn*
U.S. Bankruptcy Judge



# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| **In re:** | Case No. 22-00055-ELG |
| **Enovational Corporation,** Debtor. | Chapter 11 |
| **Enovational Corporation,** Plaintiff, | Adv. Pro. 22-10014-ELG |
| v. | |
| **State of Maryland,** Defendant. | |

## ORDER APPROVING CONSENT TO MEDIATION

On February 21, 2024, the parties in the above-captioned adversary proceeding filed a *Joint Motion for Mediation* (the "Motion") seeking appointment of a judicial mediator in this matter. On March 14, 2024, the Court held a hearing on the Plaintiff's *Motion for Partial Summary Judgment* (the "Motion for Partial Summary Judgment") and took the matter under advisement. On April 18, 2024, the Court entered a supplemental order setting a deadline for supplemental briefs on the Motion for Summary Judgment and scheduling a hearing on June 6, 2024 on various discovery motions. Upon review of the Motion, and the parties consent it is therefore **ADJUDGED**, **ORDERED**, and **DECREED** that:

1

1. Except as set forth herein, this adversary proceeding is hereby referred to mediation (the "Mediation") with the Honorable Michelle M. Harner as mediator (the "Mediator"), who shall schedule a conference call by zoom at a time and date convenient for the Mediator and counsel for the parties to set dates for the Mediation, deadlines for submission of mediation statements, and to discuss any other matter related to the Mediation.

2. Notwithstanding the Mediation, the Motion for Partial Summary Judgment shall remain under advisement for ruling by the Court.

3. The Mediation shall be non-binding and the Mediator shall not have the authority to render a decision that shall bind the parties.

4. No party shall be bound by anything said or done during the Mediation, unless either a written and signed stipulation is entered into or the parties enter into a written and signed agreement.

5. The Mediation shall be considered a settlement negotiation for the purpose of all federal and state rules protecting disclosures made during such conferences from later discovery or use in evidence. The entire procedure shall be confidential, and no stenographic or other record shall be made except to memorialize a settlement record. All communications and conduct, oral or written, during the Mediation by any party or a party's agent, employee, or attorney are confidential and, where appropriate, are to be considered work product and privileged. Such conduct, statements, promises, offers, views and opinions shall not be subject to discovery or admissible for any purpose, including impeachment, in any litigation or other proceeding involving the parties; provided, however, that evidence otherwise subject to discovery or admissible is not excluded from discovery or admission in evidence simply as a result of it having been used in connection with the Mediation.

6. In her role as Mediator, the Mediator shall retain the same immunity as she has a judge under Federal law and the common law from liability for any act or omission in connection with the Mediation, and from compulsory process to testify or produce documents in connection

with the Mediation.

7. An individual with final authority to settle the matter and to bind the party shall attend the Mediation on behalf of each party.

8. If the case settles in whole or in part, the parties shall advise the Court of the settlement by promptly filing a stipulation of settlement.

9. Absent further order of the Court, the dates and deadlines set forth in the Court's Amended Scheduling Order (ECF No. 20) shall remain unaltered.

[Signed and dated above.]

Copies to: recipients of electronic notice.