Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for Enovational Corp.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: | Case No. 22-55-ELG |
| ENOVATIONAL CORP. | (Chapter 11) |
| Debtor. | |
| _____/ | |
| ENOVATIONAL CORP. | Adversary Proceeding No. 22-10014-ELG |
| Plaintiff, | |
| v. | |
| THE STATE OF MARYLAND | |
| Defendant. | |

**NOTICE OF INTENT TO SEEK SANCTIONS**

Comes now Enovational Corp. ("Enovational" or the "Reorganized Debtor"), by and through undersigned counsel, pursuant to Section 105 of Title 11 of the United States Code and Section 1927 of Title 28 of the United States Code, and gives notice as follows:

As reflected in the Mediator's Certificate of Completion filed herein, DE #78, Enovational and the State of Maryland ("Maryland") proceeded to mediate this matter pursuant to this Honorable Court's order of May 1, 2024, DE #75. In an effort to abide by its fiduciary obligations to creditors and the estate, Enovational partook in the process in good faith and was, at all times,

1

prepared to continue with the process, expending significant legal resources (subject to judicial approval) not merely drafting memoranda for the mediator but, too, participating in internal strategy sessions, analyzing potential settlement ranges, and working to afford the best possible opportunity for the subject litigation to be resolved.

It is reasonably believed that the mediator, the Honorable Michelle Harner ("Judge Harner"), did, too, expend myriad resources preparing for the mediation sessions. While not compensable in nature, her efforts—and those of her chambers staff—cannot be understated. By all appearances, Judge Harner did not merely expend palpable time preparing for the mediation but did, too, make herself available outside of mediation, to the lawyers in this case, on multiple occasions.

Unfortunately, mediation concluded when Maryland unilaterally withdrew from the process after previously seeking a 30 day extension of time, between mediation sessions.

While Enovational is careful herein to *not* share anything that was said in mediation or any of the mediation briefs, Enovational can share what did not happen in mediation: Maryland never once made a settlement offer.

While Enovational will not endeavor to compel an unwilling party to participate in mediation for self-evident reasons, Enovational does hereby give notice of its reservation of rights to seek sanctions against Maryland. Significant attorneys' fees were incurred, and more than half a year was wasted, in furtherance of a process that was clearly not the byproduct of bilateral good faith. The fees and delays occasioned thereby have had—and will continue to have—a deleterious impact upon creditors and the estate. And, at an appropriate temporal juncture, recourse for such will be sought.

*[Signature and Certificate of Service on Following Page]*

                                                      Respectfully submitted,

Dated: December 10, 2024        By:    /s/ Maurice B. VerStandig
                                                      Maurice B. VerStandig, Esq.
                                                        Bar No. MD18071
                                                        The Belmont Firm
                                                        1050 Connecticut Avenue, NW, Suite 500
                                                        Washington, DC 20036
                                                        Phone: (202) 991-1101
                                                        mac@dcbankruptcy.com
                                                        *Counsel for the Debtor*

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this 10th day of December, 2024, a copy of the foregoing was served electronically upon filing via the ECF system.

.

                                                        /s/ Maurice B. VerStandig
                                                        Maurice B. VerStandig