David S. Musgrave, Esquire
Bar No. 382428
**Gordon Feinblatt LLC**
1001 Fleet Street, Suite 700
Baltimore, Maryland 21202
(410) 576-4194
dmusgrave@gfrlaw.com
*Attorney for State of Maryland*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re: | * | |
| ENOVATIONAL CORP., | * | Case No. 22-00055-ELG |
| Debtor. | * | (Chapter 11) |
| * * * * * * * * * * * * * | | |
| ENOVATIONAL CORP., | * | Adv. Pro. 22-10014-ELG |
| Plaintiff, | * | |
| v. | * | |
| THE STATE OF MARYLAND, | * | |
| Defendant. | * | |
| * * * * * * * * * * * * * | | |

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR LEAVE TO FILE SUPPLEMENT TO OPPOSITION TO**
<u>**MOTION FOR PARTIAL SUMMARY JUDGMENT**</u>

Defendant the State of Maryland (the "State") should be granted leave to file a supplement to its Opposition to Defendant/Debtor Enovational Corp.'s ("Enovational") Motion for Partial Summary Judgment as to Invoice Nos. 569, 587, 600, and 601. The proposed supplement is attached as **Exhibit A**.

## I. BACKGROUND AND PROCEDURAL HISTORY

This adversary proceeding involves Enovational's claim for payment of 27 invoices it alleges the State has unlawfully refused to pay. Each invoice involves a separate set of facts. There are effectively 27 different lawsuits being litigated under the umbrella of this one proceeding.

The adversary proceeding was commenced on December 6, 2022. (ECF No. 1). The State initially moved to dismiss the Complaint, which the Court denied on July 27, 2023. (ECF No. 15). On October 18, 2023 this Court entered its Original Scheduling Order. (ECF. No. 20). The Scheduling Order set the close of discovery for March 15, 2024, the deadline for dispositive motions for April 15, 2024, and a final pretrial conference to be held on June 5, 2024. *Id.*

On February 4, 2024, Enovational filed a Motion for Partial Summary Judgment as to Invoice Nos. 569, 587, 600, and 601. (ECF No. 31). After receiving consent for additional time to respond, the State filed its Opposition to the Motion for Partial Summary Judgment on March 5, 2024. (ECF No. 52). On March 14, 2024, the Court held a hearing on the Motion for Partial Summary Judgment and took the motion under advisement. (ECF No. 60). Per the Court's request at the March 14, 2024 hearing, both parties filed Supplemental Briefs (on April 19, 2024) as to an issue raised by Enovational for the first time at the hearing. (ECF No. 72 & 73). The Court set a second hearing on the Motion for Partial Summary Judgment for April 24, 2024.

On February 20, 2024, the State filed a Motion to Modify Scheduling Order. (ECF No. 39). On March 7, 2024, the Debtor filed its opposition thereto. (ECF No. 54). At the March 14, 2024 hearing, the Court continued the hearing on the Motion to Modify Scheduling Order to the April 24, 2024 hearing. (ECF No. 60).

On February 21, 2024, the Debtor filed a Motion to Strike the State's Expert Designation. A decision on that motion was also continued at the March 14, 2024 hearing, to be heard at the April 24, 2024 hearing. (ECF No. 60).

2

On March 14, 2024, the State filed a Motion to Compel Discovery from Enovational. (ECF No. 56). That motion has not been heard and remains outstanding.

On February 21, 2024 the parties jointly filed a motion requesting mediation. (ECF No. 42). On May 1, 2024, the Court entered an Order approving consent to mediation. (ECF No. 75). Thereafter, on May 29, 2024, the Court issued a notice adjourning hearings in order to facilitate the parties' efforts to mediate. (ECF No. 77) As a result, all motions hearings, including the hearing on the Motion for Partial Summary Judgment, have been indefinitely postponed.

On December 3, 2024, the assigned mediator, Hon. Michelle Harner (Bankr. Md.), filed a Certificate of Completion of the mediation. (ECF No. 78). The certificate informed the Court that the parties participated in a mediation session on October 22, 2024, that the mediation was unsuccessful, and that the matter should proceed through the litigation process. *Id.* Aside from a filing by the Debtor on December 10, 2024 claiming an intention to seek sanctions from the State due to the failed mediation (ECF No. 79), nothing further has been filed in this adversary proceeding before the filing of this motion. *See generally*, Case Docket.  The adjournment of the hearing on the pending motions pursuant to the Court's May 29, 2024 Order remains in place.

Throughout the pendency of this adversary proceeding, attorneys for the State have investigated the circumstances surrounding each invoice included in Enovational's Motion for Partial Summary Judgment. The State's counsel has interviewed numerous State employees, including some on multiple occasions, to gather the facts to support the State's defense against Enovational's claims. These efforts have proven to be time-consuming. For instance, as to Invoice No. 587, which is included in the Motion for Partial Summary Judgment, the Debtor has included line items for three distinct projects managed by the Maryland Department of Health ("MDH"): the Kidney Disease Program ("KDP"), Children's Medical Services ("CMS"), and the Breast and

3

Cervical Cancer Diagnosis and Treatment program ("BCCDT"). Investigation of this one invoice has required the State's attorneys to interview a MDH manager who oversaw MDH's handling of Invoice No. 587 and was able to identify an appropriate person to testify as to each of the three MDH programs, as well as each of the three persons who served in a management role for each program – a total of 4 interviews, along with follow-up discussions and emails. Additionally, and especially considering the change of administration that occurred within the State since Enovational allegedly performed the work for which it invoiced the State, certain persons with personal knowledge have since left the State's employ, requiring the State to perform extra work to locate these prospective witnesses. The State also intends to interview Ernst & Young employees who took over in Enovational's place after Enovational filed bankruptcy. Considering that there are a total of 27 invoices at issue in the Complaint, each with its own set of facts, the investigation has taken considerable time.

Through its investigatory efforts, attorneys for the State have learned new information relative to Invoice Nos. 569, 587, 600, and 601. The State now moves to supplement its initial Opposition to Debtor's Motion for Partial Summary Judgment to include this additional relevant information, all which lends further credence to the State's argument that the Court should deny the motion as to each of the four invoices.

II.   **LEGAL STANDARD**

The determination as to whether to grant or deny leave to supplement a filing is entrusted to the sound discretion of the court. *Banner Health v. Sebelius*, 905 F. Supp. 2d 174, 187 (D.D.C. 2012). In making its determination, the court should consider whether the nonmovant's proposed supplement would be helpful to the resolution of the pending motion, and whether the movant would be unduly prejudiced were leave to be granted. *Id.*; *see also Pao Tatneft v. Ukraine*, No. CV 17-582 (CKK), 2020 WL 2476034, at *2 (D.D.C. May 13, 2020) ("Supplemental filings may be

permitted where they would be helpful to the Court[.]") Supplemental filings may also be permitted "where doing so promotes the fair and efficient administration of justice." *Filiba v. Cochrane U.S.A, Inc.*, Civil Action No. 18-1428-EGS (D.D.C. December 3, 2018 [Minute Order]) (granting motion for leave to file supplemental memorandum of law and document based on recent discovery of document relevant to the case).

### III. ARGUMENT

Because the supplement contains newly-obtained information that will assist the Court in making a determination regarding Enovational's Motion for Partial Summary Judgment, the Court should grant leave to file the supplement. The State's Opposition primarily focused on Enovational's failure to meet contractual obligations to provide either timekeeping records or State-required substantial completion sign-off sheets to support Enovational's entitlement to payment. Essentially, the State's argument was based on Enovational's failure to follow contractual procedural requirements to qualify for payment. While that argument is reasonably sufficient to defeat Debtor's Motion for Partial Summary Judgment, the State's newly-acquired evidence demonstrates that Enovational's deficiencies were far more extensive than simply failing to include necessary paperwork with its invoices. As to each of the invoices included in Enovational's Motion for Partial Summary Judgment, the State has identified and procured affidavit testimony (as reflected in the affidavits submitted in support of the supplement) of witnesses with actual knowledge of the facts regarding each relative invoice. *All* of the State's witnesses testify that Enovational failed to achieve substantial completion of many of the tasks itemized on each of the invoices at issue. The witnesses testify as to Enovational's delivery of broken, inoperable software that required repairs that were never completed, as well as incomplete progress on certain task items such that these task modules were not able to be presented to the State for approval of substantial completion. In some instances, witnesses testify that Enovational

5

never even began development of certain line items, yet still included these items on invoices seeking payment. In other instances, witnesses testify that Enovational is billing the State for work performed by Dravida Consulting LLC, and paid for by the State. This new evidence opens up additional arguments in opposition to the Motion for Partial Summary Judgment that, in the interest of justice, this Court should consider.

Moreover, Enovational "jumped the gun" on filing a Motion for Partial Summary Judgment before the parties had completed discovery. Enovational's Motion for Partial Summary Judgment and the State's opposition thereto were both filed before March 15, 2024, the date for the close of discovery that this Court set in its original Scheduling Order. (ECF. No. 20). The State was certainly permitted to continue discovery efforts past the filing of its Opposition on March 5, 2024. (ECF No. 52). To the extent that those efforts revealed further evidence in support of the Opposition to the Motion for Partial Summary Judgment, the fact that Enovational filed a premature Motion for Partial Summary Judgment should not preclude the State from being permitted to include the information it subsequently obtained in any response to Enovational's motion. Indeed, Enovational's Motion for Partial Summary Judgment did not include a "smoking gun" as to each invoice that would logically prohibit any further question as to Enovational's right to payment. Instead, the arguments are very much in the style of "he said, she said," and additional evidence from either side learned throughout the entire course of discovery would be valuable to the Court in making a ruling on the motion.

Additionally, the State asked for a modification of the Scheduling Order to accommodate further discovery on February 20, 2024. (ECF No. 56). That motion was one of several that were essentially stayed pending the outcome of the mediation. As of the present date, many of the dates included both in the Court's original scheduling order and the proposed amended scheduling order

submitted with the State's motion have passed. It is clear that a new scheduling order, likely pursuant to a status conference between the parties and the Court, will be required. The State believes that discovery still has not closed.

Because of the uncertain status of this proceeding, the State has held off on noting depositions of witnesses on behalf of Enovational, including that of CEO Vlad Enache, who Enovational has stated is the sole remaining employee of Enovational, and who stands to receive substantial personal benefits should the Complaint prevail and Enovational be able to pay off all of its creditors, with additional funds remaining to be distributed to Mr. Enache. Similarly, Enovational has only taken the depositions of two high-level State employees that, as demonstrated by their testimony, lack sufficient personal knowledge as to the vast majority of the claims at issue for their testimony to be of any worth to either party. In sum, both sides still have a lot of work to do in this proceeding. The State has been diligently doing that work internally and believes that it should be afforded the opportunity to present to the Court the new information it has learned as a result.

To the extent that Enovational might argue that it will be prejudiced by the filing of the State's supplement, the State will not object to any request by Enovational to file a supplemental reply as to the information provided in the State's supplement. Considering the expanse of time between the last hearing on the Motion for Partial Summary Judgment and the present day, Enovational cannot reasonably argue prejudice based on timeliness.

## IV.    CONCLUSION

Pursuant to the foregoing, the State is entitled to leave to file its supplement to its Opposition to Motion for Partial Summary Judgment, and the Court should grant the State's motion.

7

Respectfully submitted,

/s/ *David S. Musgrave*
David S. Musgrave (Bar No. 382428)
Gordon Feinblatt LLC
1001 Fleet Street, Suite 700
Baltimore, Maryland 21202
 (410) 576-4194
dmusgrave@gfrlaw.com

*Counsel for the State of Maryland*