Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for Enovational Corp.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: | Case No. 22-55-ELG |
| ENOVATIONAL CORP. | (Chapter 11) |
| Debtor. | |
| _____/ | |
| ENOVATIONAL CORP. | Adversary Proceeding No. 22-10014-ELG |
| Plaintiff, | |
| v. | |
| THE STATE OF MARYLAND | |
| Defendant. | |

**OPPOSITION TO MOTION FOR LEAVE TO FILE SUPPLEMENT
TO OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT**

Comes now Enovational Corp. ("Enovational" or the "Reorganized Debtor"), by and through undersigned counsel, in opposition to the Motion for Leave to File Supplement to Opposition to Motion for Partial Summary Judgment (the "Motion to Supplement," as found at DE #80) filed by the State of Maryland (the "State of Maryland" or the "Defendant"), and states as follows:

1

I.     **Introduction**

This is a case about Maryland changing its mind and functioning by its own rules, on its own timetable. The state would order certain goods and services from Enovational and then, once they were either complete or near complete, decide the state actually wanted something else or something more. The state would ask Enovational to do work, promising payment upon completion; once the work was finished, the state would decide it actually wanted to change the requirements for payment to be obtained. And, in many instances, the state would enter into formal work orders, receive the services bargained for therein, and then decide—after the fact—that it actually wants something more.

Sometimes the change of sovereign mind would take weeks. Sometimes it would take months. And sometimes—as here—it would take more than a year.

To be sure, the Motion to Supplement is—albeit likely quite unknowingly—almost perfectly emblematic of the whole reason Maryland is being used in the first instance. One year and five days after filing its initial brief in opposition to Enovational's motion for partial summary judgment, the State of Maryland seeks leave to supplement that brief—for the second time. That the underlying summary judgment motion is still pending, this long after initial briefing, is a small wonder seemingly attributable solely to the Defendant's own bad faith tactics, having urged mediation to be the path forward only to then miraculously unilaterally withdraw from the mediation process without ever making a single settlement offer. It now seems the ruse was more intricate than originally appreciated, with Maryland's tactics having not merely been part of an effort to delay accountability for failing to pay approximately $18 million to a vendor but, too, as part of an effort to stymie the efficient consideration of that vendor's litigation claims.

The Motion to Supplement merits denial for two distinct but related reasons. First, the request is so abhorrently untimely and dilatory as to be facially meritorious of denial. And, second, the rationale underlying the request—roughly paraphrased as "we finally decided to see what our own employees know and what our own records might contain"—is little more than a passive acknowledgment of having previously failed to regard this litigation with the care and attention required of a federal defendant.

For these reasons, and as extrapolated upon *infra*, the Motion merits denial.

### II.     Argument: The Motion to Supplement Should be Denied

#### a.  The Request is Untimely

Perhaps the most glaring element of the Motion to Supplement is the extraordinarily tardy nature of the request. The underlying summary judgment motion, DE #31, was filed precisely 400 days before the Motion to Supplement. The state's original opposition brief, DE #52, was docketed some 370 days before the Motion to Supplement. And the parties' respective supplemental briefs, DE #73, DE #73, were filed 325 days before the Motion to Supplement. The state is, in essence, seeking to exploit the fact that the summary judgment motion has been under advisement for a longer-than-typical timeframe (a reality directly correlative to the state's own bad faith mediation tactics) and, not ironically, utilize the same to even *further* prolong the wait for an adjudication thereof.

In support of the Motion to Supplement, the state cites to (i) one published opinion; (ii) one unpublished opinion, found on Westlaw and LexisNexis; and (iii) one minute order in an unrelated United States District Court case. Remarkably, none of the three authorities actually support Maryland's position, nor is such support found in other applicable case law.

3

The first case relied upon by the Defendant is *Banner Health v. Sebelius*, 905 F. Supp. 2d 174 (D.D.C. 2012), which is a matter in which Judge Kollar-Kotelly denied a litigant's request to file a surreply. In so doing, the Court observed supplemental briefing to be appropriate "when the nonmovant is deprived of the opportunity to contest matters raised for the first time in the movant's reply. . ." *Id.* at 187 (citing *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003)).

Even putting aside that *Banner Health* is a case in which leave to supplement was denied, the holding of that case remains important: surreplies (or supplemental briefing) *might* be appropriate when new territory is covered in a reply brief. Yet, insofar as Enovational never filed a reply to Maryland's brief in opposition to partial summary judgment, the *Banner Health* standard is one that is objectively impossible to meet *sub judice*.

The second case relied upon by Maryland is *Tatneft v. Ukraine*, 2020 U.S. Dist. LEXIS 84018, at *12 (D.D.C. May 13, 2020). *Tatneft* is also a Judge Kollar-Kotelly case in which leave to file supplemental briefing was denied. There, antebellum Ukraine sought leave to assert a new defense to litigation through supplementation. *Id.* at *11. Yet, even though such would *not* have led to a postponement "for a lengthy period of time," *id.*, the request was denied, *id.* at *11-12.

That neither the published case nor the unpublished case cited by Maryland actually support the relief sought by the state may explain why the Defendant has, too, directed this Honorable Court's attention to a minute order in a seemingly-random District Court case from nearly seven years ago. Motion to Supplement, DE #80-1, at p. 5 (citing *Filiba v. Cochrane U.S.A, Inc.*, Civil Action No. 18-1428-EGS (D.D.C. December 3, 2018 [Minute Order]).

It is, of course, somewhat strange to rely on a minute order in an unrelated case. And it is, equally, questionable as to what—if any—precedential weight a minute order ought to carry. But

4

such is also immaterial because the minute order relied upon by the state is so thoroughly distinguishable from the posture *sub judice* as to be of no material benefit.

*Filiba* is a labor and employment case in which, during the calendar month directly following the completion of dispositive motion briefing, a mediation was conducted at which a document concerning relevant policies of a defendant was referenced and submitted to the mediator. *Id*. at DE #27.[1] The defendant would not, however, share the document with the plaintiff, instead "storm[ing] out of the room and refus[ing] to give them a copy." *Id.* Yet the plaintiff, in the ensuing days, was able to (presumably lawfully) obtain a copy of the document from a third party. And believing the document to be pertinent, the plaintiff sought leave to file a supplemental brief related thereto. *Id.*

The motion for leave to supplement, in *Filiba*, was filed approximately six weeks after the reply that closed briefing on the at-issue dispositive motion, and less than two months after the initial opposition brief of the plaintiff. *See Filiba v. Cochrane U.S.A, Inc.*, Civil Action No. 18-1428-EGS (D.D.C. 2018) at DE #18, DE #21, DE #27). Most importantly, though, the motion in *Filiba* was premised upon discovery of evidence theretofore withheld from the party seeking leave to supplement prior briefing.

There is, of course, also case law not cited by Maryland. The United States District Court for the District of Columbia, faced with a request to supplement summary judgment briefing with a new affidavit a mere two weeks after the opposition brief was due, has flatly denied such a request, observing, *inter alia*, "Plaintiff also fails to address the prejudice to defendant, who has devoted time and energy to drafting a reply brief, which, if plaintiff is allowed to supplement his

---

[1] A copy of the underlying motion in *Filiba* is attached hereto as Exhibit A, since neither that docket entry nor the resulting minute order are available on Westlaw or LexisNexis.

5

opposition at this late date, he will have to do all over again." *Leighton v. Gonzales*, 2006 U.S. Dist. LEXIS 63425, at *7 (D.D.C. Sep. 7, 2006).

In this case, the Plaintiff did not withhold any documents or storm out of mediation. In fact, it is the Defendant that proverbially (albeit not literally) stormed out of mediation without ever making so much as an opening offer. And, in this case, Maryland cannot be seeking to address any points raised for the first time in Enovational's reply briefing, since Enovational never filed a reply to the state's original opposition brief.

Rather, what appears to have happened here is the state waited—for well more than a year—to actually investigate the matters on which it is being sued. The state waited through a summary judgment motion, through its own opposition brief, through oral argument, through supplemental briefing (to which Enovational did not object) and, then, through another 325 days. This is not a good faith effort to respond to some newly raised point or argument, nor is this an effort to introduce evidence previously undiscoverable in nature; this is an effort to inflict further delay as the state continues to reap the benefit of $18 million of work for which it has never paid.

### b. The Motion Evinces a Disregard for the Litigation Process

Maryland asserts that Enovational "jumped the gun" in moving for partial summary judgment, Motion to Supplement, DE #80-1, at p. 6, but, notably, provides no legal support for this proposition. In so doing, what the state seems to be intimating is that a *deadline* by which to file dispositive motions ought to also be construed as the earliest date by which such motions may be filed. Such a notion is not only unsupported by applicable law but, too, directly undermined by the rule governing summary judgment.

As argued by Enovational at the hearing on the summary judgment motion, Federal Rule of Civil Procedure 56(d) provides a clear procedure for what a party is to do when a summary

judgment motion is brought and that party feels as though it still needs the benefit of a discovery period:

> Failing to Properly Support or Address a Fact. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

Maryland, of course, did not follow this rule in the instant case. No such affidavit or declaration was appended to the state's original opposition brief, DE #52, and Enovational argued—at the summary judgment hearing—that such necessarily constitutes a waiver of the right to seek to frustrate the motion on account of a putative need to take discovery. *See* Hearing Transcript, DE #65, at 20:25-21:25.

Equally, there is a peculiarity to the "newly discovered evidence" contention underlying the Motion to Supplement insofar as such does not appear to be evidence within the scope of Rule 56(d) in any event. Unlike the document at the center of the briefing in the *Filiba* case, Maryland is not pointing to some elusive parcel of evidence previous withheld from the state and bearing some dispositive value; Maryland is, instead, essentially asserting that it has finally gotten around to speaking with its own employees and reviewing its own records. Such does not appear to be an assertion that would support a Rule 56(d) declaration in any event, much less one docketed more than a year late.

7

### III. Conclusion

WHEREFORE, Enovtional respectfully prays this Honorable Court (i) deny the Motion to Supplement; and (ii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: March 25, 2025    By:    /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for the Debtor*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of March, 2025, a copy of the foregoing was served electronically upon filing via the ECF system.

.

/s/ Maurice B. VerStandig
Maurice B. VerStandig