**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **LOUIS FILIBA** | |
| **Plaintiff,** | **Civil Action No. 1:18-cv-01428-EGS-RMM** |
| **v.** | |
| **COCHRANE USA, INC., et al** | |
| **Defendants.** | |

**PLAINTIFF'S LOUIS FILIBA'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL**
**MEMORANDUM IN SUPPORT OF  PLAINTIFF'S OPPOSITION TO**
**DEFENDANT COCHRANE INDUSTRIES UK LTD'S MOTION TO DISMISS**

Plaintiff, LOUIS FILIBA by his undersigned counsel, pursuant to *Federal Rules of Civil*

*Procedure,(FRCP) Rule 15(d)*, and  the *Rules of the U.S. District Court for the District of*

*Columbia*, LCvR 7, hereby moves  this Honorable Court for leave to file a Supplemental

Memorandum in Support of  Plaintiff's Opposition to Defendant Cochrane Industries UK Ltd's

Motion To Dismiss.  In support of his motion, Plaintiff states and relies upon the following:

**_FRCP Rule 15 Amended and Supplemental Pleadings_** provides in pertinent part,

(d) SUPPLEMENTAL PLEADINGS. On motion and reasonable notice,

the court may, on just terms, permit a party to serve a supplemental

pleading setting out any transaction, occurrence, or event that happened

after the date of the pleading to be supplemented. . . .  The court may order

that the opposing party plead to the supplemental pleading within a

specified time.

 On October 10, 2018, Plaintiff and his counsel met with Mr. Washington, Cochrane USA and

Cochrane UK's counsel, to mediate a dispute regarding unpaid wages owed to Plaintiff at the

District of Columbia Office of Administrative Hearings.  At this mediation, Mr. Washington

submitted a document,[1] which he relied upon to show that the Cochrane Group out of South

Africa had changed its vacation policies for all of the Cochrane entities' employees, including

those who ostensibly work for Cochrane UK and Cochrane USA.[2]  When Plaintiff's attorneys

requested a copy of the document, Mr. Washington stormed out of the room and refused to give

them  a copy. Nevertheless, Plaintiff's counsels ultimately obtained a copy of this document

from the DC-OWH.

This document was a collection of emails copied onto a singular document purporting to

show that Cochrane USA did not owe Plaintiff wages, but instead, it was a collection of emails

dated *after* Plaintiff had been discharged by Lex Cochrane. While these emails were clearly not

relevant to the wage and hour dispute, they are, in fact, highly probative to the primary issue

disputed in this case.

This document shows that Lex Cochrane has "centralized control over the labor

relations" and HR policies of Cochrane USA, Cochrane UK and Cochrane Steel Products.   In

---

[1]      Plaintiff's counsels were permitted the opportunity to briefly review the document (*See Exhibit 1*).
[2]      Mr. Washington claimed that he had previously submitted this document to the OWH in Cochrane's initial
response to Plaintiff's wage claim. However, the document was not in the mediator's case file and he had never
provided Plaintiff with a copy of same at the initial proceeding although he had a duty to disclose same.

addition, it shows that all of these emails, which all relate to personnel policies, were sent to all three of these entities' employees through emails with matching domains.

This collection of emails Mr. Washington submitted in the Wage and Hour dispute, in fact, clearly demonstrate that Lex Cochrane, micro-manages all three defendant-entities involved in this case, just as Plaintiff previously alleged.

At the time of Plaintiff's filing of his Opposition to Defendant Cochrane Industries UK, Ltd.'s Memorandum in Support of its Motion to Dismiss, Plaintiff was unaware of the existence of this collection of emails and could not have discovered the existence of the emails, until the OHW mediation, weeks after Plaintiff filed his opposition. Moreover, not only did Mr. Washington deliberately conceal this document from Plaintiff's counsel at the mediation, but he did not reveal this probative evidence during the initial Wage and Hour proceedings (when Plaintiff was not represented by counsel[3]), and he falsely represented that Lex Cochrane did not exercise control over Cochrane USA's and Cochrane UK's labor policies in Defendant Cochrane Industries UK, Ltd's Motion to Dismiss while knowing that Plaintiff's allegations and statements regarding these important facts were absolutely true.

Finally, this is the first opportunity Plaintiff has had to bring this salient and highly probative evidence underpinning Defendants' liability in this case before this Court.

WHEREFORE, for all the foregoing reasons, Plaintiff LOUIS FILIBA, hereby requests that this Honorable Court grant Plaintiff leave to file a Supplemental Memorandum in Support of

---

[3]    Mr. Washington again deliberately and unethically attempted to conceal the existence of this collection of emails by refusing to provide Plaintiff's counsels with a copy of the collection of emails at the OWH mediation, despite Plaintiff's counsels' express request.

Plaintiff's Opposition to Defendant Cochrane Industries UK Ltd's Motion To Dismiss. A

proposed Order is also submitted.


Dated: November 2, 2018                                    Respectfully Submitted,

                                                           */S/ Claudette V. Ferron*
                                                           Claudette V. Ferron, Esquire.
                                                           (D.C. Bar No. 383351)
                                                           1101 30th Street, NW.,
                                                           Suite 500
                                                           Washington, D.C. 20007
                                                           (202) 827-7437 Main Ofc
                                                           (844) 344-8744 Alt. Ofc
                                                           Attorney for Plaintiff

                                                           */S/ Andrew S. Levetown*
                                                           Andrew S. Levetown
                                                           (D.C. Bar No. 422714)
                                                           1300 Pennsylvania Ave, NW.,
                                                           Suite 700
                                                           Washington, D.C. 20004
                                                           Tel: (702) 618-2264
                                                           Attorney for Plaintiff

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **LOUIS FILIBA** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 1:18-cv-01428-EGS-RMM** |
| **COCHRANE USA, INC., et al** | |
| **Defendants.** | |

**PLAINTIFF LOUIS FILIBIA'S SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF HIS OPPOSITION TO DEFENDANT COCHRANE
INDUSTRIES UK LTD'S MOTION TO DISMISS.**

**INTRODUCTION**

In Plaintiff's Opposition to Defendant Cochrane UK's Ltd.'s Memorandum in Support of

its Motion to Dismiss, Plaintiff stated that Alexander ("Lex") Cochrane "micro-manages

Cochrane USA and Cochrane UK's operations on a daily basis" despite the fact that he is not

listed as an officer or director of either entity.

Even though Plaintiff provided this Court with numerous examples showing that Lex

Cochrane exerted almost complete control and day to day management of Cochrane USA,

Cochrane UK and Cochrane Steel Products, Mr. Washington, counsel for both Cochrane UK and

Cochrane USA, steadfastly denied this.  In fact, he called it "untrue" in one part of his

Memorandum and "nonsense" in another.  *See Cochrane UK's Memorandum in Opposition at 4 and 9.*

Mr. Washington then "doubled down" on his denials by then citing case law stating that control over HR policies is the most important factor in determining whether entities should be treated as separate or integrated. He cited *Woodland v. Viacom, Inc.*, 569 F. Supp. 2d 83, 88–89 (D.D.C. 2008), *quoting Richard v. Bell Atl. Corp.*, 976 F. Supp. 40, 44 (D.D.C.1997) for this proposition.

> The centralized control of labor relations factor is the most important one in the integrated enterprise test.' In order to establish the 'control' element, a plaintiff must demonstrate that this control is not merely potential, but 'actual and active control of day-to-day labor practices.

 *Cochrane UK's Memorandum in Opposition at 3.*

While Plaintiff set forth the actual controlling case law in his Opposition to Cochrane UK's Motion to Dismiss, Plaintiff does not deny that control over one's workers is a significant factor in determining what person or entity should be responsible for employment discrimination.

### WAGE AND HOUR MEDIATION ON OCTOBER 10, 2018

While waiting for this Court to rule on Cochrane UK's Motion to Dismiss and Plaintiff's request that this Court disregard Cochrane USA as a corporate entity, Plaintiff and his counsel met with Mr. Washington, Cochrane USA and Cochrane UK's counsel, to mediate a dispute regarding whether Plaintiff is owed damages for unpaid wages at the District of Columbia Office

of Administrative Hearings.  At this mediation, Mr. Washington submitted a document which he relied upon to show that the Cochrane Group out of South Africa had changed its vacation policies for all of the Cochrane entities' employees, including those who ostensibly work for Cochrane UK and Cochrane USA. See, ***Exhibit No. 1.*** Although Mr. Washington stormed out of the room and refused to give Plaintiff's counsel a copy of this document at the mediation, Plaintiff's counsel did ultimately obtain a copy of this document from the DC Office of Hours and Wages.

This document was a collections of emails copied onto a singular document purporting to show that Cochrane USA did not owe Plaintiff wages, but instead, it was a collection of emails dated *after* Plaintiff had been discharged by Lex Cochrane. While these emails were clearly not relevant to the wage and hour dispute, they are, in fact, very probative in this case.

This document shows that Lex Cochrane has "centralized control over the labor relations" and HR policies of Cochrane USA, Cochrane UK and Cochrane Steel Products.   In addition, it shows that all of these emails, which all relate to personnel policies, were sent to all three of these entities' employees through emails with matching domains. *See* Exhibit 1.  Thus, Mr. Washington knew that Plaintiff's allegations were not "untrue" or "nonsense" as he stated in his Memorandum.  In fact, the opposite is true.  Mr. Washington *knew* that Plaintiff's allegations and statements were absolutely true when he stated they were not.

While Mr. Washington made many other misstatements and misquotes in his oppositional Memorandum, this particular misstatement is germane to the very issue before this Court.  It shows that Lex Cochrane does, in fact, micro-manage all three entities at issue in this case just as Plaintiff has previously alleged. In addition, not only does Lex Cochrane set the employee

3

policies for all three entities, he also executes them. In fact, he even "executes," that is, fires (and

hires) Cochrane USA's employees for that matter.  In the past year or so, he has personally

terminated Plaintiff, Papa Traore (for failing to lie to support Defendants' false allegation against

Plaintiff), Robert Grenon, Shai Seleck, and he constructively discharged Michael LaGassey, all

employees of the sham entity called Cochrane USA.

Cochrane UK's counsel makes fun of Plaintiff in his oppositional Memorandum. Mr.

Washington states that "Plaintiff attempts to confuse this Court as to who is his employer – was

it Cochrane USA, Cochrane UK or Alexander Cochrane? Plaintiff would have this Court believe

that all three defendants were simultaneously his employer. This, of course is nonsense."

*Cochrane Industries UK, Ltd.'s Memorandum In Support of its Motion to Dismiss at 4.*  Mr.

Washington is correct. It is "nonsense." It is nonsense to pretend like these are separate entities

and that this Court should treat them as such.

## CONCLUSION

Plaintiff obtained this document despite Mr. Washington's attempt to hide it from

Plaintiff and his counsel. As a result, Plaintiff sent a letter to Mr. Washington reiterating his and

is clients' duties to preserve evidence.  Thus, the fact that Cochrane's counsel tried to hide

obviously relevant evidence and the fact that the evidence presented to a DC administrative body

had been obviously doctored, is just one more compelling reason that this Court should disregard

Cochrane USA as a corporate entity, and it should also immediately permit Plaintiff to obtain

jurisdictional discovery from Cochrane UK.

WHEREFORE, for all the foregoing reasons, Plaintiff LOUIS FILIBA, in accordance

with the Federal Rules of Civil Procedure (FRCP)15(d), LRcvP 7 Local Rules of this Honorable

Court and the Plaintiff's Motion for Leave to File a Supplemental Memorandum (to which this

Supplemental  Memorandum, is attached and  annexed  by reference) Plaintiff hereby

supplements his Opposition to Defendant Cochrane Industries UK Ltd's Motion To Dismiss.

Dated: November 2, 2018                                  Respectfully Submitted,

                                                         */S/ Claudette V. Ferron*
                                                         Claudette V. Ferron, Esquire.
                                                         (D.C. Bar No. 383351)
                                                         1101 30th Street, NW.,
                                                         Suite 500
                                                         Washington, D.C. 20007
                                                         (202) 827-7437 Main Ofc
                                                         (844) 344-8744 Alt. Ofc
                                                         Attorney for Plaintiff

                                                         */S/ Andrew S. Levetown*
                                                         Andrew S. Levetown
                                                         (D.C. Bar No. 422714)
                                                         1300 Pennsylvania Ave, NW.,
                                                         Suite 700
                                                         Washington, D.C. 20004
                                                         Tel: (702) 618-2264
                                                         Attorney for Plaintiff

**EXHIBIT NO.1**

# Geoffrey W. Washington

| | |
|---|---|
| **From:** | Jen Cochrane <jlcochrane@cochrane.co> |
| **Sent:** | Wednesday, December 06, 2017 2:53 PM |
| **To:** | Liezel Lubbe |
| **Subject:** | Re: Leave Protocol 2017 |

**Importance:** High

Thanks Liezel

> On 06 Dec 2017, at 9:15 PM, Liezel Lubbe <llubbe@cochrane.co> wrote:

Hi Jen

Please see below protocol sent out in January this year.

Lusio was copied in.

**From:** Cochrane Leave
**Sent:** 19 January 2017 11:19 AM
**To:** Adeeb Jabbour <ajabbour@cochrane.co>; Afrox Fab <afroxfab@cochrane.co>; Ahmed Baher <abaher@cochrane.co>; Akona Godlwana <agodlwana@cochrane.co>; Alicia Els <aels@cochrane.co>; Amy Gliksman <agliksman@cochrane.co>; Andrea Le Roux <aleroux@cochrane.co>; Andressa Rebola <arebola@cochrane.co>; Andrew Barr <abarr@cochrane.co>; Angel Van der Walt <avdwalt@cochrane.co>; Angelique Robbetze <arobbetze@cochrane.co>; Angelique Smith <asmith@cochrane.co>; Anneri Rautenbach <arautenbach@cochrane.co>; Anthony Nnaife <annaife@cochrane.co>; Anton Kuiper <akuiper@cochrane.co>; B Ryan <bryan@cochrane.co>; Bernice Van Tonder <bvtonder@cochrane.co>; Bernita Marais <bmarais@cochrane.co>; Bianca Machado <bmachado@cochrane.co>; Bird Douglas <dbird@cochrane.co>; Bosman Devlin <dbosman@cochrane.co>; Brandon Henery <bhenery@cochrane.co>; Brenda McRobert <bmcrobert@cochrane.co>; Brent Geldenhuys <bgeldenhuys@cochrane.co>; Brett Raymond <braymond@cochrane.co>; Bronwyn Venter <BVenter@cochrane.co>; Brookelynn Gunning <bgunning@cochrane.co>; Calvin Booysen <calvinb@cochrane.co>; Candice Reyneke <creyneke@cochrane.co>; Carla Cramer <ccramer@cochrane.co>; Catherine Wright <catherinew@cochrane.co>; Chante Jacobs <cjacobs@cochrane.co>; Chante Miller <CMiller@cochrane.co>; Chantell Naidu <cnaidu@cochrane.co>; Chantell Wolfaardt <cwolfaardt@cochrane.co>; Cheree Snyman <csnyman@cochrane.co>; Cherese Calitz <ccalitz@cochrane.co>; Cindy Kleynhans <ckleynhans@cochrane.co>; Clinton Henning <chenning@cochrane.co>; Corne Smit <csmit@cochrane.co>; Cornie Foord <cfoord@cochrane.co>; Danie Du Preez <DDuPreez@cochrane.co>; Daryl Botha <dbotha@cochrane.co>; David Dodds <ddodds@cochrane.co>; David Viviers <dviviers@cochrane.co>; Dawid Roos <droos@cochrane.co>; Debbie Jacobs <djacobs@cochrane.co>; Dedre Manders <dmanders@cochrane.co>; Denise Loots <dloots@cochrane.co>; Deon Labuschagne <dlabuschagne@cochrane.co>; Deon Slyper <dslyper@cochrane.co>; Devyn Lottering <dlottering@cochrane.co>; Donne Steenkamp <dsteenkamp@cochrane.co>; Durant Els <dels@cochrane.co>; Eddie Mostert <emostert@cochrane.co>; Edward Leonard <eleonard@cochrane.co>; Elviira Harley <eharley@cochrane.co>; Emmerentia Germishuizen <egermishuizen@cochrane.co>; Emsie Banister

1

EXHIBIT
X

<ebanister@cochrane.co>; [...] <[...]@cochrane.co>; Erika Vorster
<evorster@cochrane.co>; Ernst Veldsman <eveldsman@cochrane.co>; FJ Schmidt
<fjschmidt@cochrane.co>; Francois Bester <fbester@cochrane.co>; Francois van der Vyver
<fvdvyver@cochrane.co>; Frik Du Toit <fdutoit@cochrane.co>; Gavin Endrulenas
<gendrulenas@cochrane.co>; Genevieve Koekemoer <gkoekemoer@cochrane.co>; George Cronk
<gcronk@cochrane.co>; George Killian <gkillian@cochrane.co>; Geraldine Benadie
<gbenadie@cochrane.co>; Gerbrand O'Kelly <gokelly@cochrane.co>; Gerhard Janse van Vuuren
<gjvvuuren@cochrane.co>; Gerhard van Blerk <gvblerk@cochrane.co>; ==Ginno Musson==
<gmusson@cochrane.co>; Graham Hook <ghook@cochrane.co>; Hagar Van Eck
<hvaneck@cochrane.co>; Hannes de Jager <hdejager@cochrane.co>; Henk Malan
<hmalan@cochrane.co>; Hermann Mellet <hmellet@cochrane.co>; Ian Brown <ibrown@cochrane.co>;
Ishai Klawansky <IKlawansky@cochrane.co>; Jaco van der Westhuizen <jvdwesthuizen@cochrane.co>;
Jacqueline Duvenage <jduvenage@cochrane.co>; Jacques du Bois <jdubois@cochrane.co>; Jacques du
Toit <jacquesdt@cochrane.co>; ==Jacques Keet <jkeet@cochrane.co>==; Jako Loots <jloots@cochrane.co>;
James Pope <jpope@cochrane.co>; Janika Horn <jhorn@cochrane.co>; Janna-Cherie Tolmay
<jtolmay@cochrane.co>; Jason Boutelje <jboutelje@cochrane.co>; Jason Jardine
<jjardine@cochrane.co>; Jason McLaren <jmclaren@cochrane.co>; Jeanette van den Heever
<jvdheever@cochrane.co>; Jennifer Prinsloo <jprinsloo@cochrane.co>; Johan Slabbert
<jslabbert@cochrane.co>; Johann Botha <jbotha@cochrane.co>; Johanna Figueira
<jfigueira@cochrane.co>; Jolene de Lange <jdelange@cochrane.co>; Jonathan Fagan
<jfagan@cochrane.co>; Jonathan Mukenge <jmukenge@cochrane.co>; JP Kichenbrand
<jpkichenbrand@cochrane.co>; Juan Trytsman <jtrytsman@cochrane.co>; Juanette Nieman
<jnieman@cochrane.co>; Justin Marais <jmarais@cochrane.co>; Karl Hinteregger <karlh@cochrane.co>;
Keegan Kemp <kkemp@cochrane.co>; Kelly Griffiths <kgriffiths@cochrane.co>; Kippie Ncube
<kncube@cochrane.co>; Konrad Kowalczyk <kkowalczyk@cochrane.co>; Kriska Venter
<kventer@cochrane.co>; Kyla Albrecht <kalbrecht@cochrane.co>; Kyle Haines <khaines@cochrane.co>;
Kyle van Huyssteen <kvhuyssteen@cochrane.co>; Kylie Van Staden <kvanstaden@cochrane.co>; Laurika
Basson <lbasson@cochrane.co>; Leandie Aucamp <LAucamp@cochrane.co>; Leanne Toland
<ltoland@cochrane.co>; Lee Jackson <ljackson@cochrane.co>; Lee-Ann Page <lpage@cochrane.co>;
Liezel <lvzyl@cochrane.co>; Liezel Lubbe <llubbe@cochrane.co>; Lindie Fourie <lfourie@cochrane.co>;
Lin-Marie van Heerden <lmvheerden@cochrane.co>; Lisa-Mari Jacobs <lmjacobs@cochrane.co>;
Llewellen Meintjes <lmeintjes@cochrane.co>; Llewellyn Lubbe <llewellynl@cochrane.co>; Lotus
Ramutsindela <lRamutsindela@cochrane.co>; Louis Noordman <lnoordman@cochrane.co>; Louise de
Wit <ldewit@cochrane.co>; Louwrens Erasmus <lerasmus@cochrane.co>; Ludwig Herrmannsen
<lherrmannsen@cochrane.co>; Machel Diedericks <mdiedericks@cochrane.co>; Mariska Lewis
<mlewis@cochrane.co>; Mariza Meuwesen <mmeuwesen@cochrane.co>; Mark Macdonald
<mmacdonald@cochrane.co>; Marna van der Merwe <marnavdm@cochrane.co>; Marthie Smith
<MarthaS@cochrane.co>; Martin Lamprecht <mlamprecht@cochrane.co>; Maryna Leslie
<mLeslie@cochrane.co>; Matthew Sanan <msanan@cochrane.co>; Max Heinzelmann
<mheinzelmann@cochrane.co>; Maylene Van der Walt <mvdwalt@cochrane.co>; Megan Oelofse
<moelofse@cochrane.co>; Melissa Francke-Cilliers <mcilliers@cochrane.co>; Mellision Du Toit
<mellisiondt@cochrane.co>; Mia Bezuidenhout <mbezuidenhout@cochrane.co>; Michael Cioffi
<mcioffi@cochrane.co>; ==Michael Pole <mpole@cochraneusa.com>==; Michael Slabbert
<mslabbert@cochrane.co>; Michael Wilson <mwilson@cochrane.co>; Michel Marchand
<michelm@cochrane.co>; Michele Harrison <mharrison@cochrane.co>; Michelle Du Toit
<[...]@cochrane.co>; Mololekeng Khasu <mkhasu@cochrane.co>; Monique Prinsloo
<[...]@cochrane.co>; Monique van der Merwe <mvdmerwe@cochrane.co>; Monique van
Baarsveldt <mvbaarsveldt@cochrane.co>; Morne Frampton <mframpton@cochrane.co>; ==Mychail van==
==Vyk== <mvanwyk@cochrane.co>; Nadav Fishbein <nfishbein@cochrane.co>; Naledi Maxakato
<[...]@cochrane.co>; Nastassja Els <[...]els@cochrane.co>; Natanja Pinheiro
<npinheiro@cochrane.co>; Natasha Fasey <NFasey@cochrane.co>; Natasha Heymans
<nheymans@cochrane.co>; Natasha Koen <nkoen@cochrane.co>; Nicholas Cooper

2

<ncooper@cochrane.co>; Nnamdi Mynhardt <nmynhardt@cochrane.co>; Nico du Plessis <nduplessis@cochrane.co>; Nico Jooste <njooste@cochrane.co>; Nicole Lange <NLange@cochrane.co>; Nicole Warner <nwarner@cochrane.co>; Nicolene Meyer <nfriedrich@cochrane.co>; Nicolette Charalambous <ncharalambous@cochrane.co>; Nikita Zimmerman <nzimmerman@cochrane.co>; Nkosana Kunene <nkunene@cochrane.co>; Noa Tabenkin <ntabenkin@cochrane.co>; Odette de Waal <odewaal@cochrane.co>; Olandi Van Schalkwyk <ovschalkwyk@cochrane.co>; Ongeziwe Gwiliza <OGwiliza@cochrane.co>; Page Ryno <pryno@cochrane.co>; Paul Nhlapho <pnhlapho@cochrane.co>; Peter Brown <pbrown@cochrane.co>; Peter Nasser <pnasser@cochrane.co>; Peter Strydom <pstrydom@cochrane.co>; Petrus Barwise <pbarwise@cochrane.co>; Phakamile Ngcobo <pngcobo@cochrane.co>; Pieter Kruger <pkruger@cochrane.co>; Priscilla Atkins <patkins@cochrane.co>; Quentin Kruger <qkruger@cochrane.co>; Raul Perez <rperez@cochrane.co>; Raymond Opperman <ROpperman@cochrane.co>; Reuben Edelstein <redelstein@cochrane.co>; Reut Gutman <Rgutman@cochrane.co>; Ricardo Machado <ricardom@cochrane.co>; Rider Mtshwene <rmtshwene@cochrane.co>; Rika-Amor Durandt <RDurandt@cochrane.co>; Robert Pole <rpole@cochrane.co>; Rochelle Pitzer <rpitzer@cochrane.co>; Rohann Jordaan (Galvanising) <rjordaan@cochrane.co>; Ross Langman <rlangman@cochrane.co>; Ryan Kalin <rkalin@cochrane.co>; Ryno Van Den Berg <rvdberg@cochrane.co>; Salome Le Roux <sleroux@cochrane.co>; Samuel Brewis <sbrewis@cochrane.co>; Sarel Pretorius <sarelp@cochrane.co>; Scott Nightingale <snightingale@cochrane.co>; Sean Pretorius <spretorius@cochrane.co>; Shane Skinner <sskinner@cochrane.co>; Shannon Jenvey <sjenvey@cochrane.co>; Sheree Esterhuizen <sesterhuizen@cochrane.co>; Sheree Mynhardt <smynhardt@cochrane.co>; Shinell van de Vyver <svdvyver@cochrane.co>; Simon Farthing <SFarthing@cochrane.co>; Simone Brummer <sbrummer@cochrane.co>; Skye Castlemaine <scastlemaine@cochrane.co>; Skyeler van den Berg <svdberg@cochrane.co>; Sorel Verwey <sverwey@cochrane.co>; Stas Matochkin <smatochkin@cochrane.co>; Stephan Gintner <Sgintner@cochrane.co>; Stephanie Geral <sgeral@cochrane.co>; Storm Bresler <SBresler@cochrane.co>; Storm Walker <swalker@cochrane.co>; Suzanne Jordaan <sjordaan@cochrane.co>; Tahlita Stebbing <tstebbing@cochrane.co>; Tanya Van Aswegen <tvaswegen@cochrane.co>; Tertia de Klerk <tdeklerk@cochrane.co>; Thandazile Khumalo <tkhumalo@cochrane.co>; Thomas Kamba <tkamba@cochrane.co>; Thomas van Zyl <tvanzyl@cochrane.co>; Tina Millar <tmillar@cochrane.co>; Tomer Haim Braun <tbraun@cochrane.co>; Tony Mtshwene <tonym@cochrane.co>; Tyrone Rodrigues <trodrigues@cochrane.co>; Ulrich Schoeman <uschoeman@cochrane.co>; Unathi Soga <USoga@cochrane.co>; Valentina Vaintraub <VVaintraub@cochrane.co>; Vicky Reyneke <vreyneke@cochrane.co>; Wendy Johr <wjohr@cochrane.co>; Wiehann Wehmeyer <wwehmeyer@cochrane.co>; Wikus van Loggerenberg <wvloggerenberg@cochrane.co>; Yolandi Gietl <ygietl@cochrane.co>; Yolandi van Ryneveld <yvryneveld@cochrane.co>; Ziningi Mothae <zmothae@cochrane.co>; Ahmed Baher <abaher@cochrane.co>; Akona Godlwana <agodlwana@cochrane.co>; Alan Pugh <apugh@cochrane.co>; Alfred Mushangwe <amushangwe@cochrane.co>; Alicia Els <aels@cochrane.co>; Alistair Haines <alistair.haines@cochrane.co>; Ari Goldstein <agoldstein@cochrane.co>; Armant Goldswain <agoldswain@cochrane.co>; Asaf Guter <aguter@cochrane.co>; Asi Lebovitz <alebovitz@cochrane.co>; Aviv Gabay <agabay@cochrane.co>; Ayomide Akanbi <aakanbi@cochrane.co>; Clifford Paterson <cpaterson@cochrane.co>; Daniel Burnstein <dburnstein@cochrane.co>; Darren Noche <dnoche@cochrane.co>; George Momanyi <gmomanyi@cochrane.co>; Gerhard Janse van Vuuren <gjvvuuren@cochrane.co>; Goncalo Bile <gbile@cochrane.co>; Herman Fick <hfick@cochrane.co>; Jacobus Opperman <jopperman@cochrane.co>; Jean van Dyk <jvdyk@cochrane.co>; Jeff Shanks <jshanks@cochrane.co>; Jonathan Mishoe <jmishoe@cochraneusa.com>; Joseph Tasa <jtasa@cochrane.co>; Josh Halbert <jhalbert@cochrane.co>; JP Kichenbrand <jp.kichenbrand@cochrane.co>; Kent Redl <kredl@cochrane.co>; Klil Shafrir <kshafrir@cochrane.co>; Kyle Cave <kcave@cochrane.co>; Llewellen Meintjes <lmeintjes@cochrane.co>; Llewellyn Lubbe <llewellynl@cochrane.co>; Louis Noordman <lnoordman@cochrane.co>; Lusio Filiba <lfiliba@cochrane.co>; Matan Pezaro <mpezaro@cochrane.co>; Matthew Sillitoe <msillitoe@cochrane.co>; Michael La Gassey

<mlgassey@cochrane.co>; <mlgassey@cochrane.co>; Michael Smith <michaels@cochrane.co>;
Nadav Fishbein <nfishbein@cochrane.co>; Neo Chabaesele <neo@cochrane.co>; Nico du Plessis
<nduplessis@cochrane.co>; Noa Tabenkin <ntabenkin@cochrane.co>; Ofer Hollinger
<ohollinger@cochrane.co>; Oliver Ugwa <ougwa@cochrane.co>; Opeyemi Bello <obello@cochrane.co>;
Owen Nkosi <bnkosi@cochrane.co>; Peter Nasser <pnasser@cochrane.co>; Richard Rex
<rrex@cochrane.co>; Ruan Vorster <rvorster@cochrane.co>; Ryan Kalin <rkalin@cochrane.co>; Shai
Seleck <sseleck@cochrane.co>; Siebies Sieberhagen <siebies@cochrane.co>; Solomzi Gamakulu
<sgamakulu@cochrane.co>; Thomas Kamba <tkamba@cochrane.co>; Vlado Bucarizza
<vbucarizza@cochrane.co>; Wessel Theron <wtheron@cochrane.co>; William Tharp
<wtharp@cochrane.co>; Zeev Bandit <zbandit@cochrane.co>; Ziningi Mothae <zmothae@cochrane.co>
Cc: Lex Cochrane <lcochrane@cochrane.co>; Doug Cochrane <dcochrane@cochrane.co>; Jen L.
Cochrane <jlcochrane@cochrane.co>; Jako Loots <jloots@cochrane.co>; Tomer Haim Braun
<tbraun@cochrane.co>
Subject: Memo 0286 // Leave Protocol 2017
Importance: High

<image002.jpg>

CC: LL/THB/LC/DCC/JLC/RBC/JL

FROM: Mr Lex Cochrane

DATE: 17 Jan 2017

RE: LEAVE PROTOCOL 2017

LL.0286

Dear Employees,

Please take note of the protocol for Ordinary Leave.

## LEAVE PROTOCOL FOR 2017:

You will be required to submit all leave requests for 2017 before the end of January (31 January 2017).

You are allowed to hold 3 'floating days' for the year to use when you need.

Please plan your holidays ahead and submit your leave requests to your manager for approval.

Managers, once you have reviewed your department's leave, please submit to Cochrane Leave.

Please note, this needs to be in by 31 January 2017.

A senior member of your department will need to be present throughout the holiday periods.

4

**Ordinary Leave Approvals:**

- Please submit your leave request electronically to your manager.
- Once your manager has approved, please submit to Cochrane Leave.
- Please note, final approval will come from Senior Management.
- Once approved, your leave will be loaded to your calendar.
- Please note, if you have not received approval you are not allowed to take leave. It
- will be your responsibility to follow up.

Please note, any violations of this protocol may subject you to disciplinary action.

**Ordinary Leave Protocol:**

- The maximum amount of leave to be taken as one continuous period is 8 days (10 days
- including a weekend)
- Each employee has a maximum of 15 days leave per year.
- 5 days mandatory leave to be taken in December.
- *Please note that not more than 10 working days taken together will be allowed during*
- *the December period.*
- Two employees in the same department cannot take leave over the same period.

Please note, any violations of this protocol may subject you to disciplinary action.

**Sick Leave Protocol:**

- It is your responsibility to let Liezel Lubbe know when you will be absent from work or if you will be leaving the office earlier.
- You can correspond through e-mail or text messages, but it is your responsibility to make sure she is aware that you will be off sick.
- Please note, it is compulsory to hand in a sick note when you are sick the day before or after a weekend.
- Sick notes are compulsory after being absent for 2 or more consecutive days.
- It is your responsibility to hand in the relevant sick note when you return to the office.

Please note, any violations of this protocol may subject you to disciplinary action.

Please confirm you received this memo by responding with a formal response i.e

"read, understood, will implement", and will be kept on record.

The information contained in this communication is private and confidential and may be legally privileged. It is intended solely for the use of the individual or entity to whom we have addressed the communication and others authorized by us to receive it. The unauthorized use, disclosure,

5

copying or alteration of this message is strictly forbidden. If you are not the intended recipient of
the communication, you must: (1) notify the sender of the communication immediately by return
e-mail, facsimile or telephone and delete the communication from your system; (2) refrain from
printing, copying, forwarding, disclosing or causing the disclosure of information contained in
the communication to any other person; and (3) refrain from reading, storing, using or selling the
communication, or incorporating any of the information contained in the communication into
any database or mailing list for whatever reason, including for purposes of spamming or
marketing.

The information contained in this communication is private and confidential and may be legally
privileged. It is intended solely for the use of the individual or entity to whom we have addressed the
communication and others authorized by us to receive it. The unauthorized use, disclosure, copying or
alteration of this message is strictly forbidden. If you are not the intended recipient of the
communication, you must: (1) notify the sender of the communication immediately by return e-mail,
facsimile or telephone and delete the communication from your system; (2) refrain from printing,
copying, forwarding, disclosing or causing the disclosure of information contained in the communication
to any other person; and (3) refrain from reading, storing, using or selling the communication, or
incorporating any of the information contained in the communication into any database or mailing list
for whatever reason, including for purposes of spamming or marketing.

The information contained in this communication is private and confidential and may be legally privileged. It is
intended solely for the use of the individual or entity to whom we have addressed the communication and others
authorized by us to receive it. The unauthorized use, disclosure, copying or alteration of this message is strictly
forbidden. If you are not the intended recipient of the communication, you must: (1) notify the sender of the
communication immediately by return e-mail, facsimile or telephone and delete the communication from your system;
(2) refrain from printing, copying, forwarding, disclosing or causing the disclosure of information contained in the
communication to any other person; and (3) refrain from reading, storing, using or selling the communication, or
incorporating any of the information contained in the communication into any database or mailing list for whatever
reason, including for purposes of spamming or marketing.

# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

**LOUIS FILIBA**

     **Plaintiff,**

**v.**

         **Civil Action No. 1:18-cv-01428-EGS-RMM**

**COCHRANE USA, INC., et al**

     **Defendants.**

## PROPOSED ORDER

UPON CONSIDERATION OF the Plaintiff's Motion for Leave to File a Supplemental Memorandum in Support of Plaintiff's Opposition to Defendant Cochrane Industries UK Ltd's Motion To Dismiss, Plaintiff's Supplemental Memorandum, and the accompanying Exhibit (No.1), it is by this Court, this _____ day of 2018, hereby

ORDERED that Plaintiff's Motion for Leave to File a Supplemental Memorandum in Support of Plaintiff's Opposition to Defendant Cochrane Industries UK Ltd's Motion To Dismiss is GRANTED.

    and it is further

ORDERED that Plaintiff's Opposition to Defendant Cochrane Industries UK Ltd's Motion To Dismiss is supplemented as requested by Plaintiff.

                    _____
                    HON. ROBIN M. MERIWEATHER
                    UNITED STATES DISTRICT COURT MAG. JUDGE