David S. Musgrave, Esquire
Bar No. 382428
**Gordon Feinblatt LLC**
1001 Fleet Street, Suite 700
Baltimore, Maryland 21202
(410) 576-4194
dmusgrave@gfrlaw.com
*Attorney for State of Maryland*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re: | * | |
| ENOVATIONAL CORP., | * | Case No. 22-00055-ELG |
| Debtor. | * | (Chapter 11) |

* * * * * * * * * * * * *

| | | |
|---|---|---|
| ENOVATIONAL CORP., | * | Adv. Pro. 22-10014-ELG |
| Plaintiff, | * | |
| v. | * | |
| THE STATE OF MARYLAND, | * | |
| Defendant. | * | |

* * * * * * * * * * * * *

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO SUPPLEMENT**
**OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant, the State of Maryland (the "State"), submits this Reply to Enovational's opposition [ECF No. 85] and in further support of its Motion for Leave to File Supplement to Opposition to Motion for Partial Summary Judgment [ECF No. 80] (the "Motion").

**1. The State's Motion is Supported by the Federal Rules and Case Law**

Despite Enovational's protestations to the contrary, both Federal Rule of Civil Procedure 56(e) and federal case law support the State's Motion. For example, in *Colonial Chevrolet Co., Inc. v. United States*, 139 Fed.Cl. 599 (2018), plaintiffs moved to supplement their opposition to the United States' motion for summary judgment with additional evidence in the form of (1) a new expert report, (2) deposition testimony, and (3) several documents that existed before the dispositive motion was filed and opposed. *Id.* at 604-05. Plaintiffs argued that, pursuant to Rule 56(e), the court had discretion to "give an opportunity to properly support or address the facts." *Id.* at 605 (quoting Rule 56(e)). Plaintiffs further argued that "the court should allow for the supplementation of the summary judgment record pursuant to Rule 56(e) to ensure that the court has all the facts before it rules on the government's motion for summary judgment." *Id.* (*citing In re Louisiana Crawfish Producers*, 852 F.3d 456, 468 (5th Cir. 2017) (noting that courts should consider "the need to render just decisions on the basis of *all* the facts." (emphasis in original))). The *Colonial* Court agreed, ruling that "it is in the interest of justice to consider the new evidence submitted by plaintiffs before ruling on summary judgment". *Id.* The *Colonial* Court concluded that it was not until it received the plaintiffs' additional evidence that it "now has … an evidentiary record [sufficient] to rule on the government's summary judgment motion." *Id.*

Similarly here, the Court will not have all of the evidence relevant to the disposition of Enovational's Motion for Partial Summary Judgment unless it considers the evidence the State has presented in its Motion for leave to supplement its opposition. Accordingly, the Motion should be granted.

**2. The Motion to Supplement is Timely.**

Discovery in this case remains open, the bulk of depositions have not yet been taken, the State's Motion to Compel Discovery [ECF No. 56] is pending which should result in the

production by Enovational of additional documents, and further information will continue to be learned by both parties. Nonetheless, Enovational argues that the State's Motion is untimely. Not so. Federal courts have denied summary judgment motions because, for instance, the moving party "moved for summary judgment while nearly three months of fact discovery remained." *Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523, 532 (N.D. Cal. 2012). In *Ries*, the court, in denying summary judgment, also recognized "the fact-intensive nature of the determination as to whether plaintiffs are entitled to restitution." *Id*. Similarly, in this case, not only is there substantial discovery yet to be taken, but determination of Enovational's right to the damages it seeks is "fact-intensive."

Federal courts have also recognized that a motion to supplement the summary judgment record is untimely when filed after the close of discovery, but not before. *See Garcia v. Newtown Twp.*, 483 F. App'x 697, 705 (3d Cir. 2012) (citing *DeLong Corp. v. Raymond Int'l, Inc.,* 622 F.2d 1135, 1140 n. 5 (3d Cir.1980) (*reversed on other grounds*)) (noting that the Third Circuit has found "no abuse of discretion when a district court refused a litigant's request to supplement the record because it was untimely - *i.e.,* after the close of discovery and after the filing of dispositive motions."); *Edwards v. Pennsylvania Tpk. Comm'n*, 80 F. App'x 261, 265 (3d Cir. 2003) ("The district court denied Edwards' motion to supplement the summary judgment record, which was made more than five months after discovery had closed.").

Considering that discovery in this case is ongoing, and the fact-intensive nature of the disputes between the parties, Enovational's argument is without merit.

**3. Enovational Mischaracterizes the Motion as the State's "Second Supplement".**

In its Opposition, Enovational repeatedly claims that the State's request constitutes a "second supplement" to its filing, going so far as to claim that Enovational "did not object" to the first supplement. *See* ECF No. 85 at pp. 2, 6. This claim lacks any merit. As Enovational well

3

knows, the parties *jointly stipulated* that, at the March 14, 2024 hearing on Plaintiff's Motion for Partial Summary Judgment, "counsel for *Plaintiff* raised an issue that neither party had briefed[.]" ECF No. 69 at ¶ 3 (emphasis added). Thereafter, "counsel for *Plaintiff* requested, and the Court granted, authorization for the parties to submit supplemental briefs as to the previously-unbriefed issue." *Id.* at ¶ 7 (emphasis added). Through the joint stipulation, the State consented to Enovational's request for supplemental briefing. *See generally*, *id.* For Enovational to now use its own request for supplemental briefing against the State is disingenuous and should not factor into the Court's decision.

Dated: April 1, 2025    /s/ *David S. Musgrave*
David S. Musgrave (Bar No. 382428)
Gordon Feinblatt LLC
1001 Fleet Street, Suite 700
Baltimore, Maryland 21202
(410) 576-4194
dmusgrave@gfrlaw.com

*Counsel for the State of Maryland*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of April, 2025, a copy of the foregoing was served on all counsel of record through the Court's electronic filing system.

/s/ *David S. Musgrave*
David S. Musgrave