David S. Musgrave, Esquire
Bar No. 382428
**Gordon Feinblatt LLC**
1001 Fleet Street, Suite 700
Baltimore, Maryland 21202
(410) 576-4194
dmusgrave@gfrlaw.com
*Attorney for State of Maryland*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | * | |
| ENOVATIONAL CORP., | * | Case No. 22-00055-ELG |
| Debtor. | * | (Chapter 11) |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| ENOVATIONAL CORP., | * | Adv. Pro. 22-10014-ELG |
| *Plaintiff*, | * | |
| v. | * | |
| THE STATE OF MARYLAND, | * | |
| *Defendant*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### THE STATE OF MARYLAND'S OPPOSITION TO PLAINTIFF'S
### MOTION TO ABANDON OR DESTROY BOOKS OR RECORDS

Defendant the State of Maryland (the "State") opposes Debtor/Plaintiff Enovational Corp.'s (the "Debtor" or "Enovational") Motion to Abandon or Destroy Books and Records (Dkt. No. 90), and in support thereof states as follows:

Enovational has had two-plus years to review the data in its possession, determine what is relevant to this litigation, and resolve its data storage issues by producing all relevant documents

1

to the State. Regrettably, Enovational has not taken any action to meet its discovery obligations and has, instead, pressured the State to do Enovational's work for it. Despite the State having an outstanding Motion to Compal Discovery before this Court that goes directly to the heart of the issues raised in Enovational's current motion, Enovational has now chosen to seek Court permission to even further shirk its discovery obligations by abandoning completely the documents under its control. This Court should not permit Enovational to take such license with federal court rules regarding document retention and production obligations.

Federal Rule 37(e), applicable by Bankruptcy Rule 7037, states:

> *Failure to Preserve Electronically Stored Information.* If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
>> (A) presume that the lost information was unfavorable to the party;
>>
>> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>>
>> (C) dismiss the action or enter a default judgment.

The Federal Rule clearly establishes that litigants have an obligation to preserve all data in their possession that may be relevant to the subject matter of the litigation and that failure to do so incurs serious consequences – including dismissal of a lawsuit.

Discovery has not concluded in this matter and, although there has not been recent activity in this case, issues surrounding Enovational's failure to meet its discovery obligations remain hotly contested. The State submitted a Motion to Compel Discovery from Enovational on March 14, 2024, which remains pending. (Dkt. No. 56). In that motion, the State demonstrates that counsel for Enovational initially *expressly* represented to the State that Enovational intended to produce further relevant documents. *Id.* at ¶ 2. Yet, Enovational never did so. As explained in the Motion to Compel:

> 17. Rather than produce the documents it is obligated to produce, Debtor has, on multiple occasions, proposed that Enovational produce to Maryland "the entirety of [Enovational's] emails and digital communication records." *See* Email from counsel for Enovational to Counsel for the State dated March 6, 2024, attached [to the Motion] as **Exhibit I**.
>
> 18. The State has refused to agree to this proposal on the basis that it is *Debtor's obligation* to identify and produce only those documents relevant to the case. *See* Fed. R. Civ. P. 26(b)(1); *see also In re Clinton*, 973 F.3d 106 (D.C. Cir. 2020) (quoting *Food Lion, Inc. v. United Food & Com. Workers Int'l Union, AFL-CIO-CLC*, 103 F.3d 1007, 1012 (D.C. Cir. 1997) for the proposition that "[n]o one would suggest that discovery should be allowed of information that has no conceivable bearing on the case.").

Debtor has steadfastly refused to do its due diligence by reviewing the documents in its possession, identifying those that are discoverable, and producing all such relevant, discoverable documents to the State. In its newest motion, Enovational again, after much delay, requests to pass the cost of document management and review onto the State (and Maryland taxpayers) by producing *all* of Enovational's records as kept in native form and requiring the State's attorneys to sift through such documents to separate the wheat from the chaff.

Counsel for Enovational has described these unreviewed records as "an enormous swath of data" that is "draining more than $10,000 a month" in cloud storage fees. (Dkt. 89 (AI Transcript

3

Notes of April 17, 2025 Hearing at p. 5, 20:51)). Had Enovational performed its due diligence two years ago, when the State made its original document requests, the many months of storage fees it has incurred could have been greatly reduced, if not avoided nearly entirely. The State has only asked Enovational to fulfill its discovery obligations. Enovational's refusal to do so is its own decision. The State should not now be put in the position to either (a) take on Enovational's financial discovery burdens or (b) suffer the prejudice of the loss of an "enormous swath of data" that Enovational has admitted contains discoverable information.

Further, in its motion, Enovational states that it has produced approximately 6,024 pages of records and Maryland has, in turn, produced 7,289 pages of records. Enovational argues that "[i]t is strongly suspected that these are the records on which the parties will rely when taking the Maryland Litigation to trial[.]" *Id.* at pp 2-3. This claim flatly ignores the argument raised by the State in its Motion to Compel that:

> 14. [t]roublingly, Debtor states in multiple instances throughout its written [discovery] Responses that, rather than meeting its legal obligation to produce "any nonprivileged matter that is relevant to any party's claim *or defense* and proportional to the needs of the case" pursuant to Fed. R. Civ. P. 26 (emphasis added), it has instead produced, and will continue to produce, only the documents in its possession that it "plans to rely upon in proving [the allegations it has made] through this case," (Responses to Request Nos. 15, 16, 17) or "may rely upon to prove entitlement to payment of [] invoices," (Responses to Request Nos. 18-31, 33-37, 39-49).
>
> 15. In other words, Debtor believes it may limit its production only to those documents that benefit its case, and not those that may benefit the State's defenses. This is *expressly* not the standard upon which documents must be produced, is facially self-serving, and is actively prejudicing the State.

(Dkt. 56 at ¶¶14-15). Enovational cannot, in fairness, admit that it has intentionally only produced documents that favor its position and then come to this Court and request that the remainder of the

4

documents it has not produced be abandoned or destroyed. The prejudice the State may suffer should Enovational's request be granted is clear.

Finally, the State has never taken the position that it owes Enovational nothing more than what has already been paid to Enovational for work performed on the State's behalf. This is not a matter of refuting liability entirely – it is a matter of determining how much is truly owed to Enovational by the State. For example, the State has always acknowledged, to Enovational's apparent approval,[1] that it owes $751,403.21 with regard to Invoice No. 601 (seeking $912,227.05), which was one of the four invoices analyzed in Plaintiff's Motion for Summary Judgment. (Dkt. No. 31, beginning at ¶ 43; Dkt. No. 52, p. 6 ("The State concedes that it owes Debtor the revised $751,403.21 but disputes that anything further is owed.")). Invoice No. 601 is only one of 27 before this Court for adjudication. After each invoice is analyzed, the State expects that it will pay Enovational a total seven-figure sum in compensation for its efforts. Accordingly, upon the resolution of this case, there will be funds sufficient to meet Enovational's litigation expenses – including its data retention costs (which the motion does not specify). Particularly considering Rule 37(e)'s mandate to preserve discoverable information, this Court should not permit Enovational to destroy the entirety of its document database solely due to cost concerns.

WHEREFORE, Defendant the State of Maryland requests that this Court deny Plaintiff/Debtor Enovational Corp.'s Motion to Abandon or Destroy Books and Records.

---

[1] At the April 16, 2025 hearing, counsel for Enovational stated that he had received a text message from his client during the hearing requesting to put on the record that Enovational would withdraw its claim for Invoice No. 601 if the State agreed to pay the amount it had previously conceded it owed. Enovational has not contacted the State since the hearing to further discuss settlement of that claim.

59387\148679\12244709.v3

| | |
|---|---|
| Dated: January 9, 2026 | */s/ David S. Musgrave*<br>David S. Musgrave (Bar No. 382428)<br>Gordon Feinblatt LLC<br>1001 Fleet Street, Suite 700<br>Baltimore, Maryland 21202<br>(410) 576-4194<br>dmusgrave@gfrlaw.com |

*Counsel for the State of Maryland*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of January, 2026, a copy of the foregoing was served on all counsel of record through the Court's electronic filing system.

*/s/ David S. Musgrave*
David S. Musgrave

6

59387\148679\12244709.v3